# EXHIBIT 1

**EXHIBIT 1**
**Page 1**

J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
Rebecca B. Horton, Esq. (SBN: 308052)
    horton@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>MILLERCOORS LLC,<br><br>    Defendant / Counterclaim Plaintiff. | Case No. 18-cv-0331-BEN-JMA<br><br>**PLAINTIFF STONE BREWING CO., LLC'S INTERROGATORIES, SET ONE, TO DEFENDANT MILLERCOORS LLC**<br><br>**Judge:** Hon. Roger T. Benitez<br><br>**Complaint filed:** February 12, 2018 |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Plaintiff Stone Brewing Co., LLC ("Stone") |
| **RESPONDING PARTY:** | Defendant MillerCoors LLC |
| **SET NUMBER:** | One (1) |

Pursuant to Federal Rule of Civil Procedure 33, Stone hereby demands that Defendant MillerCoors LLC answer under oath the interrogatories set forth below within the time permitted by law.

## DEFINITIONS

1. "Stone" as used in these requests shall mean to include collectively and individually, Stone Brewing Co., LLC, and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under their control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

2. "MillerCoors," "You" and "Your" shall mean to include collectively and individually, MillerCoors LLC, and any partners, employees, agents and representatives, consultants, attorneys or other persons acting under their control or behalf and includes, without limitation, any associated entity, including any predecessor, successor, affiliate, subsidiary or parent entity.

3. "Communication" or "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, telephone calls, emails (whether via company server or personal webmail or similar accounts), faxes, text messages (on work or personal phones), instant messages, social media messages, Skype or Voice over Internet Protocol messages, letters, notes, and voicemails.

4. "Concerning" includes supporting, referring to, relating to, alluding to, responding to, commenting on, reviewing any aspect of, discussing, describing, mentioning, analyzing, constituting, evidencing and/or pertaining to the subject of the request.

5. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including, but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including, but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Identify," when used with respect to a person (entity or individual) shall mean to provide that person's legal and business name(s), contact information, title, department and relationship to MillerCoors or this dispute, as applicable. When "identify" is used with respect to facts, actions, or tangible items, it shall mean to set forth in detail a description of those facts, actions, or tangible items, including the dates, location, and any persons necessary to provide detailed information concerning the relevant facts, actions, or tangible items.

7. "Electronic Media" shall mean to include any device or media capable of storing electronic, mechanical, magnetic, optical or electric records or

representations of any kind and includes, without limitation, computers, hard drives, computer files and programs, servers, cloud storage services, tapes, cassettes, disks, and recordings.

8. In the case of a person other than a natural person, "identify all persons" shall mean to state: its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer.

9. With respect to natural persons, "identify all persons" shall mean to state: the name of the person; the person's title or position; the person's current business address, including the name of the entity at which he or she works; if no business address is known, state the residential address.

10. "Identify all documents" shall mean: to state the Bates page number (i.e., the page number placed on documents by counsel for purposes of identification in responding to these requests) of any document produced by You to Stone in response to these requests; or for any document not produced by You to Stone, to state the date of the document, the type of document (e.g., email, letter, or memo), the creator of the document, and other information sufficient to reasonably describe the document.

11. "Related to" or "relating to" a subject extends to mentioning, referring to, discussing, describing, reflecting, evidencing, identifying, dealing with, consisting of, constituting, or in any way pertaining to the subject, in whole or in part.

12. The singular includes the plural and vice versa, except as the context may require otherwise; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request; the word "all" means

"any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

13. The "Keystone Rebrand" shall mean and include Your changes to the design of the Keystone Products, including cans, logos, packaging, trade dress, advertising and marketing collateral that were placed into the market in and around the Spring of 2017, including the new "*Keystone Light* Can Label Artwork," as set forth in Your Answer/Counterclaims at ¶ 4.

14. The "Keystone Brand" and "Keystone Products" shall mean and include the *Keystone Light*, *Keystone*, and/or *Keystone Ice* brands.

15. The "STONE Terms" shall mean and include MillerCoors' alleged use of the terms "STONE" and "STONES" to refer to its Keystone Products, as alleged in Your Answer/Counterclaims at ¶ 10.

## INSTRUCTIONS

1. Each response to these interrogatories must be as complete and straightforward as the information reasonably available to you, including the information and documents possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

2. If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

3. If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information and documents to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4. Your answers to these interrogatories must be verified, dated, and signed.

# INTERROGATORIES

**INTERROGATORY NO. 1**

Identify all persons, including each's name, title, and contact information by department, that had any involvement in the conceptualization, development, planning, design, approval and/or launch of the Keystone Rebrand.

**INTERROGATORY NO. 2**

Identify the person responsible for designing the artwork on the beer cans represented as part of the Keystone Rebrand process.

**INTERROGATORY NO. 3**

Identify all branding, marketing or consulting agencies that had any involvement in the conceptualization, development, planning, design, approval and/or launch of the Keystone Rebrand.

**INTERROGATORY NO. 4**

Identify each focus group, brand study, consumer survey, or other market analysis commissioned by you regarding the conceptualization, development, planning, design, approval and/or launch of the Keystone Rebrand.

**INTERROGATORY NO. 5**

Identify all distributors of the Keystone Brand, including each's name, location, and geographic territory, since January 2016 to the present.

**INTERROGATORY NO. 6**

Identify the first date (including month, day, and year) that MillerCoors ever used the word "STONE" separate from the word "KEY" on any beer can or bottle, including such use where the words are placed on different lines of text.

**INTERROGATORY NO. 7**

Identify each alleged form of use by MillerCoors of the STONE Terms in connection with the marketing of Keystone Products for each year from 1989 to present.

**INTERROGATORY NO. 8**

Identify each third party (including any employee of MolsonCoors) with whom MillerCoors has communicated regarding Stone from January 2016 to present.

**INTERROGATORY NO. 9**

Identify each third party (including any employee of MolsonCoors) with whom MillerCoors has communicated regarding this lawsuit from its inception to present.

**INTERROGATORY NO. 10**

Identify each communication (oral or written) between MillerCoors or its agents with any beer consumer or beer distributor regarding Stone or this lawsuit from January 2016 to present. In the event you direct Stone to the existence of written communications in your document production, please identify the applicable Bates numbers.

**INTERROGATORY NO. 11**

Identify each employee of your parent company, MolsonCoors, that was involved in or aware of the Keystone Rebrand, together with his or her role therein.

Dated: September 26, 2018                Respectfully Submitted,

                                         BRAUNHAGEY & BORDEN LLP

                                         By: s/ J. Noah Hagey
                                                J. Noah Hagey

                                         *Attorneys for Plaintiff*
                                         *Stone Brewing Co., LLC*