J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 276-1808

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>　　　Plaintiff / Counterclaim Defendant,<br><br>　　　　　v.<br><br>MILLERCOORS LLC,<br><br>　　　Defendant / Counterclaim Plaintiff. | Case No. 18-cv-0331-BEN-LL<br><br>**PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES**<br><br>District Judge: Hon. Roger T. Benitez<br>Magistrate Judge: Hon. Linda Lopez |

# INTRODUCTION

MillerCoors's Opposition continues with the same pattern of evasiveness that characterized its shifting responses to Stone's Interrogatories. While purporting to claim that it has disclosed all responsive communications and information, MillerCoors subtly and carefully qualifies that claim with the assertion that it has produced all "discoverable" communications. MillerCoors offers this qualification without any explanation as to what it has secretly decided is not "discoverable" or why. As a result, MillerCoors's assertions in its brief add nothing of substance to the shifting and non-committal language of its serial interrogatory responses, detailed in Stone's Motion. MillerCoors still has not represented that its responses to Stone's Interrogatories 8, 10, and 11 are complete. And MillerCoors improperly retains the right to update its responses as it sees fit, when it should be providing Stone with the identities of critical individuals at the outset of discovery. This is not appropriate, and the Court should order MillerCoors to make full responses to Interrogatories 8, 10, and 11.[1]

---

[1] Rather than devote its brief to the issue at hand, MillerCoors makes a series of collateral and inaccurate attacks on Stone. First, MillerCoors accuses Stone of delaying document discovery. *See* Opp. at 2 n.1. But Stone has produced more than twice as many pages as MillerCoors, which has yet to produce a single document from five critical custodians whose documents it expressly agreed to produce, including its head of marketing at the time of the rebrand. MillerCoors, not Stone, is responsible for serious document production delays.

Next, MillerCoors accuses Stone of supposedly taking "four weeks" (until February 25, 2019) to respond to MillerCoors's supposed "compromise" regarding six requests for improper and irrelevant discovery into Stone's ownership structure. Opp. at 3 n.2. On the contrary, Stone rejected the "compromise" within three days, on January 28, 2019, and proposed an alternative, which MillerCoors rejected. *See* Dkt. 82-1 at 10. MillerCoors then waited weeks to seek court intervention. As Stone stated on the call with the Court, while it vigorously disagreed with MillerCoors's characterization of the parties' meet-and-confer chronology on this issue, Stone was potentially willing to agree to MillerCoors's filing of a motion as part of a larger agreement regarding outstanding discovery issues. Unfortunately, MillerCoors appears to have used this as a "gotcha" opportunity. MillerCoors failed to engage in meaningful discussions, failed to get back to Stone as promised, and then waited until 4:30 PM on the due date of a potential motion for reconsideration to supply Stone with a draft "joint motion," which contained a host of tendentious mischaracterizations of the Parties' dealings, to which MillerCoors

**ARGUMENT**

## I.   THE COURT SHOULD ORDER A COMPLETE RESPONSE TO INTERROGATORIES 8 AND 10

MillerCoors's defense of its response to Interrogatories 8 and 10 is based on the notion that there are simply no communications regarding Stone Brewing.  But, tellingly, MillerCoors never says outright that there is no additional information that it could provide.  Instead, MillerCoors repeatedly hedges with qualifications and fudge words that are consistent with the withholding of communications regarding Stone.[2]

In its Opposition, MillerCoors states only that it has identified the "*discoverable* communications with third parties about Stone Brewing."  Opp. at 5 (emphasis added).  In other words, MillerCoors appears to have unilaterally and unjustifiably deemed its communications with third parties about Stone to be non-discoverable and withheld them from its interrogatory responses.  While MillerCoors does not say why some of these communications may not be discoverable, this may be a *sub rosa* return to the position in its first supplemental set of responses that there are no responsive "non-privileged communications."  Dkt. 81-2 at 5, 9.  MillerCoors abandoned that position during the Parties' call with the Clerk, during which it agreed to submit further supplemental responses, and MillerCoors makes no attempt to defend the merits of such a privilege claim now.  Nor could it have defended such a position – emails with third parties are not privileged, much less the identities of the parties to the communication as requested in the interrogatory.  Even privileged emails must be disclosed on a privilege log, not withheld as not "discoverable."  Yet, it appears that MillerCoors is withholding all of its Stone related emails pursuant to a unilateral and undisclosed claim of privilege.

---

must have known that Stone could never agree.  *See* Ex. 1.  Yet, based on this maneu-vering, MillerCoors now accuses Stone of being intransigent.  The opposite is true.

[2] MillerCoors insists that it was "never required to state that 'there were no non-responsive communications.'"  Opp. at 6 (quoting Mot. at 3).  While technically true, this takes advantage of an inadvertent double negative in Stone's motion.  MillerCoors's interrogatory responses and now its brief fail to assert categorically that it has disclosed all responsive communications.  The failure is telling.

PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL
INTERROGATORY RESPONSES

It is simply implausible that MillerCoors has a complete absence of emails regarding Stone Brewing – as MillerCoors would like the Court to believe (but is careful not to state unequivocally).  There is no question that MillerCoors knew of Stone and its trademark because the STONE® mark had been the basis for the PTO's rejection of MillerCoors's prior attempt to register "HOLD MY 'STONES".  Indeed, MillerCoors has sought discovery from Stone on the communications *between the Parties* regarding that episode and the Stone trademark.  *See* Ex. 2 at 3.  And MillerCoors's feedback to creative teams notes potential trademark concerns.  *See*, e.g., MILLERCOORS0041942 (marked confidential).  Meanwhile, MillerCoors's own in-house bloggers regularly write about Stone on MillerCoors's website, including prior to the litigation.  *See* Dkt. 31-2, Ex. 11.  While MillerCoors may wish that this were the case, it strains credulity to believe that no one at MillerCoors ever communicated with anyone about Stone.

Finally, MillerCoors asserts that "Stone Brewing has never articulated why these requests are relevant or what information Stone Brewing is truly attempting to discover."  Opp. at 1.  However, MillerCoors never objected to these interrogatories on relevance grounds.  *See* Dkt. 81-2 at 5, 8.  And Stone gave an extensive explanation of the relevance of the information it seeks in its motion, complete with controlling authority.  Mot. at 4-5.  In its Opposition, MillerCoors makes no attempt to respond.

MillerCoors should be required to give a complete and certain answer to Interrogatories 8 and 10 without fudging, incorporating other responses, or otherwise omitting communications that it has somehow decided are not "discoverable."  If MillerCoors has a privilege claim to make for pre-litigation communications, it must disclose the level of detail required on a privilege log.  MillerCoors should not be able to withhold key communications as supposedly privileged without saying why or how.

## II.    THE COURT SHOULD ORDER A COMPLETE RESPONSE TO INTERROGATORY 11

Stone's Interrogatory No. 11 asks MillerCoors to identify the Molson Coors personnel who were aware of the Rebrand.  This information is readily available to

PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES

1   MillerCoors – *i.e.*, by determining who at MillerCoors communicated with Molson

2   Coors about the Rebrand.  Despite promising to supplement its response multiple times,

3   MillerCoors has refused to provide this information.  In its Opposition, MillerCoors

4   doubles down on this refusal and, rather incredibly, asks the Court to believe that

5   Molson Coors learned of its own subsidiary's 2017 Keystone Rebrand through public

6   press reports.  None of these arguments is availing.

7        MillerCoors first points to a carefully-worded declaration by Molson Coors's in-

8   house attorney asserting that Molson Coors was not "involved" and "never evaluated or

9   approved" specific "packaging, marketing, or advertising" for Keystone.  *See* Opp. at 7.

10  But this does not answer the question.  Interrogatory 11 asks who at Molson Coors was

11  ***aware of*** the 2017 Rebrand.  MillerCoors does not – and apparently cannot – deny that

12  Molson Coors was informed of the plan, rationale, and expected results of the Rebrand.

13  Nor does the declaration *ever* deny that MillerCoors provided this information to

14  Molson Coors.  Thus, even accepting the Declaration's narrow denials at face value,

15  MillerCoors communicated with Molson Coors personnel regarding the Rebrand.  As

16  Stone demonstrated in its motion, those communications are likely to be among the

17  clearest and most significant statements on key issues related to the Rebrand.  Stone is

18  entitled to discover who at Molson Coors received this critical information.

19        Next, Molson Coors was admittedly aware of the Keystone Rebrand before its

20  public launch, given its statements in February 2017 previewing the Rebrand for

21  investors.  As detailed in Stone's Motion, MillerCoors originally denied that Molson

22  Coors had any knowledge of the Rebrand, only correcting its response after Stone

23  pointed out this inconsistency.  Mot. at 7.  MillerCoors's Opposition now seeks to

24  change the subject by implying that Molson Coors somehow learned about its own

25  subsidiary's rebrand of a major product line through public news reports, pointing to a

26  brief reference in a 26-page email news blast.  Opp. at 7.  Again, this does not answer

27  the question.  Stone's Interrogatory No. 11 does not ask whether Molson Coors read

28  about the Rebrand in the news.  It does not ask who prepared Molson Coors's SEC

PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL
INTERROGATORY RESPONSES

filings.  The interrogatory asks who at Molson Coors was aware of the 2017 Rebrand,
including through communications with MillerCoors.  Such information is readily
available to MillerCoors, which MillerCoors does not deny.

Finally, MillerCoors asserts that Stone should have enforced its third-party
subpoena to Molson Coors and sought production of documents from the parent
company *before* receiving a response to Interrogatory 11.  Opp. at 8.  But Molson Coors
– represented by the same attorneys who are counsel to MillerCoors – refused to provide
any documents on the grounds that "Stone Brewing has not demonstrated why it cannot
obtain the information from MillerCoors LLC, a party to this lawsuit."  *See* Ex. 3.

MillerCoors's argument only highlights the extreme gamesmanship at play in its
refusal to respond to Stone's Interrogatories.  First, MillerCoors refused to respond to
Stone's interrogatories seeking information related to Molson Coors.  Then, when Stone
served its subpoena on Molson Coors, the same attorneys told Stone to go back to
MillerCoors.  Now, those attorneys argue that Stone should not receive a response to
Interrogatory No. 11 because Stone did not obtain the information from Molson Coors.
In other words, MillerCoors will not respond because the information is available from
Molson Coors, and Molson Coors will not respond because the information is available
from MillerCoors.

The Court should not allow MillerCoors and Molson Coors to evade discovery in
this manner.  MillerCoors is the proper party to respond to Interrogatory 11 as a Party to
this litigation.  And under the case law cited in Stone's Motion, about which MillerCoors
has nothing to say, MillerCoors is obligated to provide discovery from Molson Coors, all
of which is available to their shared counsel.  Stone should not be required to pursue
third-party discovery in order to determine basic factual information in the possession of
a party to the action – particularly when this interrogatory has been pending through
three rounds of non-responses and MillerCoors's own counsel has stated that it is
prerequisite to third-party discovery of Molson Coors.  The Court should order
MillerCoors to provide a complete response to Interrogatory No. 11.

PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL
INTERROGATORY RESPONSES

1   Dated:  March 19, 2019                    Respectfully Submitted,

2                                             BRAUNHAGEY & BORDEN LLP

3
                                              By:  s/ Jeffrey M. Theodore
4                                                   Jeffrey M. Theodore

5                                             *Attorneys for Stone Brewing Co., LLC*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL
INTERROGATORY RESPONSES

**CERTIFICATE OF SERVICE**

I hereby certify that on this March 19, 2019, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

Dated: March 19, 2019

By:   s/ Jeffrey M. Theodore
Jeffrey M. Theodore

Case No. 18-cv-0331-BEN-LL
PLAINTIFF STONE BREWING CO., LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES