UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOLSON COORS BREWING COMPANY;<br>MILLERCOORS LLC; and<br>DOES 1 through 25,<br><br>Defendants. | Case No.: 18cv331-BEN-LL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES**<br><br>**[ECF No. 81]** |
| MILLERCOORS LLC,<br><br>Counter Claimant,<br><br>v.<br><br>STONE BREWING CO., LLC,<br><br>Counter Defendant. | |

Currently before the Court is Plaintiff's Motion to Compel responses to three Interrogatories [ECF No. 81 ("Mot.")], Defendant MillerCoors LLC's Opposition [ECF No. 82 ("Oppo.")], and Plaintiff's Reply [ECF No. 83 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

## RELEVANT PROCEDURAL HISTORY

On February 12, 2018, Plaintiff filed a complaint against Defendants alleging the following claims: (1) federal trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) trademark dilution, 15 U.S.C. § 1125(c); (4) trademark dilution, Cal. Bus & Prof. Code § 14247 et seq.; (5) unfair competition, Cal. Bus. & Prof. Code § 17200 et seq.; and (6) declaratory judgment, 28 U.S.C. §§ 2201-2202. ECF No. 1. Specifically, Plaintiff alleges that when Defendants rebranded their Keystone beers in April 2017 as "STONE" by formulating new cans, boxes, and logos to emphasize "STONE" as a primary mark, it deliberately infringed on Plaintiff's incontestable trademark STONE® in order "to not only diminish Stone's trademark rights but to capitalize upon STONE®'s artisanal reputation and image." Id. at 6, 11, 18.

On April 10, 2018, Defendant MillerCoors LLC (hereinafter "Defendant") filed an answer and counterclaims. ECF No. 19. The counterclaims allege the following claims: (1) declaratory judgment of Defendant's right to use STONE and STONES to advertise Keystone Beer; (2) declaratory judgment of unenforceability of the STONE mark against Defendant due to laches; (3) declaratory judgment of non-infringement; and (4) declaratory judgment of Defendant's exclusive right to use the Stone mark in the United States. Id. at 24-28.

On April 17, 2018, District Judge Roger T. Benitez issued an order granting the joint stipulated dismissal of Defendant Molson Coors Brewing Company. ECF No. 23. Molson Coors is a holding company and Defendant MillerCoors LLC is one of its direct subsidiaries. ECF No. 21-1 at 1.

## RELEVANT DISCOVERY AND FACTUAL BACKGROUND

On September 26, 2018, Plaintiff propounded Interrogatories, Set One, to Defendant, which included Interrogatories Nos. 1 through 11. ECF No. 81-1 (Mot., Exh. 1). On October 26, 2018, Defendant provided objections and responses. Mot. at 3; Oppo. at 3. The parties met and conferred regarding Interrogatories Nos. 8, 10 and 11, and

Defendant provided supplemental responses on February 19, 2019 and March 1, 2019. ECF No. 81-2 (Mot., Exh. 2) at 6-13; Oppo. at 5.

On February 27, 2019, counsel for Plaintiff and counsel for Defendant jointly contacted the Court after meet and confer efforts regarding discovery disputes failed. ECF No. 80. After a follow-up conference call on February 28, 2019, the Court issued a briefing schedule. Id. The parties timely filed the motion, opposition, and reply in accordance with the schedule. See Mot., Oppo., Reply.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement

of Rule 26. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

## DISCUSSION

Plaintiff seeks an order from the Court compelling Defendant to provide complete responses to Interrogatories ("ROGs") Nos. 8, 10, and 11. See Mot.

**A.    ROGs Nos. 8 and 10**

ROGs Nos. 8 and 10 requests the following:

> **INTERROGATORY NO. 8**: Identify each third party (including any employee of Molson Coors) with whom MillerCoors has communicated regarding Stone from January 2016 to present.
>
> **INTERROGATORY NO. 10**: Identify each communication (oral or written) between MillerCoors or its agents with any beer consumer or beer distributor regarding Stone or this lawsuit from January 2016 to present. In the event you direct Stone to the existence of written communications in your document production, please identify the applicable Bates numbers.

ECF No. 81-2 (Mot. at Exh. 2) at 6, 9.

Defendant responded initially and supplemented twice to each as follows:

> **RESPONSE TO INTERROGATORY NO. 8**: MillerCoors incorporates its General Objections and Responses herein. In addition to the foregoing

4

18cv331-BEN-LL

General Objections and Responses, MillerCoors specifically objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. MillerCoors further objects to this Interrogatory as duplicative of Interrogatories 9 and 10.

Subject to and without waiving any of the foregoing objections, MillerCoors responds that there are no such non-privileged communications, except as set forth in response to Interrogatory No. 10.

**SUPPLEMENTAL RESPONSE**: Without waiving any of the above objections, MillerCoors is providing additional information in response to this interrogatory as part of an agreement reached with Plaintiff during the meet-and-confer process.

Based on its investigation to date, MillerCoors is not aware of any non-privileged communications with individuals responsive to this Interrogatory, but MillerCoors is continuing to investigate and will supplement these responses as appropriate.

**SECOND SUPPLEMENTAL RESPONSE**: MillerCoors incorporates its General Objections, Responses and Supplemental Responses herein. Miller Coors further responds as follows: As drafted, this interrogatory seeks information regarding communications that are unrelated to the claims and defenses in this lawsuit, as well as privileged communications. MillerCoors' attempts to meet and confer to gain a further understanding as to the relevant information plaintiff seeks have not succeeded in narrowing the phrase "each third party," or the January 2016 to present time period, to focus on information that would be relevant to either party's claims or defenses. Nor have meet and confer attempts resulted in a narrowed interrogatory that is "proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1).

Nonetheless, MillerCoors supplements its previous Responses to this interrogatory by hereby incorporating its responses Interrogatory Nos. 9 and 10. MillerCoors reserves the right to supplement this response to provide additional responsive and relevant non-privileged information as discovery continues.

Id. at 6-7.

**RESPONSE TO INTERROGATORY NO. 10**: MillerCoors incorporates its General Objection and Responses herein. In addition to the foregoing General Objections and Responses, MillerCoors specifically objects to this

5

Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. MillerCoors further objects to this Interrogatory as duplicative of Interrogatories 8 and 9.

Subject to and without waiving any of the foregoing objections, MillerCoors responds that it was contacted by two distributors in September 2018 who informed MillerCoors of letters that Stone Brewing sent to certain distributors on approximately September 7, 2018. With the exception of this communication, MillerCoors responds that there have been no non-privileged communications responsive to this Interrogatory.

**SUPPLEMENTAL RESPONSE**: Without waiving any of the above objections, MillerCoors is providing additional information in response to this interrogatory as part of an agreement reached with Plaintiff during the meet-and-confer process.

Based on its investigation to date, MillerCoors is not aware of any non-privileged communications responsive to this Interrogatory, but MillerCoors is continuing to investigate and will supplement these responses as appropriate.

**SECOND SUPPLEMENTAL RESPONSE**: MillerCoors incorporates its General Objections, Responses, and Supplemental Responses herein. MillerCoors further responds as follows: As drafted, this interrogatory seeks information regarding communications that are unrelated to the claims and defenses in this lawsuit. MillerCoors' attempts to meet and confer to gain a further understanding as to the relevant information plaintiff seeks have not succeeded in narrowing the phrase "any beer consumer or beer distributor," or the January 2016 to present time period, to focus on information that would be relevant to either party's claims or defenses. Nor have meet and confer attempts resulted in a narrowed interrogatory that is "proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. Proc. 27(b)(1).

Nonetheless, MillerCoors supplements its previous Responses to this interrogatory by stating that, as Plaintiff is already aware given briefing to the Court and correspondence between the parties, the two distributors that contacted MillerCoors in September 2017 regarding Plaintiff's letters threatening litigation against them were Faust Distributing Company and Hartman Distributing Company.

MillerCoors further responds that on January 28, 2019, Plaintiff served subpoenas on the following of MillerCoors' Keystone Brand distributors:

Andrews Distributing Company of North Texas, LLC, Giglio Distributing Company, Inc., GG Distributing, LLC, Faust Distributing Co., Inc., Andrews Distributing Company, LLC, and Hartman Distributing Company. Faust Distributing Company contacted MillerCoors to inform it of the subpoenas. MillerCoors has had no discussions with any of these entities regarding their productions in response to the subpoenas. MillerCoors reserves the right to supplement this response as discovery continues.

Id. at 9-11.

In its Motion, Plaintiff argues that Defendant's responses are evasive, incomplete, and non-responsive because (1) Defendant has "refused to identify any third parties in response to ROG No. 8 and nothing other than the names of Stone subpoena recipients in response to ROG No. 10"; (2) Defendant has never purported to provide a complete list of third parties with whom it has communicated regarding Stone pursuant to ROG No. 8, nor the communications themselves pursuant to ROG No. 10; (3) Defendant's responses leave open the possibility that Defendant is withholding privileged communications without including them in a privilege log, or withholding communications with third parties improperly as privileged and not including them in a privilege log; (4) Defendant's responses are "demonstrably untrue and incomplete" because Defendant's expert report in its opposition to Plaintiff's motion for preliminary injunction and documents produced in discovery show Defendant "commissioned third-party market research from Nielsen regarding the movement of customers between Keystone and Stone Brewing's beers," but failed to identify Nielsen pursuant to ROG No. 8 or disclose communications with Nielsen; pursuant to ROG No. 10; and (5) Defendant improperly responds to ROG No. 8 by merely incorporating Defendant's responses to ROGs Nos. 9 and 10 because an answer to a ROG should be complete in itself without references, "at least where such references make it impossible to determine whether an adequate answer [has] been given without an elaborate comparison of answers." Mot. at 5-7.

In its Opposition, Defendant argues that (1) it has answered ROGs Nos. 8 and 10 by "identifying discoverable communications with third parties about Stone Brewing that it has been able to identify to date"; (2) Defendant's communications with Nielsen were

properly omitted per the parties' stipulation that post-litigation privileged communications do not need to be logged on a privilege log because the communications were "undertaken to assist MillerCoors' attorneys in the preparation of their defense of this case" and "are unquestionably protected as attorney-work product";[1] and (3) Defendant's response to ROG No. 8 appropriately incorporated its response to ROG No. 10 because "the information in its response to [ROG No. 10] is the only discoverable information of which MillerCoors is aware that is responsive to [ROG No. 8]" and its answer had not made "it impossible to determine whether an adequate answer [has] been given without an elaborate comparison of answers." Oppo. at 6-7.

In its Reply, Plaintiff argues that Defendant fails to provide a definitive response to ROGs Nos. 8 and 10 and is hedging by stating that it has identified the "*discoverable* communications with third parties about Stone Brewing." Reply at 3. Plaintiff contends that pre-litigation privileged communications must be disclosed on a privilege log and not withheld as not "discoverable." Id. at 3-4. Plaintiff argues that emails between Defendant and third parties about Plaintiff would be responsive to ROGs Nos. 8 and 10, and that it is "implausible that MillerCoors has a complete absence of emails regarding Stone Brewing – as MillerCoors would like the Court to believe (but is careful not to state unequivocally)" because (1) Plaintiff's STONE® mark had been the basis for the PTO's rejection of Defendant's prior attempt to register "HOLD MY 'STONES"; and (2) Defendant's in-house bloggers regularly write about Plaintiff on Defendant's website, including pre-litigation. Id.

Plaintiff's motion to compel complete responses to ROGs Nos. 8 and 10 are **GRANTED IN PART**. Defendant must clearly and unequivocally respond that it has provided a complete response to ROGs Nos. 8 and 10. If Defendant is withholding information from privileged pre-litigation communications, Defendant must include the

---

[1] Defendant also states that the Nielsen data was provided to Defendant's expert and was filed on the docket. Oppo. at 7; ECF No. 47 at 25.

requisite information in a privilege log so that Plaintiff may fairly consider the appropriateness of the privilege. The Court also finds the plain language of Federal Rule of Civil Procedure 33(b)(3) to be clear that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" and thus directs Defendant to answer accordingly, without incorporating by reference its answers to other ROGs. Plaintiff's motion is **DENIED** to the extent Plaintiff disagrees with the accuracy of Defendant's responses. Although Plaintiff provides reasonable arguments for doubting the absence of responsive emails, the Court cannot compel Defendant to provide "better" responses if Defendant stands by the accuracy of the responses. Nutrition Distribution LLC v. PEP Research, LLC, 16cv2328-WQH (BLM), 2018 WL 1245052, at *9 (S.D. Cal March 9, 2018). The Court notes that Defendant's responses to the ROGs do not contain a verification page. See ECF No. 81-2 (Mot. at Exh. 2). Defendant must sign and date its responses—and amended or supplemental responses— to the ROGs under penalty of perjury. See Fed. R. Civ. P. 33(b)(5).

**B.    ROG No. 11**

ROG No. 11 states the following:

> **INTERROGATORY NO. 11**: Identify each employee of your parent company, Molson Coors, that was involved in or aware of the Keystone Rebrand, together with his or her role therein.

ECF No. 81-2 (Mot. at Exh. 2) at 11.

Defendant responded initially and then supplemented twice as follows:

> **RESPONSE TO INTERROGATORY NO. 11**: MillerCoors incorporates its General Objections and Responses herein. In addition to the foregoing General Objections and Responses, MillerCoors specifically objects to this Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or protection. MillerCoors further objects to Plaintiff's mischaracterization of the refreshed 2017 Keystone campaign to the extent that it labels that campaign a "Rebrand." MillerCoors further objects to the phrases "each employee of your parent company" and "involved in or aware of" as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of documents relevant to either party's claims or defenses, and not "proportional to the needs of the case, considering the importance of the issues

9

at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1). MillerCoors further objects to this Interrogatory to the extent that it does not include temporal limits. For the purposes of responding to this Interrogatory, MillerCoors will assume that the Interrogatory is limited to knowledge of the 2017 refreshed Keystone campaign during the relevant time period of its development and implementation.

Subject to and without waiving any of the foregoing objections, MillerCoors responds that Molson Coors never evaluated or approved any Keystone brand packaging, marketing, or advertising. Molson Coors was not involved with any of the facts alleged in Plaintiff's Complaint. (*See* Declaration of Anne DeMarco in Support of Defendants' Motion to Dismiss Molson Coors Brewing Company for Lack of Personal Jurisdiction (Dkt. 21-1)).

**SUPPLEMENTAL RESPONSE**: Without waiving any of the above objections, MillerCoors is providing additional information in response to this interrogatory as part of an agreement reached with Plaintiff during the meet-and-confer process.

Based on its investigation to date, MillerCoors is not aware of any individual responsive to this Interrogatory, but MillerCoors is continuing to investigate and will supplement these responses as appropriate.

**SECOND SUPPLEMENTAL RESPONSE**: MillerCoors incorporates its General Objections, Responses, and Supplemental Responses herein. MillerCoors further responds as follows: As drafted, this interrogatory seeks information that is unrelated to the claims and defenses in this lawsuit and is potentially privileged. MillerCoors' attempts to meet and confer to gain a further understanding as to the relevant information plaintiff seeks have not resulted in a narrowed interrogatory that is "proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1).

Nonetheless, MillerCoors supplements its previous Responses to this interrogatory by stating that to the best of MillerCoors' knowledge and belief, Molson Coors issued a 10-K on February 14, 2017, which states: ". . . the *Keystone* family plans to unveil new packaging early this year . . . ." MillerCoors is unable to identify the specific Molson Coors employees who were involved with the preparation of Molson Coors' 10-K because that

information is held by Molson Coors, which is not a party to this case. Furthermore, the identity of Molson Coors employees who were involved in the preparation of Molson Coors' 10-K is irrelevant to the claims and defenses of the parties in this lawsuit and therefore the effort involved in determining additional information, even if possible and appropriate, outweighs any benefit it would have to this litigation. MillerCoors reserves the right to supplement this response as discovery continues.

ECF No. 81-2 (Mot. at Exh. 2) at 11-13.

In its Motion, Plaintiff argues that it is asking Defendant to identify employees of its parent company, Molson Coors, who were involved in or aware of the 2017 Keystone Rebrand because "[w]hat MillerCoors said and to whom about the 2017 Rebrand is highly relevant evidence of MillerCoors's purposes, intentions, and expectations in rebranding Keystone beer as STONE®." Mot. at 8. Plaintiff contends that Molson Coors's SEC filings publicly previewed the Keystone Rebrand prior to its launch, so "[s]omeone at MillerCoors reported to someone at the parent company in some detail regarding the Rebrand before it was launched," and these "communications are likely to reveal much about the development and intent of the 2017 Rebrand." Mot. at 9. Plaintiff argues that "a subsidiary is required to produce information in the possession of its parent when it can access that information." Id.

In its Opposition, Defendant argues that it has answered ROG No. 11 by stating that Molson Coors was not "involved" with updating the 2017 Keystone packaging and marketing and "never evaluated or approved any Keystone brand packing, marketing, or advertising." Oppo. at 8. Defendant further argues that before the filing of Molson Coors' 10-K report, Defendant had "publicly announced the same basic information at least four months earlier in October 2016." Id. Defendant thus objects to the relevance and burden of identifying all employees at another company who were "aware" of a public marketing campaign. Id. at 8-9. Defendant also argues that Plaintiff should have followed up with its subpoena to Molson Coors that sought, inter alia, this same information. Id. at 9. Molson Coors objected to the requests and invited Plaintiff to meet and confer, but Plaintiff "has

yet to contact Molson Coors," which Defendant argues "demonstrates that the information is not actually relevant" or critical. Id.

In its Reply, Plaintiff argues that ROG No. 11 asks who at Molson Coors was *aware of* the 2017 Keystone Rebrand, and that Defendant does not "deny that Molson Coors was informed of the plan, rationale, and expected results of the Rebrand," nor did Defendant deny providing this information to Molson Coors. Reply at 5. Plaintiff states its doubts that Molson Coors learned of its subsidiary's rebrand of a major product line through public news reports, but contends that even if that was the case, ROG No. 11 "asks who at Molson Coors was aware of the 2017 Rebrand, including through communications with MillerCoors." Id. at 5-6. Plaintiff also states that Defendant is the proper party to respond to ROG No. 11 because it is a party to the litigation and that Molson Coors refused to provide material to Plaintiff "on the grounds that '[Plaintiff] has not demonstrated why it cannot obtain the information from MillerCoors LLC, a party to this lawsuit.'" Id. at 6. Plaintiff contends that the information sought is readily available to Defendant by, for instance, "determining who at MillerCoors communicated with Molson Coors about the Rebrand." Id. at 5.

Plaintiff's motion to compel Defendant's response to ROG No. 11 is **GRANTED IN PART**. The Court finds the information sought—the identity of anyone at Defendant's parent company who was aware of Defendant's 2017 update of Keystone marketing and his/her role regarding it—is relevant to Plaintiff's claim of deliberate trademark infringement. See Plasticolor Molded Products v. Ford Motor Co., 698 F. Supp. 199, 201 (C.D. Cal 1988) (finding that the legal test for trademark infringement is likelihood of confusion and that although a showing of wrongful intent on the part of the alleged infringer is not required, "proof of such intent does, however, raise a presumption that confusion is likely" (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 157-58 (9th Cir. 1963)). However, the Court finds that Plaintiff's request is overbroad to the extent that it does not impose temporal limits. The Court agrees with Defendant's interpretation of the temporal limit as being the time period of the development and

implementation of the 2017 update, prior to the actual launch. Accordingly, the Court finds Defendant's response is insufficient; Defendant must answer by seeking and providing the requested information for the time period of the development and implementation of the 2017 update of Keystone marketing and packaging, prior to the update's launch.

## **CONCLUSION**

Plaintiff's motion to compel responses to ROGs Nos. 8, 10, and 11 is **GRANTED IN PART** and Defendant must supplement or amend its responses on or before **April 19, 2019**. Defendant must sign and date its interrogatory responses and any supplemental or amended responses on or before **April 19, 2019**.

**IT IS SO ORDERED**.

Dated: April 4, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge