UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>         Plaintiff,<br><br>v.<br><br>MOLSON COORS BREWING COMPANY;<br>MILLERCOORS LLC; and<br>DOES 1 through 25,<br><br>         Defendants.<br><br>MILLERCOORS LLC,<br><br>         Counter Claimant,<br><br>v.<br><br>STONE BREWING CO., LLC,<br><br>         Counter Defendant. | Case No.: 18cv331-BEN-LL<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION TO COMPEL**<br><br>**[ECF Nos. 114, 115]** |

  On May 6, 2019, counsel for the parties called the Court to discuss a discovery dispute regarding one issue raised by Plaintiff for the Court's intervention and one issue raised by Defendant for the Court's intervention. The Court issued a briefing schedule allowing the parties to file simultaneous letter briefs and responses in support of their

respective positions. ECF No. 112. The parties timely filed their letter briefs on May 8, 2019 [ECF Nos. 114 and 115], and responses thereto [ECF Nos. 118, 119]. On May 16, 2019, Defendant MillerCoors also filed a "Supplemental Letter Brief" in support of its Motion. ECF No. 121.

For the reasons set forth below, Plaintiff's motion [ECF No. 115] is **GRANTED IN PART** and Defendant's motion [ECF No. 114] is **DENIED.**

## **RELEVANT PROCEDURAL HISTORY**

On February 12, 2018, Plaintiff filed a complaint against Defendants alleging the following claims: (1) federal trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) trademark dilution, 15 U.S.C. § 1125(c); (4) trademark dilution, Cal. Bus & Prof. Code § 14247 et seq.; (5) unfair competition, Cal. Bus. & Prof. Code § 17200 et seq.; and (6) declaratory judgment, 28 U.S.C. §§ 2201-2202. ECF No. 1. Specifically, Plaintiff alleges that when Defendants rebranded their Keystone beers in April 2017 as "STONE" by formulating new cans, boxes, and logos to emphasize "STONE" as a primary mark, it deliberately infringed on Plaintiff's incontestable trademark STONE® in order "to not only diminish Stone's trademark rights but to capitalize upon STONE®'s artisanal reputation and image." Id. at 6, 11, 18.

On April 10, 2018, Defendant MillerCoors LLC (hereinafter "Defendant") filed an answer and counterclaims. ECF No. 19. The counterclaims allege the following claims: (1) declaratory judgment of Defendant's right to use STONE and STONES to advertise Keystone Beer; (2) declaratory judgment of unenforceability of the STONE mark against Defendant due to laches; (3) declaratory judgment of non-infringement; and (4) declaratory judgment of Defendant's exclusive right to use the Stone mark in the United States. Id. at 24-28.

On April 17, 2018, District Judge Roger T. Benitez issued an order granting the joint stipulated dismissal of Defendant Molson Coors Brewing Company. ECF No. 23. Molson Coors is a holding company and Defendant MillerCoors LLC is one of its direct subsidiaries. ECF No. 21-1 at 1.

# LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with

specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

## DISCUSSION

### A. Defendant's Motion to Compel the Contested Documents

#### 1. Summary of Parties' Respective Positions

Defendant requests that the Court compel Plaintiff to produce an email and an attachment (STONE00032533-34) (hereinafter "the contested documents"), which Stone Brewing inadvertently produced during discovery and then clawed back during the April 26, 2019 deposition of Stone's Executive Chairman, Greg Koch. Def.'s Mot. at 1; see also Pl.s' Oppo. at 1. Defendant contends that the contested documents are relevant (1) "to Stone Brewing's efforts to generate social media commentary about this lawsuit, which it could then attempt to use as evidence to support its claims;" and (2) to "demonstrate that Stone Brewing filed this lawsuit primarily as a marketing ploy to improve Stone Brewing's beer sales." Def.'s Mot. at 2. Defendant argues that "[t]he contested documents are not a communication seeking legal advice, or an attorney's legal advice in response." Id. at 3. Defendant further argues that "[t]he contested documents are a public relations plan created by a non-attorney Stone Brewing employee, Ms. Younkin" who "sent the plan to other non-attorneys for feedback." Id.

Plaintiff argues that the contested documents are not relevant to the extent MillerCoors seeks to "attack Stone's motives in filing this litigation." Pl.'s Oppo. at 2 (citing Hill v. MacMillan/McGraw-Hill Sch. Co., 164 F.3d 630 (9th Cir. 1998)). Plaintiff further argues that the contested documents are not relevant because MillerCoors already has Stone's public statements themselves and the internal communications plan is unnecessary to interpret any reactions to Stone's public statements. Pl.'s Oppo at 2.

4

Plaintiff further argues that "[a]s counsel for Stone explained on the record during the deposition of Greg Koch and as is attested to in the accompanying declaration of Noah Hagey, the communications plan was based on a draft document crated by Mr. Hagey, Stone's legal counsel in this litigation, as advice to Stone regarding the manner in which it should communicate about this lawsuit, incorporated subsequent discussions between Stone and litigation counsel, and was intended for review and comment by counsel." Id. Accordingly, Plaintiff argues that the contested documents are "protected by both the attorney-client privilege and the attorney work product doctrine, notwithstanding that it was subsequently circulated within Stone by Stone employees." Pl.'s Oppo. at 1.

On May 16, 2019, Defendant filed a Supplemental Letter Brief in support of its Motion. ECF No. 121. Defendant argues that the Supplemental Letter Brief is based on a "newly-produced Stone Brewing document that is similar to the contested document currently in dispute before the Court, as well as new information provided yesterday in a deposition of Stone Brewing's CEO about Stone Brewing's [] public relations campaign." Id. at 1. The arguments made in Defendant's Supplemental Letter Brief relate to a different document [STONE00159481] than the one at issue in Defendant's Letter Brief at ECF No. 114. ECF No. 121 at 1. Notably, the Court did not authorize Defendant's filing of the Supplemental Letter Brief, and it is filed well beyond the deadlines set forth in the Court's briefing schedule for the instant dispute. ECF No. 112. Additionally, Defendant's Supplemental Letter Brief relates to an issue that is not ripe for the Court's intervention as Stone has not even confirmed its position on the newly disputed document. ECF No. 121 at 1 ("Stone Brewing's counsel stated today it is not able to confirm its position until tomorrow at the earliest"). Accordingly, the Court declines to consider the arguments made in Defendant's Supplemental Letter Brief in connection with the instant Motion.

### 2. **Legal Standard**

"The attorney-client privilege exists where: '(1) [ ] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance

permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.'" United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (quoting United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010)). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002) (quotation omitted). The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege," and applies "only when necessary to effectuate its limited purpose of encouraging complete disclosure by the client." See Fisher v. United States, 425 U.S. 391, 403 (1976); Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) (quoting Tornay v. United States, 840 F.2d at 1428). The party asserting the attorney-client privilege bears the burden to establish that the privilege applies to the requested documents. Griffith, 161 F.R.D. at 694 (quoting Tornay, 840 F.2d at 1426).

"[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Nevertheless, those materials may be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Id. However, even when substantial need for work product has been shown, the court must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

The party asserting the privilege bears the burden to prove that it has not waived the privilege. See Weil v. Inv./Indicators, Research and Mgmt., Inc., 647 F.2d 18, 25 (9th Cir. 1981).

> When the disclosure is made in a federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

> (1) the waiver is intentional;
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
> (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a). "[A] party does not waive the attorney-client privilege for documents which he is *compelled* to produce." U.S. v. De la Jara, 973 F.2d 746, 749 (9th Cir. 1992) (emphasis in original) (quoting Transam. Computer Co., Inc. v. Int. Bus. Machines, Corp., 573 F.2d 646, 651 (9th Cir. 1978)); In re JDS Uniphase Corp. Sec. Litig., 2007 WL 3144711, at *1 (N.D. Cal. Oct. 24, 2007) ("compelled production of information deemed to be attorney work product does not constitute a waiver of that right"); see also In re Vargas, 723 F.2d 1461, 1466 (10th Cir. 1983) ("production of privileged documents by an attorney under court order does not necessarily constitute a waiver of the privilege."). Further, the "disclosure of the disputed materials . . . pursuant to court orders does not constitute waiver of work product protection." Aronson v. McKesson HBOC, Inc., 2005 WL 934331, at *7 (N.D. Cal. Mar. 31, 2005); see also Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., 125 F.R.D. 578, 590 (N.D.N.Y.1989) ("Courts are . . . willing to preserve the work product protection as well as the more restricted attorney/client privilege, in situations where the disclosure was essentially compelled.")).

### 3. **Analysis**

As a threshold matter, the Court notes that the contested documents have not been produced for the Court's review in order for the Court to determine whether they are relevant and/or responsive to Defendant's discovery requests. Notwithstanding this, the Court finds that the contested documents are protected from disclosure pursuant to the attorney-client privilege and the work product doctrine. Plaintiff's Opposition is accompanied by a Declaration of Noah Hagey, who is lead counsel of record for Plaintiff Stone Brewing. ECF No. 119-1 at ¶ 1. Mr. Hagey attests that the contested documents "(a) were explicitly directed to be prepared by our office and by Stone's in-house counsel Josh Weiss and (b) include express attorney-client communications and work product prepared

by Stone's lawyers in anticipation of the heavy media attention that this litigation would attract." Id. at ¶ 2. Mr. Hagey further attests that "[b]eginning in as early as January 12, 2018 and continuing through and following the filing of this litigation, myself and attorneys at my firm along with Stone's in-house counsel, helped Stone prepare for the media attention that would follow the lawsuit's filing." Id. at ¶ 3. Mr. Hagey further attests that "on January 30, 2018, I emailed senior Stone personnel, including Josh Weiss (Stone's in-house counsel), a legal memorandum that contained detailed talking points, thematic guidelines, website posting guidelines, specific language instructions, and guidance for dealing with outside press inquiries concerning the lawsuit." Id. at ¶ 8. Mr. Hagey further states that "[o]n February 2, 2018, Lizzie Younkin, Stone's Public Relations Manager, circulated a version of our plan for communicating about the lawsuit to Stone's senior leadership, which subsequently was inadvertently produced by Stone in this litigation and is not at issue in this motion." Id. at ¶ 10. Mr. Hagey states that "[t]his Privileged Document drafted by Ms. Younkin reflects and incorporates that advice and strategy provided by my firm in my January 30, 2018 memorandum and in subsequent discussions with counsel." Id.

Notwithstanding these representations made under oath by Stone's lead counsel in his Declaration, MillerCoors argues that "[t]he contested documents are a public relations plan created by a non-attorney Stone Brewing employee, Ms. Younkin" who "sent the plan to other non-attorneys for feedback." Def.'s Mot. at 3. MillerCoors further claims that "[t]here are no attorneys connected with the contested documents" which directly contradicts Stone's lead counsel representation that the contested documents were a version of the "legal memorandum" created by Noah Hagey. Decl. of Mr. Hagey, at ¶¶ 8-10. Defendant's argument ignores and fails to address the representations made by Noah Hagey that he wrote and circulated a draft communications strategy document on January 30, 2018, which was the basis of the revised plan that was circulated by Ms. Younkin on February 2, 2018. Pl.'s Oppo. at 3; see also Hagey Decl.

| 1  | As set forth in <u>Stardock Sys., v. Reiche</u>, "the attorney-client privilege extends to the
| 2  | withheld communications between [a public relations firm hired by the client] and
| 3  | Defendants' counsel pertaining to 'giving and receiving legal advice about the appropriate
| 4  | response to the lawsuit and making related public statements.'" 2018 WL 6259536, at *6
| 5  | (N.D. Cal. Nov. 30, 2018). Here, although Stone did not hire an outside public relations
| 6  | firm, MillerCoors concedes that Ms. Younkin is "Stone Brewing's public relation
| 7  | manager." Def.'s Mot. at 3. MillerCoors' argument that the contested documents are not
| 8  | protected by the attorney-client privilege simply because "there are no attorneys connected
| 9  | with the contested documents" is without merit. <u>Id.</u> Stone's lead counsel, Mr. Hagey, states
| 10 | in his declaration that the initial version of contested documents were created at his
| 11 | direction in anticipation of litigation. Hagey Decl. at ¶ 2. Additionally, the dates that the
| 12 | documents were created and circulated [January 30, 2018 and February 2, 2018] further
| 13 | indicate that they were created in anticipation of litigation, as they occur just before and up
| 14 | to the date Stone filed the underlying lawsuit on February 12, 2018 [ECF No. 1].
| 15 | Notwithstanding MillerCoors' argument to the contrary, the contested documents appear
| 16 | to contain legal advice as they are a version of a legal memorandum created by Stone's
| 17 | lead counsel. Hagey Decl. at ¶ 8. The fact that the contested documents were circulated
| 18 | among employees who are not attorneys does not destroy the privilege. See <u>Kintera, Inc.
| 19 | v. Convio, Inc</u>. 219 F.R.D. 503, 514 (S.D. Cal. 2003).

The Court similarly finds that the work product doctrine applies to the contested documents, as the documents are a version of a legal memorandum created by Stone's lead counsel, Mr. Hagey. See <u>Stardock Sys.,</u> 2018 WL 6259536, at *4. Mr. Hagey attests in his declaration that the contested documents were created from a legal memorandum that was "the first version of a formal plan for communicating about the lawsuit publicly." Hagey Decl. at ¶ 8. MillerCoors' representation in the Motion that "[t]he contested documents do not reveal "mental processes, opinions, or legal theories of Stone Brewing's attorneys" is without merit. Def.'s Mot. at 3.

Accordingly, Defendant's Motion to Compel production of the contested documents is **DENIED**.

### B. Plaintiff's Motion to Compel

#### 1. <u>Summary of Parties' Respective Positions</u>

Plaintiff's motion to compel requests that "the Court should order MillerCoors to (1) make Mr. Reischauer available, at MillerCoors' expense, so that he may answer Stone's questions above, and (2) provide a supplemental response to Interrogatory No. 19 [which asks for identification of each lawyer who provided MillerCoors with legal advice regarding the federally registered STONE® trademark, U.S. Registration No. 2168093 and/or the infringement thereof in connection with the Keystone Rebrand]." ECF No. 115 at 3, 5 (hereinafter "Pl.'s Mot."). Plaintiff argues that "Defendant's former Senior Director of Brand Marketing for economy beer, Matt Reischauer, refused to answer a series of questions regarding Defendant's general practices regarding legal oversight of the rebranding process." <u>Id.</u> at 1. Plaintiff further argues that "Defendant similarly refused to answer an interrogatory seeking a list of the names of the lawyers who advise Defendant about trademarks." <u>Id.</u> Plaintiff argues that "Ninth Circuit law provides that that the fact of whether someone has obtained legal advice is not privileged, and Defendant cannot cite any case holding otherwise." <u>Id.</u> Plaintiff's Motion seeks the answers to three questions[1] (hereinafter "disputed questions") posed to Mr. Reischauer to which Stone seeks "'yes' or no'" answers. <u>Id.</u> at 2.

Defendant opposes Plaintiff's request and argues that "Plaintiff's requests are not relevant" because "MillerCoors will not rely on advice of counsel to supports its claims or defenses in this case." ECF No. 118 at 1 (hereinafter "Defendant's Oppo."). Defendant

---

[1] The three questions are as follows: (1)"Did you have [] discussions [with counsel about the current lawsuit] regarding MillerCoors' marketing initiatives for Keystone Light?"; (2) "Is it standard practice within MillerCoors for legal counsel to review branding and packaging to determine whether it violates trademarks?"; (3) "Is it standard practice within MillerCoors for legal counsel to review advertising to determine whether it violates trademark?". Pl.'s Mot. at 2.

further opposes Plaintiff's request and argues that "Stone Brewing is seeking discovery on the substance of MillerCoors' confidential communications with counsel in order to create an inference that there was or was not legal advice relating to Stone Brewing's trademark" which is "precisely the negative inference that case law prohibits." Id. at 2. Finally, Defendant argues that "[r]esponding to Stone Brewing's questions would have revealed information about the substance of MillerCoors' communication with counsel, and arguably would have opened up MillerCoors to a claim that it waived privilege by responding." Id. Notwithstanding this, Defendant argues that "[t]o the extent Plaintiff seeks information specific to the 2017 refresh, Mr. Reischauer testified that he was not on the brand team at that time and therefore could not provide such specifics in any event." Id. at 4. With respect to Interrogatory No. 19, Defendant opposes on the grounds that the parties have not met and conferred, but argues that like the "deposition questions at issue above, this interrogatory is clearly designed to elicit information about the substance of MillerCoors' communication with counsel." Id. at 5.

### 2. Legal Standard

As a general matter, the attorney-client privilege only protects disclosure of communications, and does not extend to disclosure of the underlying facts. Upjohn Co. v. United States, 499 U.S. 383, 395 (1981). A client does not waive the attorney-client privilege merely by disclosing a subject which was discussed with the attorney. United States v. O'Malley, 786 F.2d 786, 794 (7th Cir. 1986). "In order to waive the privilege, the client must disclose the communication with the attorney itself." Id.; Quiksilver, Inc. v. Kymsta Corp., 247 F.R.D. 579, 584 (C.D. Cal. 2007) (holding that a client's deposition response did not waive the attorney-client privilege where the client noted the broad subject matter of the legal advice without revealing the substance of any attorney-client communications); Stein v. Tri-City Healthcare Dist., 2014 WL 12695385, at *2 (S.D. Cal. Dec. 5, 2014) ("The attorney-client privilege attaches to the content of the communications between the client and attorney, not the fact or general topic of the confidential communication."). General comments that an attorney has "examined a certain matter,"

without revealing the substance of the attorney's advice does not constitute a waiver. Guidiville Rancheria of California v. United States, 2013 WL 6571945, at *6 (N.D. Cal. Dec. 13, 2013). Rather, the content of the privileged communication must be shared for there to be a waiver. Id.

### 3. Analysis

Initially, the Court notes that information sought is relevant under the lenient Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(b)(1). To the extent that Defendant seeks to exclude certain references to whether Defendant consulted a lawyer may be more appropriately brought on a motion in limine. The Court also notes that Plaintiff's counsel represented during the discovery teleconference that Interrogatory No. 19 was sufficiently related to the disputed questions from Mr. Reischauer's deposition, and requested permission to raise them in the instant letter brief. Accordingly, the Court overrules Defendant's objection to Plaintiff's Interrogatory No. 19 for failure to meet and confer.

The Court agrees with Plaintiff that the information sought in Interrogatory No. 19 and the "yes/no" answers to the disputed questions posed to Mr. Reischauer during his deposition do not call for the substance of any legal communications and are not protected by the attorney-client privilege or work product doctrine. See Stein v. Tri-City Healthcare Dist., 2014 WL 12695385 at *2 ("The attorney-client privilege attaches to the content of the communications between the client and attorney, not the fact or general topic of the confidential communication."). The cases that Defendant relies on in support of its arguments are either in the context of a motion in limine or present facts where the moving party sought information beyond the limited scope of the disputed questions posed to Mr. Reischauer. See e.g., McKesson Info. Sols., Inc. v. Bridge Med., Inc., 434 F. Supp. 2d 810 (E.D. Cal. 2006) (on a motion in limine, the court precluded plaintiff from introducing evidence or testimony pertaining to defendant's assertion of the attorney-client privilege over the opinion of counsel it received regarding a disputed patent); see also Columbia Steel Casing Co. v. Portland Gen. Elec. Co., 992 WL 55753 (D. Or. Mar. 3, 1992)

(requesting party sought not just the fact that legal advice was obtained but also "documents related to that legal advice").

The Court finds Defendant's argument that Mr. Reischauer has already provided testimony regarding certain topics raised in the disputed questions to be insufficient. Def.'s Oppo. at 4 (citing Reischauer Tr. 102:9-103:11). Although the cited testimony that Mr. Reischauer has provided may overlap with the information sought in the three disputed questions, Plaintiff is still entitled to the "yes or no" answers from Mr. Reischauer to the three disputed questions. However, the Court finds it unnecessary to convene a live deposition for the limited purpose of Mr. Reischauer answering the disputed questions, and agrees with Defendant's suggestion of requiring Mr. Reischauer to answer the questions in writing under oath. Accordingly, Plaintiff's Motion to Compel Mr. Reischauer to answer "yes or no" to the three disputed questions is **GRANTED IN PART**. Mr. Reischauer shall provide in writing under oath his responses to the three disputed questions on or before **May 23, 2019**. Plaintiff's Motion to Compel a supplemental response to Interrogatory No. 19 is also **GRANTED**. Defendant shall provide a verified supplemental response to Interrogatory No. 19 on or before **May 23, 2019**.

### 4. Plaintiff's Request for Sanctions

Plaintiffs ask the Court to sanction Defendant under Rule 37 for the legal fees Stone incurred in preparing its letter brief which Stone's counsel represents are $2,800.00. Pl.'s Mot. at 5. Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (internal citations omitted). The Court recognizes that Plaintiff spent time in preparing a letter brief, but also notes that the document was not lengthy. Because the Court has granted in part Plaintiff's requests, the Court declines to impose monetary sanctions on Defendant at this time. However, both parties are warned that any future failure to comply with court orders or discovery requests may result in the imposition of monetary and/or evidentiary sanctions.

## CONCLUSION

Defendant's Motion to Compel [ECF No. 114] production of the contested documents is **DENIED**. Plaintiff's Motion to Compel [ECF No. 115] Mr. Reischauer to answer "yes or no" to the three disputed questions is **GRANTED IN PART**. Mr. Reischauer shall provide in writing under oath his responses to the three disputed questions on or before **May 23, 2019**. Plaintiff's Motion to Compel a supplemental response to Interrogatory No. 19 is also **GRANTED**. Defendant shall provide a verified supplemental response on or before **May 23, 2019**.

**IT IS SO ORDERED.**

Dated: May 20, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge