UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC, | Case No.:  18cv331-BEN-LL |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | **[ECF Nos. 124, 125]** |
| MOLSON COORS BREWING COMPANY; MILLERCOORS LLC; and DOES 1 through 25, | |
| Defendants. | |
| MILLERCOORS LLC, | |
| Counter Claimant, | |
| v. | |
| STONE BREWING CO., LLC, | |
| Counter Defendant. | |

On June 5, 2019, counsel for the parties called the Court to discuss a discovery dispute. The Court issued a briefing schedule allowing the parties to file simultaneous letter briefs and responses in support of their respective positions. ECF No. 123.  The parties

filed their letter briefs on June 7, 2019 [ECF Nos. 124 and 125]. The Court has carefully reviewed the parties' briefing, all relevant authority, and relevant prior orders in this case.

## Plaintiff's Motion to Compel

Plaintiff's letter brief raises three issues for the Court's resolution. ECF No. 124. Defendant opposes Plaintiff's motion for the reasons set forth in its letter brief. ECF No. 125. The Court will address each issue below.

**(1) Plaintiff's Issue No. 1**

Plaintiff moves to compel Defendant to produce an additional 30(b)(6) witness and/or witnesses. ECF No. 124 at 1. Specifically, Plaintiff seeks Defendant produce "qualified witnesses at the offices of counsel for Stone on the thirteen topics on which Mr. Robberson [the 30(b)(6) witness produced by MillerCoors] was designated." ECF No. 124 at 1-4. Plaintiff also requests that Defendant should "bear all the costs of the renewed deposition," including attorney's fees and travel expenses. Id. Defendant opposes Plaintiff's request for another 30(b)(6) witness because Mr. Robberson "was a competent and knowledgeable witness, who provided hours of testimony on every topic about which Stone Brewing inquired." ECF No. 125 at 5. Defendant also argues that Stone Brewing's 30(b)(6) witness, Dominic Engels, was not adequately prepared and could not address the Topics on which he was designated. Id. Defendant therefore requests "relief commensurate with any relief awarded to Stone Brewing with respect to Mr. Robberson's testimony." Id. at 6.

The Court agrees with Stone. In its letter brief, Plaintiff identifies a number of basic questions that Mr. Robberson was unable to answer. See ECF No. 124 at 2-3. Additionally, Plaintiff argues that Mr. Robberson did not appear to know he had been designated as MillerCoors' representative on several 30(b)(6) topics. Id. at 3 (noting that when Mr. Robberson was asked whether he understood that he was testifying as MillerCoors' representative regarding Topic Number 3, he replied that he was "unable to answer the question") (internal citation omitted). Accordingly, Stone's motion to compel MillerCoors to produce an additional 30(b)(6) witness and/or witnesses on the thirteen topics on which

Mr. Robberson was designated is **GRANTED**. MillerCoors is **ORDERED** to designate and produce the additional 30(b)(6) witness(es) for deposition on the thirteen topics on or before **June 19, 2019**. However, in light of the procedural posture of this case and the extensive discovery that has already been exchanged, Plaintiff is limited to no more than six (6) hours of additional 30(b)(6) testimony on all thirteen of the topics at issue in Plaintiff's letter brief.

With respect to Defendant's argument that Stone Brewing's 30(b)(6) witness was not adequately prepared and could not address the Topics on which he was designated, it appears that Defendant's argument is limited to Mr. Engles' testimony on topics 1, 2, 5 and 6. See ECF No. 125 at 5-6, footnote 5. The Court finds it appropriate to **ORDER** Plaintiff to designate and produce an additional 30(b)(6) witness for deposition on these four topics on or before **June 19, 2019**. However, in light of the procedural posture of this case and the extensive discovery that has already been exchanged, Defendant is limited to no more than two (2) hours of additional 30(b)(6) testimony on all four of the topics at issue.

**(2) Plaintiff's Issue No. 2**

Plaintiff requests that Defendant reopen and "produce Mr. Hattersley for a further deposition [to answer three questions][1] at its expense in the offices of counsel for Stone and that MillerCoors cover Stone's costs and fees for this motion and the renewed deposition." ECF No. 124 at 5. Defendant opposes Plaintiff's request arguing that "[t]here is no basis to compel Mr. Hattersley to respond to [the three questions at issue]" because as to the first question Mr. Hattersley testified he was unable to answer the question without revealing communications he had with counsel, and as to the second and third questions, they call for legal conclusions. ECF No. 125 at 6-7.

---

[1] The three questions are as follows: (1) "Not based on any conversations with counsel[.] What's your personal understanding of why Miller – as chief executive officer of MillerCoors, of why MillerCoors would register trademarks?"; (2) "Independent of conversations with counsel, you have no view as to whether there is a situation in which you think it's okay for one company to make use of another company's trademark?"; and (3) Independent of conversations with counsel, whether Mr. Hattersley thinks trademark infringement is stealing. See ECF No. 124 at 4-6; see also ECF No. 125 at 6.

Based on the Court's review of the letter briefs and the three questions at issue, the questions appear to exclude the content of any communications or conversations Mr. Hattersley had with his counsel, but rather seek Mr. Hattersley's personal understanding and/or opinions. Accordingly, the Court agrees with Plaintiff that Mr. Hattersley cannot refuse to answer the three disputed questions simply because he cannot differentiate his own opinions from the conversations that he had with his counsel. See Stein v. Tri-City Healthcare Dist., 2014 WL 12695385 at *2 ("The attorney-client privilege attaches to the content of the communications between the client and attorney, not the fact or general topic of the confidential communication."). Accordingly, the Court finds that Plaintiff is entitled to answers from Mr. Hattersley, in his capacity as MillerCoors' Chief Executive Officer, to the three disputed questions. However, the Court finds it unnecessary to convene a live deposition for the limited purpose of Mr. Hattersley answering the disputed questions, and finds it appropriate for Mr. Hattersley to answer the questions in writing under oath. Accordingly, Plaintiff's Motion to Compel Mr. Hattersley to answer the three disputed questions is **GRANTED IN PART**. Mr. Hattersley shall provide in writing under oath his responses to the three disputed questions on or before **June 19, 2019**.

**(3) Plaintiff's Issue No. 3**

Plaintiff requests that the Court order Defendant to respond fully to Interrogatory No. 21, including "'to identify the lines of the privilege log pertaining to such communications.'" ECF No. 124 at 6. At a minimum, Plaintiff requests that Defendant "must disclose which communications on its voluminous privilege log concern Stone's trademark and the rebrand." Id. Defendant opposes Plaintiff's request arguing that Plaintiff's Interrogatory No. 21 calls "only for legal advice provided and thus is a direct attempt to invade the attorney-client privilege." ECF No. 125 at 1-2. Notwithstanding this, Defendant argues that Plaintiff "has already obtained discovery into any factual information responsive to Interrogatory No. 21" and also that "Stone Brewing cannot evade the plain language of its request by unilaterally demanding that MillerCoors identify 'the details of all such documents and communications' on a privilege log." Id. at 2.

The ESI protocol governing this case sets forth the requirements for the contents of the parties' privilege log as follows: "For each entry in the Privilege Log, the Producing Party will provide the Author and Recipients, Date Sent, Summary of the content of the document, and the basis for asserting Privilege as well as any information required by the Court." ECF No. 74, ¶ 28. Plaintiff seeks, "[a]t a minimum . . . MillerCoors to identify the privilege log entries that relate to the subject matter of the Interrogatory as MillerCoors promised." ECF No. 124 at 6. Plaintiff argues that "[a]s it stands, MillerCoors' answer to this interrogatory remains without content." Id.

The Court finds that Defendant's argument that Plaintiff seeks "the details of all such documents and communications" [ECF No. 125 at 2] on a privilege log to be a mischaracterization of Plaintiff's request. The Court agrees with Plaintiff that without MillerCoors' identification of the privilege log entries that relate to the subject matter of the Interrogatory, the answer to this interrogatory remains without content. Additionally, as set forth in the governing ESI protocol in this case, the Court can order certain information to be provided as necessary. Accordingly, the Court **GRANTS IN PART** Plaintiff's request for MillerCoors to identify the privilege log entries that relate to the subject matter of Interrogatory No. 21. MillerCoors is **ORDERED** to provide this information on or before **June 19, 2019**.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**(4) Plaintiff's Request for Sanctions**

Plaintiff's request for sanctions in connection with the instant motion and for Defendant to pay for the costs, fees, and expenses with the renewed discovery is **DENIED.** Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (internal citations omitted). The Court recognizes that Plaintiff spent time in preparing a letter brief, but also notes that the document was not lengthy. Because the Court has granted in part Plaintiff's requests, the Court declines to impose any monetary sanctions on Defendant at this time.

**IT IS SO ORDERED.**

Dated: June 11, 2019

Honorable Linda Lopez
United States Magistrate Judge