UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>         Plaintiff,<br><br>v.<br><br>MOLSON COORS BREWING COMPANY;<br>MILLERCOORS LLC; and<br>DOES 1 through 25,<br><br>         Defendants.<br><br>MILLERCOORS LLC,<br><br>         Counter Claimant,<br><br>v.<br><br>STONE BREWING CO., LLC,<br><br>         Counter Defendant. | Case No.: 18cv331-BEN-LL<br><br>**ORDER DENYING PLAINTIFF STONE BREWING'S REQUEST FOR PARTIAL RECONSIDERATION OF THE COURT'S JULY 2, 2019 ORDER**<br><br>**REDACTED**<br><br>**[ECF No. 145]** |

  Currently before the Court is Plaintiff's Motion for Partial Reconsideration of the Court's July 2, 2019 Order [ECF No. 145 ("Motion" or "Mot.")], Defendant MillerCoors LLC's Opposition [ECF No. 149 ("Opposition" or "Oppo.")], Defendant's Declaration of Grace Needleman and accompanying Exhibit [ECF Nos. 184, ■ ("Declaration")], and

Plaintiff's Reply [ECF Nos. 189, ▮ ("Reply")].  For the reasons set forth below, Plaintiff's Motion is **DENIED**.

Plaintiff requests reconsideration of the Court's July 2, 2019 Order to the extent that it "(1) granted Defendant MillerCoors LLC's request to claw back communications between individuals at Mekanism and MillerCoors that were designated attorney-client privileged, and (2) denied Stone's request for a proper identification of the documents on Defendant's privilege log that relate to Stone and to the Keystone Rebrand." Mot. at 2. Plaintiff argues that this information is "critically important information that relates to MillerCoors knowledge of Stone and its trademark, all of which MillerCoors has attempted to obscure throughout this litigation." Id.

Defendant opposes Plaintiff's Motion on the grounds that it is "time-barred under Local Civil Rule 7.1.i.2, which requires such motions to be filed 'within **twenty-eight (28) days** after the entry of the ruling, order or judgment sought to be reconsidered,' which fell on July 30." Oppo. at 2 (emphasis in original). Plaintiff's Motion was filed on August 1, 2019. See Docket. Plaintiff states that it did not obtain the final transcript from MillerCoors' new Rule 30(b)(6) witness until July 9, 2019. Mot. at 2.  The Court notes that at least part of Plaintiff's Motion is based on this deposition testimony. As set forth in the undersigned Magistrate Judge's Chambers Rules, "[f]or oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition." See Judge Lopez's Civil Chambers Rules at V(C).  Accordingly, the Court overrules Defendant's objection on the basis of timeliness. The Court will discuss the remaining issues raised in Plaintiff's Motion below.

1. **Communications Between Mekanism and MillerCoors**

   a. **Parties' Respective Positions**

Regarding the first issue of whether communications between Mekanism and MillerCoors are protected by the attorney-client privilege under the functional equivalence standard applied by the Ninth Circuit, Plaintiff argues that "Stone did not previously have the opportunity to brief the issues or present the Court with the dispositive testimony of the

key witnesses prior to the Court's July 2 Ruling." Id. at 4. Plaintiff argues that "[t]he undisputed evidence shows that the marketing agency personnel here were nothing like the individuals found to be functional employees in Graf and In re Bieter, 16 F.3d 929 (8th Cir. 1994), the Eighth Circuit case on which Graf relied." Id. at 5. Specifically, Plaintiff argues that "Mr. Thornhill, Mekanism's 30(b)(6) witness, testified that MillerCoors did not exercise managerial authority over Mekanism personnel, and that Mekanism personnel 'operate[d] as an outside vendor,' not as employees." Id. at 7 (internal citations omitted). Plaintiff states that Mr. Thornhill, Mekanism's corporate representative, "testified unequivocally that agency personnel were not the functional equivalent of employees of MillerCoors." Id. at 4. Plaintiff cites to Mr. Thornhill's deposition testimony as follows:

> Q: Would it be fair to say that Mekanism personnel functionally operated as employees of MillerCoors, or did they operate separately as independent contractors?
>
> [Objections]
>
> A: We operate as an outside vendor.
>
> Q: Not as employees?
>
> A: Correct.

Id. (citing Ex., 1, Thornhill Tr. At 14:1-19). Plaintiff further argues that "[b]ecause Mekanism did not 'possess[] information that is possessed by no other,' there is no privilege. Mot. at 6 (citing Bieter, 16 F.3d at 938).

Defendant opposes Plaintiff's Motion on the grounds that it "comes nowhere close to meeting the 'narrow standard' required for the 'extraordinary remedy' for reconsideration. Oppo. at 2 (internal citations omitted). Defendant argues that "[n]either the facts nor the law have changed since Stone Brewing presented its arguments to the Court on June 28." Id. Defendant further argues that "there can be no doubt that this Court correctly ordered that (1) MillerCoors could claw back certain communications between MillerCoors and Mekanism that were attorney-client privileged, and (2) MillerCoors was

not required to supplement its privilege log or response to Interrogatory No. 21." Id. In sum, Defendant argues that "Stone Brewing's motion – the third it has filed for reconsideration in this case – repeats the same arguments Stone Brewing presented to the Court on June 28." Id.

With respect to the communications between Mekanism and MillerCoors, Defendant argues that "the witness did not 'unequivocally' testify that its employees did not meet the 'functional equivalent test,' rather, the witness – obviously confused by the legalese embedded into the question – stated: 'I'm sorry I'm a little unclear on the question.'" Oppo. at 7 (internal citation omitted). Defendant further argues that "[u]ltimately whether Mekanism employees' communications with MillerCoors are privileged is a question for the Court, not a lay witness." Id. Defendant also argues that "this Court correctly extended privilege to Mekanism's communications with MillerCoors' in-house counsel, as Mekanism had been retained to develop marketing campaigns that required MillerCoors' legal review and input." Id. at 8. Defendant argues that "Mekanism was tasked with designing advertising materials that required legal review" thereby necessitating the protection of the attorney-client privilege to non-employees. Id. at 8-9. Finally, Defendant argues that "[a]s the Mekanism corporate representative explained, Mekanism employees often communicated directly with MillerCoors' in-house counsel by providing proposed advertising materials for legal review. In turn, MillerCoors' in-house counsel often provided legal guidance directly to Mekanism employees regarding needed revisions to marketing materials or concerning certain advertisements that the in-house counsel rejected in their entirety." Id. at 5 (internal citations omitted).

Defendant's Declaration, declared by Ms. Grace Needleman, under penalty of perjury, sets forth that as the Associate Marketing Manager on the Economy Brands portfolio she is "familiar with the role played by our agency Mekanism in the Keystone refresh." ECF Nos. 184 and ▇ at ¶ 3. Ms. Needleman's Declaration states that "Mekanism was tasked with creating the communications campaign for Keystone" and "[a]t that time, MillerCoors did not have an in-house design group responsible for

1  designing content to enter the marketplace." Id. at ¶ 5.  The Mekanism Statement of Work
2  for the Keystone brand in the 2016 to 2018 time frame sets forth that Mekanism was
3  responsible for the ███████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████
5  ██████████████████  Ex. 1 attached to the Declaration.  Mekanism's Statement of Work
6  further states that Mekanism was to ████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████
8  ████████  Id.  Ms. Needleman states that "Mekanism employees involved in the Keystone
9  refresh had a continuous and close working relationship with the Keystone brand team"
10 and "worked hand-in-hand with the brand team on the communications strategy for
11 Keystone, communicating on an almost daily basis by phone, e-mail, or in person." Decl.
12 at ¶ 8.  Ms. Needleman further states that ████████████████████████████████
13 ████████████████████████████████████████████████████████████████████████
14 ████████████████████ Id. at ¶ 9.  The Declaration further provides that ███████████
15 ████████████████████████████████████████████████████████████████████████
16 █████████████████████████████████████ Id. at ¶ 10.  The Declaration states that ███
17 ████████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████ Id.  Finally, the
20 Declaration provides that ██████████████████████████████████████████████
21 ████████████████████████████████████████████████" and █████████████████
22 ████████████████████████████████████████████████████████████████████████
23 ██████████████ Id.
24       Plaintiff argues in its Reply that "Ms. Needleman's declaration does not establish
25 that Mekanism employees were the functional equivalent of MillerCoors' employees or
26 come close to meeting the standard outlined in U.S. v. Graf, 610 F.3d 1148 (9th Cir. 2010),
27 and In re Bieter Co., 16 F.3d 929 (8th Cir. 1994)." Reply at 2.  Specifically, Plaintiff argues
28 that "[t]he declaration does not establish that Mekanism spoke on behalf of MillerCoors,

managed or controlled MillerCoors employees, or served as MillerCoors's agent, all key factors in the functional equivalence test." Id. Plaintiff further argues that the "declaration does not establish that MillerCoors attorneys needed to speak with Mekanism personnel in order to provide legal advice because Mekanism 'possesse[d] information that is possessed by no other.'" Id. (citing Bieter, 16 F.3d at 938). Plaintiff further argues that "Mekanism personnel did not run the show" because "[t]hey did not attend meetings on behalf of MillerCoors without MillerCoors personnel, did not speak on MillerCoors's behalf, did not manage MillerCoors's employees, and did not lead entire divisions of the business without supervision." Reply at 4. Finally, Plaintiff states ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Id.

### b. Analysis

As this Court held in its July 2, 2019 Order, Defendant shall be allowed to claw back the disputed communications between the individuals at Mekanism and Defendant that Defendant has designated as attorney-client privileged. ECF No. 137 at 2. Notably, the Court's Order does not allow Defendant to withhold all communications between Mekanism and MillerCoors, but only those where Mekanism was communicating with MillerCoors' in-house counsel for the purpose of obtaining confidential legal advice. Having reviewed Plaintiff's additional arguments and evidence, the Court finds that they do not present a basis for reversing its prior decision. Specifically, the Court does not find that the deposition testimony of Mr. Thornhill, a non-lawyer lay witness, establishes that Mekanism was operating as an outside agency and not as a "functional equivalent" of MillerCoors employees under United States v. Graf. 610 F.3d 1148 (9th Cir. 2010). Indeed, when Mr. Thornhill was asked during his deposition whether "Mekanism personnel functionally operated as employees of MillerCoors," he responded "I'm sorry. I'm a little unclear on the question." ECF No. 145-1 at 14:1-9. The Court acknowledges that Mr. Thornhill, a non-lawyer corporate witness, testified that Mekanism operated as an "outside

vendor" for MillerCoors. Id. at 14:17. However, the Court finds that this legal conclusion from a lay witness does not warrant reconsideration. Notably, Mr. Thornhill also testified that Mekanism was responsible for submitting "creative" to MillerCoors' lawyers for legal review. ECF No. 145-1 at 105:4-21.

Additionally, the Court finds that the information submitted in Defendant's Declaration and the accompanying exhibit establish that Mekanism was responsible for the Keystone brand refresh for a two-year time frame and Mekanism worked closely with the Keystone brand team at MillerCoors. Decl. at ¶¶ 5, 8. Notwithstanding Stone's argument to the contrary, Ms. Needleman declares under penalty of perjury that ████████████████████████████████████████████████████████████ Id. at ¶ 10. The Declaration further sets forth that ████████████████████████████████████████████████████████████ Id. In fact, the declaration states that ████████████████████████████████████████ Id. The Court finds that these facts establish a scenario where "it is inappropriate to distinguish [for purposes of applying the attorney-client privilege] between those on the client's payroll and those who are instead, and for whatever reason, employed as independent contractors." In Re Bieter Co., 16 F.3d at 937. Here, the Court finds that the record supports a situation where "too narrow a definition of 'representative of the client' will lead to attorneys not being able to confer confidentially with nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely." Id. at 938.

The Court has considered Plaintiff's arguments made in the Reply and finds them to be unconvincing. For example, Plaintiff cherry-picks the excerpt from Ms. Needleman's declaration that Mekanism "'functioned as the design arm'" of the Keystone brand team and ignores the next paragraph which states that Mekanism employees "worked hand-in hand with the brand team on the communications strategy for Keystone, communicating

1  on an almost daily basis by phone, e-mail, or in person." Reply at 3; see also Decl. at ¶¶ 7,
2  8. Plaintiff's Reply also fails to address that Ms. Needleman highlights in her declaration
3  the Statement of Work for Mekanism to provide ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮. See Reply; see also Decl. at ¶ 7.  Instead, Plaintiff takes issue with the fact that
6  "Mekanism employees always maintained their own physical offices and email addresses
7  and were not solely devoted to Keystone." Reply at 4.  The Court does not find the caselaw,
8  including Graf, to limit the application of the privilege to outside consultants who work
9  full time at the physical headquarters of the corporation. See, e.g., U.S. ex rel. Strom v.
10 Scios, Inc., 2011 WL 4831193 (N.D. Cal. Oct. 12, 2011); see also Gen-Probe Inc. v.
11 Becton, Dickinson and Co., 2012 WL 1155709, at *3 (S.D. Cal. Apr. 6, 2012) (holding
12 privilege extends to plaintiff's patent prosecution counsel's communications with third
13 party independent contractor hired specifically for the project and thus, the functional
14 equivalent of employee). Accordingly, for the reasons stated herein, the Court **DENIES**
15 Plaintiff's Motion for Reconsideration on this issue.

16  The Court also **DENIES** Plaintiff's Motion to the extent it requests the Court enter
17 an order requiring Defendant to "stipulate that Mekanism's statements and actions are
18 attributable to MillerCoors" under the doctrine of respondeat superior. Mot. at 7. As an
19 initial matter, this is a new argument raised improperly on a Motion for Reconsideration.
20 Plaintiff's displeasure with the Court's order does not constitute a basis for reconsideration.

21 **2. MillerCoors' Privilege Log**

22  Regarding the second issue of whether reconsideration is warranted on the privilege
23 log issue, Plaintiff argues that "MillerCoors should identify *all of* the privileged entries that
24 relate to Stone and the Rebrand and *distinguish* the documents." Mot. at 10 (emphasis in
25 original).  Plaintiff states that "MillerCoors is obligated to provide this information under
26 three separate sources of authority: (1) the ESI Protocol as to its privilege logs, which
27 requires a 'summary of the content' of every document listed thereon (Dkt. 84 at 8); (2)
28 Stone's Interrogatory No. 21, which requests that MillerCoors identify (by details of the

type found on a privilege log) all legal advice regarding the 'Keystone Rebrand, the federally registered STONE® TRADEMARK, U.S. Registration No. 2168093, and/or the infringement thereof;'; and (3) Stone's Amended 30(b)(6) Deposition Notice, Topic 3, which requests a corporate representative witness regarding 'MillerCoors's knowledge of Stone and . . . the STONE® trademark.'" Mot. at 8. Plaintiff cites to Mr. Wexelbaum's testimony from his deposition noting that he "could not answer basic questions" on Topic No. 3, which concerned MillerCoors's knowledge of Stone Brewing and its trademarks. Id. Plaintiff further argues that "[t]he Court has already ruled on this issue and MillerCoors has evaded that decision." Id.

Defendant opposes on the grounds that none of Plaintiff's "arguments are 'new,' and Stone Brewing had all of these facts in its possession when it made these arguments to the Court on June 28." Oppo. at 10. Defendant argues that "Topic No. 3 did not require Mr. Wexelbaum to review hundreds of privileged documents listed on MillerCoors' privilege log so that he could summarize the substance of each privilege communication during his deposition." Id. at 11. Defendant further argues "[n]or has Stone Brewing provided any legal support for the claim that Topic No. 3 reasonably required Mr. Wexelbaum to commit to memory the time and content of all of MillerCoors' privilege communications related to the Keystone refresh or Stone Brewing's trademark." Id. (internal citation omitted). Defendant further argues that "[i]n sum, Stone Brewing's 30(b)(6) Topic No. 3 is simply not a basis to demand that MillerCoors supplement its privilege log or response to Interrogatory No. 21." Id.

Upon a review of the parties' arguments, exhibits in support thereof, and relevant authority, the Court finds that Plaintiff has not presented new or different facts and circumstances that establish that the Court's previous orders [ECF Nos. 126, 137] were erroneous or based on incorrect information. Defendant represents that "[e]ach entry on MillerCoors privilege[] log – served long ago on June 1, 2019 – contains a summary of the content of the [sic] each of the documents in accordance with this Court's ESI Protocol." Oppo. at 12 (internal citations omitted). Defendant also represents that "contrary to Stone

Brewing's suggestion (Mot. 7), MillerCoors fully complied with this Court's June 11 Order, which required MillerCoors to 'identify the privilege log entries that relate to the subject matter of Interrogatory No. 21.'" Id. (internal citation omitted). The Court has already considered Plaintiff's arguments with respect to the ESI Protocol and for a supplemental response to Interrogatory No. 21 and has already ruled on these issues. Additionally, Plaintiff's attempt to connect the deposition testimony of Mr. Wexelbaum to these issues as a reason for the Court to reconsider its prior orders is without merit. Accordingly, Plaintiff's Motion for Reconsideration on the privilege log issue is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 4, 2019

Honorable Linda Lopez
United States Magistrate Judge