# EXHIBIT 7

EXHIBIT 7
Page 68

# Katie Kushnir

| | |
|---|---|
| **From:** | Jeffrey Theodore |
| **Sent:** | Thursday, August 15, 2019 12:33 PM |
| **To:** | Ferrera, Vinita |
| **Cc:** | Amadi, Brittany; Noah Hagey; Bram Schumer; Toby Rowe; Casamassima, Chris |
| **Subject:** | RE: Message from MASSACHUSE CALL (+16178238514) |

Vinita,

Following up on this.

Thanks,

Jeff

Jeffrey M. Theodore
**BRAUNHAGEY & BORDEN** LLP
Direct: (415) 599-0219

---

**From:** Jeffrey Theodore
**Sent:** Wednesday, July 31, 2019 5:17 PM
**To:** Ferrera, Vinita <Vinita.Ferrera@wilmerhale.com>
**Cc:** Amadi, Brittany <Brittany.Amadi@wilmerhale.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <schumer@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>; Casamassima, Chris <Chris.Casamassima@Wilmerhale.com>
**Subject:** RE: Message from MASSACHUSE CALL (+16178238514)

Vinita,

I will not repeat our disagreement regarding the terms of Stone's discovery requests or the history here, which I think is pretty well hashed out at this point. As I have explained, I don't think your email below grapples with the actual language of the RFP (indeed, you do not address the key language that I quoted in my email). Nor are we attempting to create another discovery dispute; we had thought this was resolved based on your earlier representations, but now you are reneging. The way to avoid another discovery dispute is for MillerCoors to honor its agreement to produce in response to RFPs 41 and 42 and honor the representations made previously, as a result of which we had thought this dispute was resolved and did not raise it with the Court.

In any event, in light of Ms. Harris's testimony in which she described the importance of the physical arrangement of the archive and the existence of historical Keystone materials that have been produced, we would request that you reconsider your position and allow an in situ inspection of the archive and all historical Keystone materials, not an "inspection" in Wilmer's conference room of the subset of materials that MC cherry-picked to produce in this case.

If you do not, we will move to compel such an inspection and/or for exclusion of the selectively produced historical Keystone materials.

Thanks,

Jeff

Jeffrey M. Theodore
**BRAUNHAGEY & BORDEN** LLP
Direct: (415) 599-0219

---

**From:** Ferrera, Vinita <Vinita.Ferrera@wilmerhale.com>
**Sent:** Wednesday, July 24, 2019 12:31 AM
**To:** Jeffrey Theodore <Theodore@braunhagey.com>
**Cc:** Amadi, Brittany <Brittany.Amadi@wilmerhale.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Message from MASSACHUSE CALL (+16178238514)

Jeff,

We disagree with almost all of the assertions in your e-mail.

MillerCoors' position on this issue is consistent with each and every prior statement it has made with regard to inspection of items collected from the Archive. In response to Interrogatory Nos. 7, 14, and 22, MillerCoors stated that it would make physical items collected from the Archive and responsive to the Interrogatories available for inspection. In Ms. Harris' 30(b)(6) deposition I repeated this offer. At no point in any of the parties' communications did MillerCoors state or suggest that Stone Brewing would be permitted to inspect the Coors Archives. Stone Brewing did not serve further discovery requests regarding the Archive itself, nor did it seek an inspection pursuant to FRCP 34(a)(2). As stated previously, it is too late to do so now as fact discovery closed more than six weeks ago.

Your attempt to create yet another discovery dispute six weeks after the close of discovery by mischaracterizing Stone Brewing's RFPs 41 and 42 is similarly unsuccessful. Neither of those requests asks for "all historical *Keystone* materials," as you have repeatedly suggested. As you note, we have already gone back and forth on this issue, and MillerCoors agreed to and did produce additional items collected from the Coors Archive. MillerCoors was under no obligation to produce these additional materials, and did so only to avoid a dispute and to save the time and resources of the parties and the court. Furthermore, as MillerCoors has explained previously, documents reflecting historic Keystone marketing and advertising were collected from a variety of sources, only one of which was the Coors Archive. Thus, MillerCoors has produced representative samples of packaging and marketing materials, both with and without references to STONE/STONES.

Accordingly, MillerCoors rejects Stone Brewing's claim of right to hold Ms. Harris' deposition open based on its belated and improper demand to inspect the Coors Archives. The items that MillerCoors collected and produced from the archives will be available for inspection in the WilmerHale office tomorrow, July 24th at noon MT. If Stone Brewing wishes to inspect them, please let us know who will attend the inspection so that we may inform security.

Regards,

Vinita

Vinita Ferrera | **WilmerHale**
60 State Street
Boston, MA 02109 USA

2

**EXHIBIT 7**
**Page 70**

+1 617 526 6208 (t)
+1 617 526 5000 (f)
vinita.ferrera@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Jeffrey Theodore <Theodore@braunhagey.com>
**Sent:** Tuesday, July 23, 2019 11:05 AM
**To:** Ferrera, Vinita <Vinita.Ferrera@wilmerhale.com>
**Cc:** Amadi, Brittany <Brittany.Amadi@wilmerhale.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <Schumer@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Message from MASSACHUSE CALL (+16178238514)

**EXTERNAL SENDER**

Vinita,

Your position mischaracterizes Stone's discovery requests and is a serious departure from your prior representations and the Parties' prior understanding regarding the scope of our access to historical Keystone material. Preventing us from inspecting anything other than MC's carefully selected set of Keystone historical materials is highly unfair and prejudicial. Moreover, the timing of this disclosure prevents us from obtaining resolution of this issue before we would need to get on a plane to Denver.

Your characterization of RFPs 41 and 42 is doubly wrong. First, RFP seeks "representative samples of *each and every form*" of marketing materials, etc "sufficient to show *every manner of presentation* of Your Keystone Products in each type of advertisement or promotional material from 1989 to Present." In other words, one representative of each piece or design of historical marketing material that MC has put out. In your email, you simply excise the key language of the RFP.

Regardless, MillerCoors has not produced representative samples even under your tendentiously narrow reading of RFPs 41 and 42. MillerCoors has made a selective production focusing on those historical materials that use the word Stone, not an even sampling that is representative of the full sweep of Keystone materials.

We previously went back and forth on this issue, and you agreed to resolve the matter through an additional production and an inspection. At the previous Harris deposition itself, you offered an inspection and noted that "all of these items are available in the archives." Similarly, you agreed to produce additional materials, and when I memorialized my expectation that those would include "examples of each piece of marketing since 1989 as called for in the RFP" and "samples showing each can and packaging design of Keystone beer since 1989 as required by RFP 42," you did not dispute my understanding. Based on that understanding, we did not raise this issue with the Court at the time. Unfortunately, not only did you fail to make a full production, but now you are refusing an inspection as well in violation of our prior understanding.

That you are only telling us now that you will not permit a true inspection of the Coors archive is itself highly prejudicial, especially in light of the tight deadlines the Parties are under. A week ago, we reiterated our desire to "conduct an inspection of the Coors *archive*" in advance of the Harris deposition. Yet, you waited until yesterday to inform us that you would not permit any inspection of the archive itself nor of anything other than a highly circumscribed set of Keystone materials carefully selected to support MC's position in this matter. Then, after I responded within three

3

EXHIBIT 7
Page 71

hours, you waited another day to confirm that you will not permit a full inspection. Either you were consulting with your client during that time and made a strategic decision not to permit a full inspection of historical Keystone materials or had already made up your mind and simply chose to delay confirming your position.

As a result of your delay, there is no time to resolve this with the Court in time to get on a plane and conduct a real inspection of the archive tomorrow in advance of the Harris deposition. Therefore, we will need to keep the Harris deposition open. We reserve the right to re-depose her after the Court gives us full access to MC's historical keystone materials.

More broadly, MC's refusal to give Stone access to the full scope of historical Keystone materials is highly improper and seriously prejudices Stone in this litigation. MillerCoors has made its historical use of "Stone" and "Stones" and the supposed centrality of those terms to its historical brand identity its primary defense in this case. Depriving Stone of access to the full sweep of MC's historical materials and making only a carefully selected production of that portion of Keystone's history that supports MC's litigation position is fundamentally unfair. Stone needs to be able to assess the significance of MC's purported use of "Stone" and "Stones" in the context of the full scope of historical Keystone advertising. If MillerCoors does not give us access to its full scope of historical Keystone materials, we reserve the right to object to introduction of any evidence of historical Keystone advertising.

Jeff

---

**From:** "Ferrera, Vinita" <Vinita.Ferrera@wilmerhale.com>
**Date:** Tuesday, July 23, 2019 at 7:15 AM
**To:** Jeffrey Theodore <Theodore@braunhagey.com>
**Cc:** "Amadi, Brittany" <Brittany.Amadi@wilmerhale.com>, Noah Hagey <hagey@braunhagey.com>, Bram Schumer <Schumer@braunhagey.com>, Toby Rowe <rowe@braunhagey.com>
**Subject:** Re: Message from MASSACHUSE CALL (+16178238514)

Jeff,

Your assertion that you "intend to inspect all historical Keystone materials, including all primary and secondary packaging, all marketing, promotional, and advertising materials, and all memorabilia" is wholly without basis. As we have previously stated, RFPs 41 and 42 do not seek "all historical Keystone materials," but rather

only "[r]epresentative samples" of the forms or types of marketing materials for Keystone and of the cans and packaging for Keystone, which we have produced.

Further, your claim of right to inspect the archive itself is similarly baseless. MillerCoors' responses to Interrogatory Nos. 7, 14, and 22 made clear that only the physical items collected from the Coors archives and produced in this litigation would be made available for inspection. At no time did Stone Brewing serve any further discovery requests regarding the archive itself or seek an inspection pursuant to FRCP 34(a)(2), and it is too late to do so now as fact discovery in this case closed more than six weeks ago. Further, any such request would have been wholly irrelevant to the parties' dispute, as the archive contains tens of thousands of items from all of the past and present Coors brands.

Accordingly, consistent with the offer set forth in our discovery responses, we will make the physical items collected from the Coors archives and produced in this litigation available for inspection at WilmerHale's Denver office on July 24 at noon MT. Please let us know by 11 MT today if you plan to proceed with the inspection of these items at that time.

Regards,

Vinita

On Jul 22, 2019, at 8:27 PM, Jeffrey Theodore <Theodore@braunhagey.com> wrote:

> **EXTERNAL SENDER**
>
> Vinita,
>
> To clarify my email below, the first sentence should read that we intend to inspect all historical *Keystone* materials . . . . Please let me know as soon as possible whether Miller Coors will permit an in situ inspection of all historical Keystone materials on Wednesday as we need to make travel plans. Letting us see the subset of materials that MC has chosen to produce in a conference room at WilmerHale is not a meaningful inspection.
>
> Thanks,
>
> Jeff

Jeffrey M. Theodore
**BRAUNHAGEY & BORDEN** LLP
Direct: (415) 599-0219

---

**From:** Jeffrey Theodore
**Sent:** Monday, July 22, 2019 1:20 PM
**To:** Ferrera, Vinita <Vinita.Ferrera@wilmerhale.com>
**Cc:** Amadi, Brittany <Brittany.Amadi@wilmerhale.com>; Noah Hagey <hagey@braunhagey.com>; Bram Schumer <schumer@braunhagey.com>; Toby Rowe <rowe@braunhagey.com>
**Subject:** RE: Message from MASSACHUSE CALL (+16178238514)

Vinita,

Stone intends to inspect all historical Stone materials, including all primary and secondary packaging, all marketing, promotional, and advertising materials, and all memorabilia, including all material described in Stone RFPs 41 and 42. This should not be limited to the articles that MillerCoors has produced in this action, which was MillerCoors's selection of historical materials. We are entitled to review all historical materials and to do so *in situ* as they have been preserved, so that we may assess the archive itself and the archival evidence of preservation. Please confirm that you will permit this full inspection.

Thanks,

Jeff



Jeffrey M. Theodore
**BRAUNHAGEY & BORDEN** LLP
Direct: (415) 599-0219

---

**From:** Ferrera, Vinita <Vinita.Ferrera@wilmerhale.com>
**Sent:** Monday, July 22, 2019 10:42 AM
**To:** Jeffrey Theodore <Theodore@braunhagey.com>
**Cc:** Amadi, Brittany <Brittany.Amadi@wilmerhale.com>
**Subject:** RE: Message from MASSACHUSE CALL (+16178238514)

Jeff,

This schedule is consistent with our understanding as well, but please confirm ASAP whether Stewart's deposition will be on 8/2 or 8/6.

As set forth in our responses to Stone Brewing's Interrogatory Nos. 7, 14, and 22, MillerCoors will make available for inspection the physical articles collected from the MillerCoors archives in response to Stone Brewing's discovery requests. These items can be made available on July 24 at noon MT in WilmerHale's Denver office. Please identify the articles that Stone Brewing intends to inspect by noon MT tomorrow.

Regards,

Vinita

**Vinita Ferrera | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6208 (t)
+1 617 526 5000 (f)
vinita.ferrera@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Jeffrey Theodore <Theodore@braunhagey.com>
**Sent:** Monday, July 22, 2019 1:19 AM
**To:** Ferrera, Vinita <Vinita.Ferrera@wilmerhale.com>
**Cc:** Amadi, Brittany <Brittany.Amadi@wilmerhale.com>
**Subject:** Re: Message from MASSACHUSE CALL (+16178238514)

**EXTERNAL SENDER**

Vinita,

Here is my understanding of the current schedule.

July 24: Cissel
July 25: Kallenberger
July 25: Harris (conditional on our getting an inspection of the archive; please apprise re status of that ASAP)
July 31: Hernandez
August 2 or 6: Stewart
August 5: Hosfield
August 7: Distler
August 9: Stec
Sept 5: Poret

Jeff