J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (324823)
theodore@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
rowe@braunhagey.com
Bram Schumer, Esq. (SBN: 317736)
schumer@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>   Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>   Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-LL<br><br>**PLAINTIFF STONE BREWING CO., LLC'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S SUMMARY JUDGMENT BRIEFS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**<br><br>District Judge: Hon. Roger T. Benitez<br>Magistrate Judge: Hon. Linda Lopez<br><br>**Date:**   November 25, 2019<br>**Time:**   10:30 a.m.<br>**Judge:**  Hon. Roger T. Benitez<br>**Ctrm:**   5A<br><br>Complaint filed: February 12, 2018 |

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 4

ARGUMENT ....................................................................................................................... 4

    A.    MillerCoors's Improperly Withheld Historical Keystone Materials, Contradicting its Representations to the Court ....................................................... 5

    B.    MillerCoors Improperly Withheld Documents Showing Direct Competition Between Economy and Craft, Contradicting its Representations to the Court .... 7

    C.    The Court Should Strike MillerCoors's References to Past Use of "STONE" or "STONES" and Competition Between Economy and Craft ................................... 9

CONCLUSION .................................................................................................................. 11

CERTIFICATE OF SERVICE .......................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................ 4

*In re Katz Interactive Call Processing Patent Litig.*,
  No. 07ML01816BRGKFFMX, 2009 WL 10676151 (C.D. Cal. Mar. 23, 2009) ... 10

*In re Questcor Sec. Litig.*,
  2013 WL 5486762 (C.D. Cal. Oct. 1, 2013) ...................................................... 4, 10

*James Stewart Entm't, LLC v. L&M Racing, LLC*,
  No. EDCV1249JGBSPX, 2013 WL 12248146 (C.D. Cal. June 28, 2013) ........ 4, 10

*Metabolife Int'l, Inc. v. Wornick*,
  264 F.3d 832 (9th Cir. 2001) ............................................................................... 4, 9

*New West Corp. v. NYM Co. of Cal.*,
  595 F.2d 1194 (1979) ................................................................................... 5, 6, 7, 8

*Qualcomm v. Broadcom Corp.*,
  05CV1958-B (BLM), 2008 WL 66932 (S.D. Cal. Jan. 7, 2008) ........................... 10

*R & R Sails v. Ins. Co. of State of Pa.*,
  251 F.R.D. 520 (S.D. Cal. 2008) ........................................................................... 10

*Ready Transp. v. AAR Mfg.*,
  627 F.3d 402 (9th Cir. 2010) .................................................................................. 4

*Rearden LLC v. Rearden Commerce, Inc.*,
  683 F.3d 1190 (9th Cir. 2012) ................................................................................ 5

*Whotoo, Inc. v. Dun & Bradstreet, Inc.*,
  No. C15-1629-RAJ, 2017 WL 635774 (W.D. Wash. Feb. 16, 2017) ................ 4, 10

*Zubulake v. UBS Warburg*,
  229 F.R.D. 422 (S.D.N.Y. 2004) ........................................................................... 10

## RULES

Fed. R. Civ. P. 11 ...................................................................................................... 1, 5
Fed. R. Civ. P. 56(c) ...................................................................................................... 9

## OTHER AUTHORITIES

McCarthy on Trademarks § 3:4 .................................................................................... 5

# INTRODUCTION

Plaintiff Stone Brewing ("Stone") brings this motion to address MillerCoors's egregious misconduct in knowingly failing to produce thousands of pages of key documents that directly contradict the arguments it presented at summary judgment and has sought to advance throughout this litigation. The withheld evidence includes MillerCoors's archival Keystone marketing materials and sales catalogs that do not reference the word STONE and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. As MillerCoors knows, this material cuts directly against its core arguments, yet it knowingly chose to withhold the documents in blatant violation of its discovery obligations, its representations to Stone, and this Court's scheduling orders.

MillerCoors's decision to hide this material from Stone through the close of summary judgment briefing continues the pattern of discovery misconduct that has led Judge Lopez to grant at least five separate motions to compel on at least eighteen separate discovery issues, is highly prejudicial to Stone, and implicates MillerCoors's duty of candor to the tribunal. *See* Fed. R. Civ. P. 11.[1] The withheld evidence directly contradicts MillerCoors's representations to the Court in support of its Motion for Summary Judgment and Opposition to Stone's Motion.

Stone accordingly requests that the Court strike MillerCoors's Motion for Summary Judgment and Opposition to Stone's Motion to the extent they refer to or rely on either (i) MillerCoors's alleged past use of "STONE" and "STONES" or (ii) the alleged lack of competition between craft and economy beer. In the alternative, Stone respectfully requests leave, on shortened time, to file a Supplemental Brief of

---

[1] Stone's broader request for discovery sanctions under Rule 37, including terminating sanctions, is presently before Judge Lopez in accordance with her October 8, 2019 Order, Dkt. 258. The instant Motion addresses only the prejudice relating to the summary judgment motions pending before this Court.

no more than ten pages to bring the documents MillerCoors withheld to the Court's attention and explain their relevance to this dispute as this Motion does not contain a full description or compendium of the withheld evidence.

## BACKGROUND

MillerCoors has made its alleged historical use of "STONE" and "STONES" central to its defenses and counterclaims in this action. In its Answer and Counterclaims, and most recently in its Motion for Summary Judgment and Opposition to Stone's Motion, MillerCoors asserts that it "placed its "THE'STONE" logo on hats, frisbees, coolers, and other similar promotional merchandise, which were then advertised through Coors Merchandise catalogues that were distributed nationwide." Dkt. No. 170-1 at 15. As evidence of its so-called "priority" defense, MillerCoors relied on 10 alleged examples of prior Keystone packaging and 18 alleged examples of marketing materials, most of which are not actual items but blowbacks from negatives stored in the Coors Archive.[2]

However, as detailed in Stone's Motions to Compel and for Sanctions and Judge Lopez's Order granting the same (Dkt. Nos. 218, 250, 260/261), MillerCoors selectively withheld from production the vast bulk of historical Keystone documents from its Archive because they did not mention STONE or STONES. MillerCoors also withheld all of its sales catalogs that show what marketing material was actually released into commerce.

Stone learned of this selective withholding of historical Keystone materials only at the May 29, 2019 deposition of MillerCoors's corporate archivist, two days before the close of fact discovery. Dkt. No. 218 at 3-4. To avoid motion practice, MillerCoors agreed to supplement its production. *Id*. at 4-5. But rather than make

---

[2] These alleged Keystone marketing and packaging materials are appended as exhibits to MillerCoors's Motion for Summary Judgment. *See* Dkt. No. 174, Exs. 9-18, 35, 36, 38, 57, 58, 59, 60, 61 (marketing materials) and Exs. 19-24, 27, 28, 37, 53 (packaging materials).

1 good on its promise, MillerCoors continued to withhold the vast bulk of its historical
2 Keystone materials that do not refer to STONE or STONES. *Id*. at 6-7. That
3 included ██████████████████████████████████████████████
4 ████████████████████████████████████████████████████
5 ████████████████████████████████████████████████████
6 ████████████████████████████████████ *Id*. at 6-7; Dkt. No. 260 at 2-4, 6-7.

 As a result, it was not until September 17, 2019, a week after summary
8 judgment replies were due that Judge Lopez ruled that MillerCoors's arguments were
9 "without merit," that it "cannot cherry pick which documents to produce," and that it
10 must make a full production of historical Keystone materials. Dkt. No. 250 at 10.
11 Only on September 22, 2019, in response to Judge Lopez's Order and after resisting
12 production for months, did MillerCoors produce the hundreds of previously-withheld
13 examples of Keystone marketing materials and packaging that do not use "STONE"
14 or "STONES" at all.

 MillerCoors also withheld critical documents contradicting its representations
16 to the Court that "economy" beers like Keystone and "craft" beers like Stone do not
17 compete for customers. *See* Dkt. No. 170-1 at 11-12. Stone learned of this
18 withholding only on September 17, 2019, when MillerCoors's strategy consultants at
19 Boston Consulting Group (BCG) produced ████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████ ████████████████████████
23 Not only did MillerCoors fail to produce these documents itself, but it instructed
24 BCG to delay its production of the documents for more than two months, until after
25 the completion of summary judgment briefing. *See* Dkt. No. 260 at 4.

 MillerCoors's withholding of these critical documents was part of a broad
27 pattern of discovery misconduct that has prejudiced Stone's ability to obtain relevant
28 documents and information in this action. Stone has been forced to file five

successful motions to compel on eighteen distinct discovery issues after MillerCoors refused to produce relevant, non-privileged documents and information. *See* Dkt. Nos. 81, 88, 115, 124, and 218. In numerous other instances, MillerCoors relented only after Stone initiated the pre-motion conference process with the Court. Stone still does not know the full extent of MillerCoors's withholding of documents. Nonetheless, with summary judgment motions pending, Stone submits this motion so that it can update the record with information that has just been produced.

## LEGAL STANDARD

"It is well established that district courts have inherent power to control their docket." *Ready Transp. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted). "This power includes the authority to strike from the docket material that is improperly part of the record, such as material that is procedurally improper or that fails to comply with the Court's rules or orders," *In re Questcor Sec. Litig.*, 2013 WL 5486762, at *1 (C.D. Cal. Oct. 1, 2013), or "to strike items from the docket as a sanction for litigation conduct." *Ready Transp.*, 627 F.3d at 404.

## ARGUMENT

MillerCoors's selective withholding of historical Keystone materials has allowed it to present a highly inaccurate picture of its alleged historical use of "STONE" and "STONES" and obscured key evidence from Stone and the Court. Summary judgment is not properly granted "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986)). Accordingly, courts routinely strike motions for summary judgment when the moving party has improperly withheld responsive documents and information until after briefing is complete. *See James Stewart Entm't, LLC v. L&M Racing, LLC*, No. EDCV1249JGBSPX, 2013 WL 12248146, at *9 (C.D. Cal. June 28, 2013); *Whotoo,*

*Inc. v. Dun & Bradstreet, Inc.*, No. C15-1629-RAJ, 2017 WL 635774, at *2 (W.D. Wash. Feb. 16, 2017).

Here, MillerCoors improperly withheld explosive documents that directly contradict its representations to the Court, depriving Stone of the opportunity to conduct discovery and implicating MillerCoors's duty of candor to the tribunal under Rule 11. The Court should strike the offending portions of MillerCoors's Motion for Summary Judgment and Opposition to Stone's Motion.

**A. MillerCoors's Improperly Withheld Historical Keystone Materials, Contradicting its Representations to the Court**

MillerCoors's Motion for Summary Judgment and Opposition to Stone's Motion both hinge on the claim that MillerCoors has a "priority" right to use "STONE" and "STONES" to sell beer. *See* Dkt. No. 170-1 at 4; Dkt. No. 202 at 20-21. To establish priority, MillerCoors must show that it has continuously used "STONE" and "STONES" as trademarks since prior to 1996. Isolated or inconsistent uses are insufficient because "[n]ot every single word, phrase, design or picture that appears on a label webpage, or in an advertisement qualifies as a protectable mark or trade dress." McCarthy on Trademarks § 3:4; *see also Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1204 (9th Cir. 2012) (A mark "is not meritorious of trademark protection until it is used in public in a manner that creates an association among consumers between the mark and the mark's owner").

MillerCoors's own summary judgment authority establishes that it is the "totality of [a defendant's] prior actions, taken together" that determine whether it has a right to the mark and that the prior use must have "been of such nature and extent as to create an association of the goods or services and the mark with the user thereof." *New West Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1200 (1979). Yet, MillerCoors chose to withhold the "totality" of its historical Keystone advertising so that it could fabricate the truth in its summary judgment motion as to the extent, consistency, and significance of its use of "STONE" and "STONES." As Judge

Lopez found, MillerCoors "cherry picked" for production those historical materials that appeared to support its position while withholding substantially all contrary documentation. Dkt. No. 250 at 10. While MillerCoors's Motion for Summary Judgment offers just ***18 examples*** of supposed marketing materials and ***10 examples*** of alleged Keystone packaging, for more than a year MillerCoors has knowingly withheld ***hundreds of examples*** of Keystone marketing materials and packaging that do not use "STONE" or "STONES" at all. *See* Hagey Decl. ¶ 2 & Exs. 1-4.

The late-produced materials directly contradict MillerCoors's representations to the Court because they show that MillerCoors's purported use of "STONE" or "STONES" was neither continuous nor widespread. For example, MillerCoors claims that "STONE" or "STONES" "appeared prominently on every 30-pack sold starting in at least 1995 and continued to be used on those and other pack sizes through to the present day." MSJ, Dkt. No. 170-1 at 4; *see* Opp. to Stone MSJ, Dkt. No. 202 at 20-21; Answer & Counterclaims, Dkt. No. 19 at 12-15. But the late-produced documents include dozens of examples of "other pack sizes" including Keystone 24-packs, 18-packs, 12-packs, and 6-packs, *not a single one of which uses "STONE" or "STONES."* Hagey Decl. Exs. 1-2. In light of these documents, MillerCoors's claim that "STONES" has continuously been used on "other pack sizes" besides the 30-pack is plainly false. Nor is there *any* evidence of MillerCoors using the singular "STONE" on outer packaging. *Id*. This is a far cry from the so-called "continuous" use of "STONE" and "STONES" alleged in MillerCoors's briefing.

The new evidence also undermines MillerCoors's claim that any of its STONE/STONES historical images – the vast majority of which consist of blowbacks from negatives, not actual items – were actually introduced into commerce. On Summary Judgment, MillerCoors represented to the Court that "MillerCoors placed its "THE 'STONE" logo on hats, frisbees, coolers, and other similar promotional merchandise, *which were then advertised through Coors*

*Merchandise catalogues that were distributed nationwide*." Dkt. No. 170-1 at 15 (emphais added). Despite this representation, MillerCoors withheld all of its historical Keystone marketing catalogs from Stone – and the late production shows why. MillerCoors has now produced its annual catalogs used to sell Keystone promotional items between 1991 to 2011. Hagey Decl. Ex. 3. The catalogs contain dozens upon dozens of examples of Keystone marketing materials actually released into commerce – but there are only *two designs* that use the words "STONE" or "STONES" anywhere at all, and both date from 2011. *Id.* Of course, that is more than a decade after Stone obtained nationwide priority by registering its STONE® trademark.

Taken together, the late-produced documents show that MillerCoors's supposed uses of "STONE" or "STONES" were isolated and virtually non-existent, far from what would have been required to show an "association of the goods or services and the mark with" Keystone. *New West Corp.*, 595 F.2d at 1200. Yet, MillerCoors's selective and intentional withholding of these documents has deprived Stone of the opportunity to make use of them on summary judgment briefing and in the case more generally.

**B.   MillerCoors Improperly Withheld Documents Showing Direct Competition Between Economy and Craft, Contradicting its Representations to the Court**

Similarly, MillerCoors withheld its internal analyses directly contradicting its claims on summary judgment that so-called "economy" beers like Keystone and "craft" beers like Stone do not compete. *See* Dkt. No. 170-1 at 11-12. MillerCoors represented to the Court that "[n]owhere in any of the thousands of pages of documents that MillerCoors has produced relating to the Keystone refresh is there **even one document** indicating that MillerCoors sought to leverage Stone Brewing's STONE mark, that it viewed Stone Brewing (or any other craft brand) as a competitor for Keystone Light." *Id*. (emphasis added). What MillerCoors failed to tell the Court was that ■■■■■■■■■■■■

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but had chosen to withhold these documents
2  from production and then affirmatively prevented its third-party strategy consultant
3  BCG from disclosing the documents in advance of summary judgment.
4–20  

21  These documents were sent to or from MillerCoors email addresses and should
22  have been produced in discovery.  MillerCoors not only chose not to produce these
23  documents during party discovery but affirmatively acted to prevent BCG from
24  producing the documents until after summary judgment briefing was complete.  Dkt.
25  260/261 at 4.  MillerCoors received an advance copy of BCG's production on or
26  around July 17, 2019.  *Id*.  MillerCoors's counsel instructed BCG not to produce
27  documents to Stone for more than *eight weeks* so that MillerCoors could pre-screen
28  them, by which point the deadlines for summary judgment briefing had passed.  *Id*.

1  In other words, at the time MillerCoors filed its Motion and Opposition, it was in
2  possession of a production set of documents directly contradicting its claims about
3  the lack of overlap between craft and economy beer, but it prevented Stone from
4  obtaining those documents until after briefing was complete.

5        **C.    The Court Should Strike MillerCoors's References to Past Use of "STONE" or "STONES" and Competition Between Economy and Craft**

7        By withholding documents that disprove its key summary judgment
8  arguments, MillerCoors presented a materially false factual record to the Court and
9  prevented Stone from rebutting that argument with documentary evidence.  The
10  Court should not permit that.  Summary judgment presupposes that the parties have
11  had a reasonable opportunity to obtain accurate discovery responses.  *See* Fed. R.
12  Civ. P. 56(c) (summary judgment appropriate only "if the pleadings, *the discovery*
13  *and disclosure materials on file*, and any affidavits show that there is no genuine
14  issue as to any material fact and that the movant is entitled to judgment as a matter of
15  law.").  Accordingly, summary judgment is not appropriate "where the nonmoving
16  party has not had the opportunity to discover information that is essential to its
17  opposition." *Metabolife*, 264 F.3d at 846.

18        Here, the record shows that MillerCoors intentionally withheld critical
19  documents from Stone until after the summary judgment deadline. ▓▓▓▓
20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Indeed, MillerCoors did not produce the material
23  even after promising Stone that it would do so, thereby delaying for months Stone's
24  ability to move to compel.  *Id*.; Dkt. No. 218 at 4-7. ▓▓▓▓▓▓▓▓▓▓
25  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Similarly, MillerCoors not only
27  failed to search its own repositories for the documents produced by BCG but had
28  BCG's proposed production for two months only to withhold it while summary

judgment briefing came and went. Dkt. No. 260 at 4. This is egregious and intentional misconduct that warrants sanctions.[3]

In similar cases, courts have routinely stricken the offending party's motion to remedy this misconduct and cure prejudice to the non-moving party. *See Whotoo*, 2017 WL 635774, at *2 (striking violator's summary judgment motion in its entirety); *James Stewart Entm't,* 2013 WL 12248146, at *9 (striking late-produced evidence from violator's summary judgment motion). Here, withholding of historical documents effectively deprived Stone of the opportunity to conduct discovery on MillerCoors's primary defense. As such, MillerCoors's references to alleged "prior uses" of "STONE" and "STONES" are not properly part of the record and should be stricken pursuant to the Court's inherent authority. *See also Questcor*, 2013 WL 5486762, at *1.

In the alternative, Stone respectfully requests leave to file a ten-page supplemental brief attaching the late-produced documents – the bulk of which are not attached to or addressed in this motion – and explaining how they are relevant to the issues on the pending summary judgment motions. Where late-produced documents contradict a party's position at summary judgment, courts in this Circuit have granted the opposing party leave to address these documents in supplemental briefing. See In re Katz Interactive Call Processing Patent Litig., No. 07ML01816BRGKFFMX, 2009 WL 10676151, at *2 (C.D. Cal. Mar. 23, 2009) (granting leave to file surreply

---

[3] As detailed in Stone's pending Motion for Further Sanctions, Dkt. No. 260/261, MillerCoors's failure to undertake a complete search for documents, together with its willful withholding of responsive materials, merits serious sanctions. *See Qualcomm v. Broadcom Corp.*, 05CV1958-B (BLM), 2008 WL 66932, at *7 (S.D. Cal. Jan. 7, 2008) (sanctions for inadequate "document search and production"); *R & R Sails v. Ins. Co. of State of Pa.*, 251 F.R.D. 520, 528 (S.D. Cal. 2008) (imposing sanctions for "failure to search for and timely produce electronically-stored information"); *Zubulake v. UBS Warburg*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) ("Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched.").

addressing late-produced documents on motion for summary judgment). Here, the late-produced documents received from MillerCoors and BCG contain explosive evidence that contradicts the positions that MillerCoors has taken in its summary judgment briefing regarding the nature of alleged past uses of "STONE" and "STONES," the reasons for the Keystone Rebrand, and the competition between craft and economy beer, among other issues. While this motion provides a summary, it is not a full description of the withheld material. Fundamental fairness dictates that Stone be given an opportunity to address these arguments based on the late-produced documents, all of which should have been produced well in advance of summary judgment.

## CONCLUSION

For the foregoing reasons, Stone respectfully requests that the Court strike MillerCoors's Motion for Summary Judgment and Opposition to Stone's Motion for Summary Judgment to the extent MillerCoors relies on alleged "prior use" of "STONE" or "STONES" or the extent of competition between economy and craft beer. In the alternative, Stone respectfully requests leave to file a ten-page supplemental brief addressing the late-produced documents in detail.

Dated: October 18, 2019

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: s/ J. Noah Hagey
      J. Noah Hagey

*Attorneys for Stone Brewing Co., LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2019, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

s/ J. Noah Hagey
J. Noah Hagey
