UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>                                        Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>                                        Defendant<br><br>_____<br><br>AND RELATED COUNTERCLAIMS. | Case No.:  18cv331-BEN-LL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY SANCTIONS**<br><br>**[ECF No. 261]**<br><br>**REDACTED** |

Currently before the Court is Plaintiff Stone Brewing's Motion for Further Discovery Sanctions [see ECF Nos. 261, 280 ("Mot.")], Defendant's opposition to the motion [see ECF Nos. 265, 279 ("Oppo.")], and Plaintiff's October 21, 2019 reply [see ECF Nos. 274, 282 ("Reply")].  This Report and Recommendation is submitted to the Honorable Roger T. Benitez, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 because the order makes recommendations regarding evidentiary sanctions including but not limited to adverse inference instructions.  For the reasons set forth below, the Court **RECOMMENDS** that United States District Judge Benitez issue an order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Plaintiff's

request to strike MillerCoors's defenses and counterclaims to the extent they allege prior use of "STONE" or "STONES" and the alleged lack of competition between economy and craft beer; (3) **DENYING** Plaintiff's request to instruct the jury that MillerCoors withheld material evidence and that an adverse inference may be drawn from that fact; (4) **DENYING** Plaintiff's request to require MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts; (5) **GRANTING** Plaintiff's request to supplement its expert reports to take account of the newly produced materials; (6) **DENYING** Plaintiff's request for additional discovery on ███████████████; and (7) **GRANTING IN PART** and **DENYING IN PART** Plaintiff's request for monetary sanctions.

## RELEVANT DISCOVERY BACKGROUND

On September 5, 2019, Plaintiff filed a Motion to Compel and for Sanctions for Discovery Violations. ECF No. 218. In the motion, Plaintiff argued that Defendant failed to make a "full production of historical Keystone Materials" [in response to RFP Nos. 41 and 42]. Id. Plaintiff requested an "on-site inspection of the historical items in their locations in the Coors archive" and an additional deposition of Ms. Heidi Harris. Id. at 14-15. Plaintiff also requested sanctions. See id. at 15-18. MillerCoors opposed the motion, and Stone filed a reply. ECF Nos. 221, 224. On September 17, 2019, the Court issued an order granting in part and denying in part Plaintiff's motion for the requested discovery and for sanctions. ECF No. 250. Specifically, the Court ordered MillerCoors to make a full production of the historical Keystone materials in response to RFP Nos. 41 and 42 on or before September 20, 2019, and also ordered Ms. Heidi Harris to appear for a follow-up video deposition on or before September 27, 2019. Id. at 13. The Court denied Stone's request for an inspection of the Coors archive and for evidentiary and/or monetary sanctions. Id.

On October 8, 2019, counsel for the parties contacted the Court regarding Plaintiff's instant request for sanctions on the basis that Defendant has systemically failed to comply

with its discovery obligations in this case. The Court issued a briefing schedule. ECF No. 258. The parties filed their pleadings in accordance with the briefing schedule. <u>See</u> Mot, Oppo., and Reply.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 37 empowers the Court to issue sanctions where a party fails to obey a previous order to provide discovery. The Rule provides for various sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37 and can impose any sanction it sees as just. <u>Von Brimer v. Whirlpool Corp.</u>, 536 F.2d 838, 844 (9th Cir. 1976). "When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case." <u>Daniels v. Jenson</u>, 2013 WL 1332248, at *2 (D. Nev. Mar. 11, 2013).

/ / /

/ / /

## SUMMARY OF PARTIES' POSITIONS

Stone argues that the newly ordered discovery and Court-ordered deposition of Ms. Harris "has shown that MillerCoors's misconduct on this score was even more severe than previously understood." Mot. at 6. First, ██████████████████████████████████████████████████████████████████████████████████████ Id. Second, Stone argues that recent third-party productions, from Boston Consulting Group [hereinafter "BCG"] and Andrews Distributing, reveal further withholding of documents. Id. at 7. Finally, Stone argues that it learned for the first time at the settlement conference on October 2, 2019 ████████ ████████████████████████████████████████████████████████████████████████████████ Id. at 8. Stone argues that these "recent revelations demonstrate MillerCoors's repeated and systematic failure to comply" with its discovery obligations in this case and thus warrant a variety of requested sanctions. Id. at 8.

MillerCoors opposes Stone's Motion on the following grounds: (1) with respect to the historical Keystone materials, "MillerCoors has already produced **all** remaining Keystone marketing and packaging materials from the Coors Archive as ordered by the Court;" (2) with respect to the recent third-party productions from BCG and Andrews Distributing, MillerCoors conducted a "thorough and reasonable search for documents responsive to the requests Stone Brewing **actually served** based on the parties' agreed-upon [ESI] protocol and produced almost 3,000 such documents,[] such that Stone Brewing can show no prejudice;" and (3) ████████████████████████████████████████ ████████████████████████████████████████████████████████ Oppo. at 3 (emphasis in original).

## DISCUSSION

### 1. Historical Keystone Marketing Materials

#### a. Parties' Positions

The first category of documents Plaintiff cites in support of the request for sanctions

is the Keystone marketing materials, including those that do not include "STONE" or "STONES."[1] Mot. at 5-7. Plaintiff states that it raised this issue with the Court previously in its September 5, 2019 Motion to Compel and for Sanctions [ECF No. 218], and the Court granted Plaintiff's Motion to Compel "a full production of historical Keystone materials in response to RFP Nos. 41 and 42 [on or before September 20, 2019]." Mot. at 5-6; see also ECF No. 250. Plaintiff argues that "[f]ollowing the Court's September 17, 2019 Order on Stone's Motion to Compel, MillerCoors produced hundreds of examples of historical Keystone marketing materials on or about September 22, 2019." Hagey Decl. ¶ 4. Plaintiff argues that this production included "hundreds of previously-undisclosed images of historical Keystone marketing materials that do not include the word 'STONE.'" Mot. at 6; see also Hagey Decl. ¶ 4. Plaintiff further argues that "MillerCoors again took the opportunity to produce new, high-resolution, blown-up images of its 'STONE' historical materials, while not producing equivalent images of the non-'STONE' historical materials that it was ordered to produce." Mot. at 6 (citing Hagey Dec. ¶¶ 4-8; Exs. 1-4). Plaintiff argues that "[t]he newly-produced documents show that, contrary to its claims, MillerCoors's historical use of 'STONE' and 'STONES' was neither continuous nor widespread." Mot. at 10. For example, Plaintiff states that the late-disclosed "catalogues contain dozens upon dozens of examples of Keystone marketing materials actually released into commerce – but there are only two designs that use the word 'STONE' or 'STONES,' both from 2011." Id. (citing Hagey Decl. Exs. 1-4). Plaintiff argues that "[b]ecause MillerCoors improperly withheld the unfavorable historical Keystone materials, Stone was prevented from conducting follow-up discovery on and challenging MillerCoors's claims in summary judgment briefing." Mot. at 10.

---

[1] Plaintiff states that "[t]he historical Keystone marketing materials and packaging are some of the most critical documents in this action because they undermine the cornerstone of MillerCoors's defense [that it 'continuously' used the terms 'STONE' on Keystone marketing and packaging since the early 1990's]." ECF No. 261 at 9.

Plaintiff argues that "[s]electively withholding responsive documents because they are unfavorable is an *egregious* form of discovery abuse that warrants the most severe sanctions available." Mot. at 12 (emphasis in original). Plaintiff further argues that "MillerCoors's failure to undertake a complete search for documents is equally sanctionable." Id. (internal case citations omitted). Plaintiff states that "fact and expert discovery is long complete, and Stone would be heavily prejudiced by having to re-open it at this late juncture." Id. at 13. Plaintiff further states that "MillerCoors has deprived Stone of the opportunity to take entire lines of discovery regarding key documents that undermine its central defenses, and there is no telling what else has been withheld." Id.

Defendant opposes Plaintiff's request on the basis that "MillerCoors has fully complied with [the Court's September 17, 2019] Order, producing all remaining Keystone and marketing and packaging materials from the Coors Archive on September 20, 2019." Oppo. at 4. Defendant reiterates the argument from its earlier briefing on this issue that "MillerCoors reasonably interpreted [Plaintiff's document requests for 'all' historical Keystone packaging and marketing materials in the Coors Archives] to seek '[r]epresentative samples' of Keystone marketing materials/packaging." Id. at 4. Defendant notes that after the Court issued its September 17, 2019 Order, "MillerCoors conducted a thorough and extensive search for and produced all remaining Keystone materials – totaling 155 documents – from the Coors Archives on September 20, as ordered by the Court." Id. at 5 (internal citations omitted). Accordingly, Defendant argues that it has "fully complied with the Court's Order, rendering sanctions inappropriate." Id. (internal citations omitted).

Defendant further opposes Plaintiff's argument that Defendant "knew of all now-produced items previously, 'but chose not to produce [them],'" arguing that "[m]any of the articles produced were retrieved from boxes that were previously unopened and catalogs that were previously unwrapped, as Ms. Harris' testimony confirms." Id. at 6 (citing Dolan Decl. ¶¶ 6-8 and Exhibit 1). Defendant further argues that notwithstanding this,

"MillerCoors never disputed the existence of such documents, only whether they needed to be produced." Id. at 6. In sum, Defendant argues that "Stone Brewing has failed to show that terminating or adverse inference sanctions are appropriate" under the relevant authority. See id. at 6. Defendant argues that "[i]n any event, any prejudice could easily be mitigated by MillerCoors' willingness to agree, subject to certain limitations, that Stone Brewing could supplement its summary judgment briefing with the newly produced materials." Id. at 7.

### b. **Analysis**

Nowhere in the Defendant's opposition or supporting declaration does Defendant provide any explanation for why it interpreted Plaintiff's requests for "each and every" version or form of Keystone marketing materials to be limited to representative samples. Instead, MillerCoors focuses the arguments in its opposition on the fact that it has fully complied with the Court's Order, including its recent production of 155 documents of the remaining Keystone materials, rendering sanctions inappropriate. Oppo. at 5. However, the Court finds that MillerCoors failed to adequately explain why it did not initially produce the non-"Stone" documents as representative samples prior to the Court's Order compelling it to do so. Notably, Defendant's lack of explanation combined with the deposition testimony of Heidi Harris, including from her September 27, 2019 video deposition, that she previously searched for and provided the withheld materials further raises the Court's suspicions as to how diligent MillerCoors's search and corresponding production really was. Ex. 5 at 9:6-10:5; 10:18-22, 66:13-22. Additionally, Defendant now claims that many of the late-disclosed documents were "retrieved from boxes that were previously unopened and catalogs that were previously unwrapped." Oppo. at 6 (citing Dolan Decl. ¶¶ 6-8 and Exhibit 1). There is no articulable explanation from Defendant for this failure. Additionally, the Court finds it difficult to believe Defendant's argument that "any prejudice [to Stone] could easily be mitigated by MillerCoors's willingness to agree, subject to certain limitations, that Stone Brewing could supplement its summary judgment

briefing with the newly produced materials." Oppo. at 7. The Court finds that Defendant has not complied with its discovery obligations in this case with respect to the historical Keystone materials.

### c. <u>Conclusion</u>

Plaintiff requests that the Court issue an order: (1) recommending that Judge Benitez strike MillerCoors's defenses and counterclaims to the extent they allege prior use of "STONE" or "STONES" and the alleged lack of competition between economy and craft beer; (2) recommending that Judge Benitez instruct the jury that MillerCoors withheld material evidence and that an adverse inference may be drawn from that fact; (3) requiring MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts; (4) allowing Stone the opportunity to supplement its expert reports to take into account the newly-produced material; and (5) imposing monetary sanctions of more than $400,000 in expenses incurred as detailed in the Hagey Declaration. Mot. at 13.

An imposition of sanctions under Rule 37(b)(2) does not require willfulness, fault, or bad faith. <u>Hullinger v. Anand</u>, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016) (citing <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001)). A finding of good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust and the severity of the sanctions. <u>Lewis v. Ryan</u>, 261 F.R.D. 513, 518–19 (S.D. Cal. 2009) (citing <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994)). The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Hullinger, 2016 WL 7444620 at *8 (quoting Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).  "As explained in Apple: The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct.  Moreover, in the Ninth Circuit prejudice from unreasonable delay is presumed."  Id. (quoting Apple Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 2862613, at *1-2 (N.D. Cal. July 11, 2012)).  When considering evidentiary, issue or terminating sanctions, factors three and five "become particularly important."  Id.

The Court finds that Defendant has not complied with its discovery obligations in this case with respect to the historical Keystone materials.   However, the Court **DECLINES TO RECOMMEND** evidentiary sanctions, including striking certain MillerCoors's defenses and counterclaims and an adverse inference instruction, at this time.  While there is a public interest in quickly resolving litigation, a strong need for the Court to manage its dockets, and potential prejudice to Plaintiff, the Court finds that there are less drastic sanctions available at this time.  The Court also notes that much of Plaintiff's arguments go to the merits of the parties' dispute and whether the discovery at issue supports Defendant's legal defenses asserted in this case.  The Court finds that the parties' legal and factual disputes should be resolved on the merits via motion or trial, not as the result of a discovery sanction.  Plaintiff also seeks monetary sanctions for Defendant's behavior pursuant to Fed. R. Civ. P. 37(b)(2)(C).  Mot. at 10.  The Court finds monetary sanctions to be an appropriate less drastic sanction that will still serve to address the prejudice Plaintiff has suffered from Defendant's misconduct.

"With respect to monetary sanctions, once a violation is demonstrated, the disobedient party bears the burden of showing that the failure was justified or that special circumstances make an award of expenses unjust."  Hullinger v. Anand, 2016 WL 7444620 at *8 (citing Apple, 2012 WL 2862613, at *6).  Here, Defendant has failed to show either. Oppo.  Defendant merely states that Stone "now has all of the materials that it requested and had an opportunity to conduct a deposition regarding those very materials." Id. at 6-7.

However, Defendant has failed to adequately explain why a thorough and extensive search and corresponding production of all remaining Keystone materials was not made until this procedural posture, including, why documents were recently produced from boxes that "were previously unopened and catalogs that were previously unwrapped." Id. at 6.

In support of its request, Plaintiff's counsel, Mr. Hagey, declares that (1) his billing rate is $795 per hour, and (2) he spent 386 hours on the "multiple motions to compel and meet-and-confer efforts seeking MillerCoors's compliance with Stone's discovery requests, as well as re-doing depositions, serially reviewing productions and discovery responses." Hagey Decl. ¶ 21. Mr. Hagey also declares the monetary amount of legal fees that multiple other lawyers in his firm, including Jeffrey M. Theodore, J. Tobias Rowe, and Bram Schumer, have incurred "as a result of MillerCoors's failure to comply with its discovery obligations in this matter." Id. The total amount of legal expenses sought by Plaintiff in connection with the multiple discovery disputes in this case is $420,472.63. Id. The Court **RECOMMENDS** that Plaintiff's request for monetary sanctions be **GRANTED IN PART** and **DENIED IN PART.** The Court **RECOMMENDS GRANTING** Plaintiff's request for legal expenses incurred with drafting only the instant motion for sanctions, but **RECOMMENDS DENYING** Plaintiff's request for legal expenses incurred for all other motions to compel and discovery disputes in this case.[2] Accordingly, Plaintiff's counsel is **ORDERED** to file on or before **November 6, 2019** for Judge Benitez's review and consideration an updated declaration of the summary of legal fees and costs incurred only in connection with the instant Motion for Sanctions.

Finally, the Court **RECOMMENDS DENYING** Plaintiff's request to "require MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts." Mot. at 13. At this procedural

---

[2] Notably, this Court has already issued orders on the multiple discovery motions in this case. See, e.g., ECF No. 110, 122, 126, 136, 213, 250.

posture, the Court does not see the utility in requiring MillerCoors to detail the efforts of its searches for responsive documents and provide an appropriate certification regarding its efforts. Discovery is closed and the parties should focus their efforts on preparing for trial. Additionally, Defendant represents in the opposition that at this point it has "produced all remaining Keystone marketing and packaging materials from the Coors Archive as ordered by the Court." Oppo. at 3. The Court **RECOMMENDS GRANTING** Plaintiff's request to "allow Stone the opportunity to supplement its expert reports to take into account of the newly-produced material . . . ."[3] Mot. at 13. To the extent Plaintiff intends to supplement its expert reports, Plaintiff is **ORDERED** to supplement them on or before **November 7, 2019**. Plaintiff is reminded that whether Plaintiff's supplemental expert reports are ultimately considered as part of the record in this case is subject to Judge Benitez's ruling on this Report and Recommendation and any modification that he deems appropriate as the trial judge.

### 2. <u>Third Party Productions Reveal Further Withholding of Documents</u>

### a. <u>Parties' Positions</u>

Plaintiff alleges that "[s]ince the filing of summary judgment, Stone has also obtained documents in response to its previously-issued subpoena to third parties" including BCG and Andrews Distributing. Mot. at 7. Plaintiff alleges that the productions from these third parties "have been delayed for months by MillerCoors, which instructed BCG not to produce documents to Stone until MillerCoors had reviewed them, purportedly for privilege." <u>Id.</u> (citing Hagey Decl., Exs. 6, 7). Plaintiff alleges that █████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████ <u>Id.</u> Plaintiff further alleges that █████████████████████████████████████████

---

[3] However, the Court **RECOMMENDS DENYING** Plaintiff's request for Defendant to bear the expense of Plaintiff supplementing its expert report.

18cv331-BEN-LL

████████████████████████████████████████████████████████ Id. at 7-8. Similarly, Plaintiff claims that ███████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Id. In sum, Plaintiff argues that these "[r]ecent third-party productions show that the failings in MillerCoors's effort to search for and collect documents[4] were systematic." Id. at 10.

Defendant responds that this is the first time that Plaintiff has raised this issue and that Plaintiff "can allege no violation of a Court order and there is no basis for sanctions." Oppo. at 7 (internal citations omitted). Defendant further argues that it "fully complied with its obligations under the parties' ESI protocol and the applicable case law." Id. at 8. For example, Defendant argues that the parties agreed to a "list of seven custodians whose files it proposed to search, including the entire Keystone brand team during the relevant period," including Ashely Selman, who was "also primarily responsible for the development of MillerCoors' Economy Strategy [in additional to Mr. Jeff Long]." Id. (citing Ex. 6 at 9:5-11:3; Long Decl. ¶ 3). Notwithstanding this, Defendant argues that "it produced approximately 1,000 documents referencing each of Joe Hartung and Jeff Long." Oppo. at 9. Defendant further argues that despite multiple documents referencing Jeff Long and Joe Hartung and discussions about them during various depositions during the course of discovery, "Stone Brewing never asked MillerCoors to collect documents from Mr. Long or Mr. Hartung." Oppo. at 9-10. Defendant also argues in connection with the BCG subpoena that "it is questionable whether these documents – all of which predate February 2016 – would have existed at MillerCoors at the time that the parties conducted document collection given ████████████████████████████████████████████████ ████████████████████████████████ Id. (internal citation omitted).

---

[4] Plaintiff asserts that the documents at issue include ████████████████████████ ████████████████████████████████████████████████ Mot. at 10-11.

### b. **Analysis**

The Court agrees with Plaintiff that based on the pleadings and supporting exhibits, it appears that Defendant failed to appropriately identify certain custodians such as Jeff Long and that recent third-party productions from Andrews Distributing and BCG indicate that MillerCoors may have had at least some of these documents in their possession. The Court finds Defendant's argument that "it is questionable whether [certain BCG] documents – all of which predate February 2016 – would have existed at MillerCoors at the time that the parties conducted document collection given ███████████████ ██████████████████████████████████████████████████████████ to be speculative at best. Oppo. at 10 (citing Ex. 25 at 15:23-25 (Johnson Tr.); Twigger Decl. ¶ 11). Instead, Defendant blames Stone for "fail[ing] to identify a single document from [the Andrews Distributing] production that MillerCoors purportedly should have produced." Oppo. at 10. Defendant merely concludes with no analysis or further explanation that "of the 3,356 Andrews documents, only 124 were transmitted to/from MillerCoors, and that none of those are relevant to any issue in the case." Id. at 10-11 (citing Twigger Decl. ¶ 12). Although the Court is sympathetic to Plaintiff's position in connection with this category of documents, at this procedural posture of the case and because Plaintiff now has the documents as produced by these third parties, the Court finds it appropriate to issue only a monetary sanction as set forth below.

### c. **Conclusion**

Plaintiff requests that the Court issue an order: (1) recommending that Judge Benitez strike MillerCoors's defenses and counterclaims to the extent they allege prior use of "STONE" or "STONES" and the alleged lack of competition between economy and craft beer; (2) recommending that Judge Benitez instruct the jury that MillerCoors withheld material evidence and that an adverse inference may be drawn from that fact; (3) requiring MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts; (4) allowing Stone the opportunity

to supplement its expert reports to take into account the newly-produced material at MillerCoors's expense; and (5) imposing monetary sanctions of more than $400,000 in expenses incurred as detailed in the Hagey Declaration. Mot. at 13.

For the same reasons as set forth above, the Court **DECLINES TO RECOMMEND** evidentiary sanctions, including striking certain MillerCoors's defenses and counterclaims and an adverse inference instruction, at this time. While there is a public interest in quickly resolving litigation, a strong need for the Court to manage its dockets, and potential prejudice to Plaintiff, the Court finds that there are less drastic sanctions available at this time. The Court also notes that much of Plaintiff's arguments go to the merits of the parties' dispute and whether the discovery at issue supports Defendant's legal defenses asserted in this case. The Court finds that the parties' legal and factual disputes should be resolved on the merits via motion or trial, not as the result of a discovery sanction. Plaintiff also seeks monetary sanctions for Defendant's behavior pursuant to Fed. R. Civ. P. 37(b)(2)(C). Mot. at 10. The Court finds monetary sanctions to be an appropriate less drastic sanction that will still serve to address the prejudice Plaintiff has suffered from Defendant's misconduct.

The Court **RECOMMENDS** that Plaintiff's request for monetary sanctions be **GRANTED IN PART** and **DENIED IN PART.** The Court **RECOMMENDS GRANTING** Plaintiff's request for legal expenses incurred with drafting only the instant motion for sanctions, but **RECOMMENDS DENYING** Plaintiff's request for legal expenses incurred for all other motions to compel and discovery disputes in this case. Accordingly, Plaintiff's counsel is **ORDERED** to file on or before **November 6, 2019** for Judge Benitez's review and consideration an updated declaration of the summary of legal fees and costs incurred only in connection with the instant Motion for Sanctions.

Finally, the Court **RECOMMENDS DENYING** Plaintiff's request to "require MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts." Mot. at 13. At this procedural posture, the Court does not see the utility in requiring MillerCoors to detail the efforts of

its searches for responsive documents and provide an appropriate certification regarding its efforts. Discovery is closed and the parties should focus their efforts on preparing for trial. The Court **RECOMMENDS GRANTING** Plaintiff's request to "allow Stone the opportunity to supplement its expert reports to take account of the newly-produced material . . . ."[5] Mot. at 13. To the extent Plaintiff intends to supplement its expert reports, Plaintiff is **ORDERED** to supplement them on or before **November 7, 2019**. Plaintiff is reminded that whether Plaintiff's supplemental expert reports are ultimately considered as part of the record in this case is subject to Judge Benitez's ruling on this Report and Recommendation and any modification that he deems appropriate as the trial judge.

### 3. **Insurance**

Plaintiff alleges that MillerCoors also withheld



Mot. at 4. Plaintiff argues that combined with the other allegations at issue in the instant Motion "has deprived Stone of the opportunity to develop its case, examine witnesses, and seek and oppose summary judgment." Id. Specifically, Plaintiff alleges that it

Id. at 8; see also Hagey Decl. Exs. 14-15. Plaintiff requests that the Court

Mot. at 13.

Defendant responds that Oppo. at 11. Defendant states that

---

15

18cv331-BEN-LL

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ <u>Id.</u> (citing Ex. 31). Defendant argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ <u>Id.</u> at 11-12 (citing Ex. 32; Twigger Decl. ¶ 5). Defendant argues that as a result, Plaintiff has suffered no prejudice. <u>Id.</u>

The Court **RECOMMENDS DENYING** Plaintiff's request ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Court finds additional discovery, such as a deposition, is unnecessary at this procedural posture. Notably, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ However, Defendant's failure to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Accordingly, the Court **RECOMMENDS** that Plaintiff's request for monetary sanctions for Defendant's failure to be **GRANTED IN PART** and **DENIED IN PART.** The Court **RECOMMENDS GRANTING** Plaintiff's request for legal expenses incurred with drafting only the instant motion for sanctions, but **RECOMMENDS DENYING** Plaintiff's request for legal expenses incurred for all other motions to compel and discovery disputes in this case. Accordingly, Plaintiff's counsel is **ORDERED** to file on or before **<u>November 6, 2019</u>** for Judge Benitez's review and consideration an updated declaration of the summary of legal fees and costs incurred only in connection with the instant Motion for Sanctions.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court **RECOMMENDS** that United States District Judge Benitez issue an order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Plaintiff's request to strike MillerCoors's defenses and counterclaims to the extent they allege prior use of "STONE" OR "STONES" and the alleged lack of competition between economy and craft beer; (3) **DENYING** Plaintiff's request to instruct the jury that MillerCoors withheld material evidence and that an adverse

18cv331-BEN-LL

inference may be drawn from that fact; (4) **DENYING** Plaintiff's request to require MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts; (5) **GRANTING** Plaintiff's request to supplement its expert reports to take account of the newly produced materials; (6) **DENYING** Plaintiff's request ███████████████████████████ ██████ and (7) **GRANTING IN PART** and **DENYING IN PART** Plaintiff's request for monetary sanctions.

Plaintiff's counsel is **ORDERED** to file on or before <u>**November 6, 2019**</u> for Judge Benitez's review and consideration an updated declaration of the summary of legal fees and costs incurred in connection with the instant Motion for Sanctions. To the extent Plaintiff intends to supplement its expert reports, Plaintiff is **ORDERED** to supplement them on or before <u>**November 7, 2019**</u>. Plaintiff is reminded that whether Plaintiff's supplemental expert reports are ultimately considered as part of the record in this case is subject to Judge Benitez's ruling on this Report and Recommendation and any modification that he deems appropriate as the trial judge.

**IT IS SO ORDERED**.

Dated: October 31, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge

18cv331-BEN-LL