UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>Defendant. | Case No.: 18cv331-BEN-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY CERTIFICATION AND RENEWED MOTION FOR SANCTIONS**<br><br>**[ECF No. 338]** |
| MILLERCOORS LLC,<br><br>Counter Claimant,<br><br>v.<br><br>STONE BREWING CO., LLC,<br><br>Counter Defendant. | |

On February 24, 2020, Plaintiff filed a motion to compel Defendant to (1) produce allegedly withheld evidence; (2) certify its production under oath; and (3) satisfy Plaintiff's reasonable attorneys' fees in bringing this instant motion and the preceding ex parte application for a briefing schedule on a motion to compel and for sanctions [ECF No. 328]. ECF No. 338 ("Mot."). Defendant filed its opposition to Plaintiff's motion on

1

18cv331-BEN-LL

February 27, 2020.[1] ECF No. 343 ("Oppo."). On February 28, 2020, Plaintiff filed a request for leave to file its concurrently submitted reply to Defendant's opposition [ECF No. 344 ("Reply")], which the Court granted. ECF Nos. 344, 345. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to compel.

Plaintiff argues that Defendant has not produced all video responsive to discovery requests. Mot. at 2–4. Specifically, Plaintiff contends that in May 2019, after deposition testimony on May 10, 2019 about videotaped presentations, Plaintiff requested video of Defendant's "distributor conferences at which the economy strategy and [K]eystone rebrand were discussed." ECF No. 338-1, Declaration of Jeffrey M. Theodore ("Theodore Decl."), ¶¶ 2–4. Plaintiff states that Defendant agreed to produce "all videos referencing Keystone, craft, or the economy strategy," including videotapes of its annual MillerCoors Distributor Conferences ("MCDC") and Fall Distributor Meetings ("FDM") from 2016 to 2018. Mot. at 3; Theodore Decl. ¶¶ 2–5, 7. Plaintiff contends that instead, Defendant (1) represented incorrectly that there was no video of the FDMs [Mot. at 3; Theodore Decl. ¶ 10]; and (2) produced videos that Plaintiff only recently discovered were "selectively edited by them to exclude presentations by senior MillerCoors executives" that were relevant to discovery requests [Mot. at 3].

Plaintiff further argues that Defendant must certify in writing and under oath that it has conducted a complete and comprehensive search and produced all responsive, non-privileged documents, videos, and other evidence responsive to Stone's Requests for Production that are in its possession, custody, or control, including, but not limited to, presentation videos and scripts from the 2017-2019 MillerCoors Distributor Conferences, and 2017-2018 Fall Distributor Meetings.[2] See Mot. at 5–7. In support, Plaintiff contends

---

[1] Defendant timely filed an opposition but withdrew it because it contained errors such as omitting the case number and name on the caption. ECF Nos. 341, 342. Defendant replaced it on February 28, 2020 with a corrected, but otherwise identical, opposition. ECF No. 343.
[2] This language is taken directly from a proposed order lodged by Plaintiff with the Court.

that such certification is appropriate when a party has a history of misconduct, such as Defendant in this action who has "failed to adhere to basic norms of discovery production in this Court," evidenced by the numerous discovery disputes. Mot. at 5.

Finally, Plaintiff contends that fee shifting is warranted because Defendant failed to meet and confer when Plaintiff first raised the issue of the "selectively edited" videos, has withheld responsive evidence, and has "repeated discovery deficiencies." Mot. at 6. Plaintiff seeks $47,180, representing its attorneys' fees and costs incurred in the instant motion to compel and Plaintiff's previously filed ex parte application seeking a briefing schedule on a motion to compel and for sanctions. Id.; ECF No. 338-2, Declaration of J. Noah Hagey ("Hagey Decl."), ¶ 21.

Defendant argues that Plaintiff's motion is untimely because the videos of the MCDC presentations were produced on May 24, 2019, and the motion was filed eight months after the thirty-day deadline to raise it expired. Oppo.at 2–3; ECF No. 343-5, Declaration of Kent Goss ("Goss Decl."), ¶ 2. Defendant also contends that it never agreed to produce all videos "referencing Keystone, craft, or the economy strategy." Oppo. at 4; ECF No. 343-1, Declaration of Brittany Amadi ("Amadi Decl."), ¶¶ 5–7. Instead, Defendant states that it agreed to—and did—produce "[t]he video of the Keystone Light presentation at the 2017 and 2018 MCDC" exactly as it was received from the vendor. Oppo. at 4; Amadi Decl. ¶ 7–8. Defendant further argues that certification for production of documents and things is not required by the Federal Rules of Civil Procedure. Oppo. at 6.

"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). After reviewing the briefings and related documents, the Court finds that the facts presented here do not rise to the level of requiring the requested certification; the substantial sanctions available under Federal Rule of Civil Procedure 37(c) for failure to disclose or supplement are sufficient. See id. The email exchange in May 2019 shows that after Plaintiff's counsel Jeffrey Theodore asked Defendant's counsel Vinita Ferrera for "the video of its distributor conferences at which

the economy strategy and [K]eystone rebrand were discussed," Defendant's counsel Brittany Amadi replied that "[t]he video of the Keystone Light presentation at the 2017 and 2018 MCDC conferences will be produced." ECF No. 338-1 at 39, 42. Although Mr. Theodore then asked Ms. Amadi to produce "the full video for economy segments and craft" and "the FDM videos, including Fall 2016-2018 with the same breadth," there is nothing showing that Defendant agreed to this. Id. at 36–38. The Court does not view Defendant's silence as an agreement here. The Court also finds that Defendant specified that only the Keystone Light presentation—out of all of Defendant's products—at the MCDC conferences was being produced, which is a reasonable explanation for the appearance of editing in the produced video. However, to the extent that some relevant speeches were not included in the produced videos, the parties had represented to the Court in discovery dispute conference calls on February 14 and 19, 2020 that Defendant had agreed to produce the 2017, 2018, and 2019 MCDC and FDM videos, but did not agree to certification. See Oppo. at 5; Goss Decl. ¶¶ 11–14; Reply at 2. The Court appreciates the parties' cooperation on the issue of the videos and in light of the reliance that Plaintiff and the Court placed on Defendant's agreement, the Court **ORDERS** Defendant to produce the full 2017, 2018 and 2019 MCDC and FDM videos on or before **March 26, 2020**.

The Court declines to award sanctions. It is clear to the Court that Defendant did not promptly make an effort to speak with Plaintiff in a meaningful meet-and-confer regarding the instant motion to compel.[3] See ECF 338-2 at 38–44. Meaningful meet-and-confer cannot take place with written correspondence, which was proven here. Neither side is blameless is this regard. Plaintiff should have specifically requested a phone call between the parties—without the Court—to discuss the issue in its initial email notifying Defendant of the alleged edited video; a call with the Court is *not* a meet-and-confer for the purposes

---

[3] Civil Local Rules require counsel with offices in different counties—as is the case here—to meet and confer by telephone for discovery disputes, and expressly states that written correspondence does not satisfy the meet-and-confer requirement. CivLR 26.1.a.

here. Defendant should have recognized that the situation required an immediate meet-and-confer by telephone, instead of making its first reply by email three business days later. Defendant's attempt to shrug off its own portion of fault by stating that Plaintiff did not expressly request a meet-and-confer is not well taken because it goes against the spirit of the rule requiring meet-and-confer for discovery disputes. However, the Chambers Rules for the undersigned magistrate judge has a remedy for this situation and directs parties to contact chambers when opposing counsel is unresponsive to a request to meet and confer. Civil Chambers Rules of the Honorable Linda Lopez Section V.A. Instead of contacting chambers, Plaintiff filed an ex parte application for a briefing schedule on a motion to compel and for sanctions. ECF No. 328. This expense could have been avoided.

For the above reasons, and in light of the closing of fact discovery on May 31, 2019, the Court **DENIES** Plaintiff's motion, but **ORDERS** the following:

- Defendant shall produce the full 2017, 2018, and 2019 MCDC and FDM videos on or before **March 26, 2020**.

**IT IS SO ORDERED**.

Dated: March 4, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge