UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>                            Defendant.<br><br>MILLERCOORS LLC,<br><br>                          Counter Claimant,<br><br>v.<br><br>STONE BREWING CO., LLC,<br><br>                          Counter Defendant. | Case No.: 18cv331-BEN-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION RE DISCOVERY DISPUTE PURSUANT TO ECF NO. 348**<br><br>**[ECF No. 351]** |

      On March 9, 2020, the parties jointly contacted chambers regarding a discovery dispute in connection with a third-party subpoena Plaintiff served in January 2019. See ECF No. 348. The Court subsequently issued a briefing schedule for the parties to set forth their respective positions on whether the dispute is timely in light of the fact that fact discovery closed on May 31, 2019. Id. Currently before the Court is Plaintiff's motion [ECF No. 351 ("Mot.") and SEALED ECF No. 354 ("Sealed Mot.")] and Defendant's

1

opposition [ECF No. 355 ("Oppo.")]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. RELEVANT BACKGROUND

On September 12, 2018, the Court issued a Scheduling Order which set May 3, 2019 as the deadline for completing fact discovery. ECF No. 72 at 1–2.

On April 8, 2019, the parties filed a joint motion to amend the Scheduling Order. ECF No. 91. The parties stated that they needed additional time to complete document productions, discovery responses, and depositions; and they had "served third-party subpoenas for documents, and are still awaiting production of documents in response to several of those subpoenas." Id. at 2. The Court granted the joint motion but for a shorter extension than requested. ECF No. 95. Fact discovery was extended to May 17, 2019. Id. at 2.

On April 15, 2019, Plaintiff filed a motion for reconsideration of the Court's order granting in part the joint motion to continue discovery deadlines [ECF No. 95]. ECF No. 104. Plaintiff stated that additional time for discovery was needed because (1) the scope of discovery had only been determined twenty days prior when the Court ruled on Plaintiff's Motion to Dismiss Defendant's Counterclaims; (2) the parties would be unable to complete all noticed depositions before May 17, 2019; (3) Plaintiff's lead trial counsel had another trial starting May 6, 2019; and (4) several discovery disputes remained to be resolved by the Court, with additional productions and responses to come. ECF No. 104 at 3–5. The Court denied Plaintiff's motion for reconsideration. ECF No. 105.

On May 7 and 8, 2019, Plaintiff filed a motion to continue discovery deadlines because of additional time needed to review recently produced documents and complete thirteen depositions. See ECF Nos. 113, 116, 117. The Court granted the motion but for a shorter extension than requested. ECF No. 120. Fact discovery was extended to May 31, 2019. Id. at 3. Expert discovery deadlines were also extended, and the pretrial motions filing deadline was continued to August 12, 2019. Id.

On June 19, 2019, Plaintiff filed a motion to extend expert discovery deadlines and the pretrial motions filing deadline by two weeks because it stated that (1) Defendant would not make certain witnesses available until two days prior to the deadline for disclosure of expert reports, and (2) evidence needed for experts to analyze and conduct market research and surveys was produced near the end of fact discovery. ECF No. 128 at 2–4. Defendant opposed the motion. ECF No. 130. The Court granted in part Plaintiff's motion by extending only the deadline to file expert reports and the deadline to file rebuttal expert reports by one week. ECF No. 134.

Motions for summary judgment were filed August 12 and 13, 2019. ECF Nos. 170, 175.

The final pretrial conference was held on February 24, 2020. ECF No. 340.

On February 25, 2020, the district judge issued an order on six motions to preclude/exclude testimony of expert witnesses. ECF No. 339.

On March 27, 2020, the district judge issued an order on the motions for summary judgment. ECF No. 360.

Trial is set for October 13, 2020. ECF No. 340.

## II.  PARTIES' ARGUMENTS

Plaintiff argues that a discovery motion it wishes to file regarding Rule 26 and Rule 37 discovery violations by Defendant is timely and should be heard.[1] Mot. at 2. In support, Plaintiff states that it did not learn of the violations until February 11, 2020, when it completed an expedited conversion of "native, unprocessed, and basically unreviewable" documents produced by third-party Andrews Distributing ("Andrews") on February 4, 2020 to comply with Plaintiff's outstanding subpoena. Id. at 2–3.

Plaintiff states that it diligently pursued production by Andrews. Id. at 2. Plaintiff served a Rule 45 subpoena on Andrews on or about January 28, 2019 and requested

---

[1] The term "rule" refers to the Federal Rules of Civil Procedure, unless specified otherwise.

1  production by February 11, 2019. Id. at 5; ECF No. 351-3 at 3. Plaintiff states that on
2  February 8, 2019, Andrews requested an extension to March 18, 2019, and Plaintiff did not
3  object. Id.; ECF No. 351-2, Declaration of J. Noah Hagey ("Hagey Decl."), ¶ 10. On
4  May 17, 2019, Plaintiff emailed Andrews regarding the status of the production, but
5  Andrews did not respond. Hagey Decl. ¶ 11. On June 6, 2019, Plaintiff sent a follow-up
6  email, but Andrews again did not respond. Id. ¶ 12.

7  On July 2, 2019, Plaintiff began enforcement proceedings against Andrews in the
8  United States District Court for the Southern District of Texas, where Andrews resides.
9  Id. ¶ 14. On July 8, 2019, Plaintiff states that Andrews promised to produce documents by
10 the following week, but on July 19, 2019, Andrews claimed it had technical issues and
11 would produce by July 22, 2019. Id. ¶¶ 15–16. Plaintiff avers that between July 30, 2019
12 and August 20, 2019, Andrews did not respond to follow-up emails and missed its deadline
13 to oppose Plaintiff's petition to compel production. Id. ¶ 17. On August 21, 2019, the
14 federal court in Texas granted Plaintiff's petition to compel production and ordered
15 Andrews to produce responsive documents, which Andrews produced on
16 September 20, 2019. Id. ¶¶ 19–20.

17 Plaintiff states that it found deficiencies in Andrews' production and sought to meet
18 and confer on at least seven separate occasions between September 20, 2019 and
19 January 10, 2020. Id. ¶ 21. Plaintiff attests that Andrews had promised to supplement its
20 production in November 2019, but then said it could not do so due to a medical issue with
21 the responsible employee. Id. ¶ 22. Plaintiff states that on February 4, 2020, Andrews
22 supplemented its production with 52,820 documents in native, unprocessed format.
23 Id. ¶ 23. Plaintiff avers that it took until February 11, 2020 to process the documents and
24 upload them to Plaintiff's e-discovery vendor platform. Id. Plaintiff states that it contacted
25 Defendant on February 27, 2020 to meet and confer, and when those efforts failed, the
26 parties contacted the Court. Mot. at 4.

27 Defendant argues that Plaintiff's anticipated discovery motion is not timely. Oppo.
28 In support, Defendant contends, *inter alia*, that fact discovery ended on May 31, 2019; that

Plaintiff did not diligently seek to enforce the subpoena until after fact discovery ended; that Plaintiff violated the Court's scheduling order by pursuing third-party discovery after the fact discovery cut-off and without Defendant's knowledge; and that the August 12, 2019 pretrial motion filing deadline has also passed. Oppo. at 3, 5.

## III. LEGAL STANDARD

"The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Pursuant to Rule 16, the Court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." See Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. at 610 (internal quotation marks and citation omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Id.

Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). To determine whether missing a deadline constitutes excusable neglect, the Ninth Circuit applies the factors set forth by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Id. at 395; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith.

Pioneer, 507 U.S. at 395. The weighing of Pioneer's equitable factors is left to the discretion of the court. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir.2004).

## IV.     DISCUSSION

The Court finds that Plaintiff failed to diligently seek Andrews' compliance with the subpoena prior to the close of fact discovery. Although Plaintiff served the subpoena on Andrews about three months before fact discovery ended, Plaintiff did not diligently seek to obtain production by May 31, 2019. After the promised production date of March 18, 2019 came and went, Plaintiff did not do anything until May 17, 2019 when it sent an email to Andrews asking about the status of production. Despite the quickly approaching fact discovery deadline, the next action by Plaintiff was a follow-up email on June 6, 2019, after discovery closed. Plaintiff then moved to enforce its subpoena in federal court in Texas, but this does not cure its lack of diligence before fact discovery ended. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006) ("Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand.").

The Court also finds that Plaintiff failed to seek an appropriate extension from the Court prior to the close of fact discovery. The September 12, 2018 scheduling order expressly states that "discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure." ECF No. 72 at 1–2 (emphasis in original). Plaintiff was aware shortly before the end of fact discovery that Andrews had not yet produced anything but chose not to seek an extension from the Court to obtain its compliance. In April 2019, the parties had filed a joint motion seeking to amend the scheduling order and cited as one of the reasons subpoenas issued to third parties for documents that had not yet been produced, which the Court granted in part. However, in Plaintiff's subsequent motion for reconsideration and a new motion by Plaintiff in May 2019 to extend discovery dates, no mention was made of the Andrews subpoena. Plaintiff could have reasonably filed a motion

for the appropriate extension while it sought Andrews' compliance, but it did not. See Rosado v. Alameida, No. CV 03-1110-J (POR), 2006 WL 8455351, at *2 (S.D. Cal. Dec. 18, 2006) ("[C]ounsel should have requested leave from the Court to seek discovery beyond the discovery cut-off date.").

Because the Court finds that Plaintiff did not diligently seek Andrews' compliance before the fact discovery deadline and failed to obtain the Court's permission to pursue Andrews' compliance after fact discovery ended, any discovery motion arising from Andrews' production is untimely. See Cornwell v. Electra Cent. Credit Union, 439 F.3d at 1027 ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent."); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). Additionally, the procedural posture of this action is far advanced and discovery motions at this stage would be inappropriate and frustrate the purpose of the scheduling order. See Lanier v. San Joaquin Valley Officials Ass'n, No. 1:14-CV-01938-EPG, 2016 WL 4764678, at *2 (E.D. Cal. Sept. 13, 2016) ("The purpose of setting a time limit on discovery 'is to assure both sides an opportunity immediately before trial to engage in orderly, final trial preparation, uninterrupted by a flurry of "midnight" discovery.' (quoting King v. Georgia Power Co., 50 F.R.D. 134, 135-36 (N.D. Ga. 1970))); Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999) ("[T]o require additional discovery after the court's decision on Nabisco's motion for summary judgment, and on the eve of trial would cause a delay which the court finds inappropriate and unnecessary.")

Having found the discovery motion to be untimely, that would be sufficient to end this inquiry because no motion has been made to amend the scheduling order. See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 608–09 (confirming that courts appropriately deny motions filed after a scheduling order cut-off date solely on the ground of being untimely); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,

768 F.2d 1099, 1104 (9th Cir. 1985), superseded by statute on other grounds as recognized in MHC Fin. Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1125 (9th Cir. 2013) (affirming a district court's denial of a late-filed motion for summary judgment as untimely because the moving party never requested a modification of the pretrial order to allow the filing of their motion). However, the Court finds that even if Plaintiff had requested a modification of the scheduling order now to allow the filing of an untimely discovery motion, the result would not change because Plaintiff has not demonstrated excusable neglect pursuant to the Pioneer factors. First, the Court finds that Defendant would suffer some prejudice by Plaintiffs' untimely request for leave to file a discovery motion in that it would be required to pivot time from trial preparation and spend time and resources on opposing a discovery motion. This would potentially require the Court to re-open discovery at a late stage in the litigation. This factor weighs against a finding of excusable neglect. Second, the Court finds the length of delay and potential impact on judicial proceedings is substantial and weighs against a finding of excusable neglect because fact discovery ended over ten months ago; dispositive motions have been filed and ruled on; motions to exclude testimony have been filed and ruled on; and the final pretrial conference has been held. Third, the reason for the delay weighs against a finding of excusable neglect because Plaintiffs blame the delay on Andrews' late production of documents in reply to Plaintiff's subpoena, but this fails to acknowledge Plaintiff's responsibility to ensure Andrews' compliance before fact discovery ended or to seek assistance from this Court regarding Andrews' late production in terms of the scheduling order. Fourth, whether Plaintiff acted in good faith is a neutral factor because the Court finds no indication that Plaintiff acted in bad faith. Weighing the factors together, the Court finds Plaintiff's untimely discovery motion is not the result of excusable neglect.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For all the reasons cited above, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated: April 17, 2020

Honorable Linda Lopez
United States Magistrate Judge