UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>                                        Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>                                        Defendant. | Case No.:  3:18-cv-0331-BEN-LL<br><br>**ORDER ON OBJECTION TO DISCOVERY ORDER**<br><br>**[ECF No. 367]** |

This matter comes before the Court on Plaintiff Stone Brewing Company's Objection to an Order issued by Magistrate Judge Linda Lopez.  ECF No. 363.  For the following reasons, the objection is **overruled**.

## I.    Background

On March 9, 2020, the Parties contacted Magistrate Judge Lopez's chambers about a discovery dispute.  Given that fact discovery closed on May 31, 2019, Magistrate Judge Lopez directed the Parties to file limited briefing on whether a discovery motion would be timely because fact discovery closed more than ten months before.  Order, ECF No. 348.  Stone alleged that MillerCoors withheld and continues to withhold "highly probative and responsive evidence."  Mot., ECF No. 351, 2.  Stone asked for full briefing on its motion for relief and for the Court to order MillerCoors to show cause as to why it should not be sanctioned.  *Id.*  MillerCoors argued Stone's anticipated motion was not timely and that Stone did not have excuse for the delay.  Opp'n, ECF No. 355, 2-4.

After briefing, Magistrate Judge Lopez denied Stone's request reasoning that Stone failed to diligently seek compliance with a subpoena it obtained to compel a third party to produce responsive materials.  Order, ECF No. 363, 6. Addressing the merits, she also found Stone had not demonstrated excusable neglect by the factors laid out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

Stone filed an objection to Magistrate Judge Lopez's order arguing it was contrary to law by applying the wrong standard to the dispute.  Pl.'s Obj., ECF No. 367. MillerCoors opposed the objection.  Opp'n., ECF No. 371.

## II.   Legal Standard

Federal Rule of Civil Procedure 72(a) provides that in non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  The magistrate judge's discretion in non-dispositive matters is entitled to great deference.  *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).  However, a court "abuses its discretion when it makes an error of law."  *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## III.   Analysis

### A. Timeliness

MillerCoors first argues Stone's objection is untimely and that Stone failed to obtain a hearing date before filing its objection pursuant to Local Civil Rule 7.1.  Opp'n, ECF No. 371, 1.  While the Court recognizes the apparent ambiguity Stone cites in the local rule, the Court also notes that the Parties were previously directed that "[c]ounsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion."  Scheduling Order, ECF No. 72, 3.  Further, the Parties were warned that "[f]ailure to make a timely request for a motion date may result in the motion not being heard."  *Id.*

**B. Merits**

Stone argues the order contained three errors of law.  Mot., ECF No. 367, 14. First, Stone argues the order "improperly placed the burden on Stone to expose [MillerCoors's] false discovery responses through a third-party subpoena." *Id*.  Second, Stone argues the order erred in concluding that granting Stone's motion would require reopening discovery.  *Id*.  Finally, Stone argues the order incorrectly applied the standard for failure to meet a deadline, not the Ninth Circuit's standard for modifying a scheduling order.  *Id*.

Stone's first contention is wrong.  The argument that it was required to police discovery misstates the order.  Magistrate Judge Lopez found Stone "failed to diligently seek [the third party's] compliance with the subpoena prior to the close of fact discovery. Order, ECF No. 363, 6.  She reasoned that although Stone had served the subpoena almost five months before the close of fact discovery, Stone took no action to inquire on the status of production until May 17, 2019, leaving only two weeks until fact discovery closed.  During that time, Stone cites no other action it took to ensure that the discovery would be produced before the deadline.

"Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand."  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).  One month before the fact discovery cutoff, the Parties asked the Court for an extension.  Order, ECF No. 363, 6.  Among the reasons cited was the subpoenas issued to third parties for documents that had not yet been produced.  *Id*.  Magistrate Judge Lopez granted the motion in part, extending the discovery deadline but for less time than the Parties requested.  Plaintiff subsequently asked Magistrate Judge Lopez again for more time but did not mention the subpoena compliance issue.  *Id*.

In short, Stone had the opportunity to bring this issue to the Court's attention before the discovery deadline ran.  Stone did not do so.  Instead, Stone filed a motion for

sanctions more than eight months later.  Mot., ECF No. 338.  Magistrate Judge Lopez did not require Stone to police discovery, merely to meet its own obligation of diligence.

Stone's second and third contentions are also wrong.  The Order correctly applied the *Pioneer* factors.  "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b).  In determining whether there is excusable neglect, the Court considers (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith.  *Pioneer*, 507 U.S. 380 (1993).

As Magistrate Judge Lopez found, there is clearly a danger of prejudice in requiring MillerCoors to once again litigate a motion for sanctions so close to trial.  Order, ECF No. 363, 8.  This would consume time otherwise spent on preparing this case for trial on its merits.  Moreover, entertaining the motion could derail a case when summary judgment motions have been decided, motions to exclude testimony have been decided, and a final pretrial conference has been held.  The delay in bringing this motion was also, as thoroughly set forth above, within Stone's reasonable control.  Stone could have brought this issue before the close of fact discovery but did not.  As Magistrate Judge Lopez noted, Stone "fails to acknowledge [it's] responsibility to ensure [the third party's compliance] before fact discovery ended *or seek assistance from this Court regarding [the third party's] later production in terms of the scheduling order*."  Order, ECF No. 363, 8 (emphasis added).  Finally, the Court assumes that Stone does not bring this motion in bad faith.

Assessing these factors, Magistrate Judge Lopez correctly concluded that Stone's "untimely discovery motion is not the result of excusable neglect."  *Id*.  The Court therefore overrules Stone's Objection.

The Court is mindful that meeting discovery obligations is important.  While the Objection overruled, the trial in this case may reveal evidence of discovery violations for which sanctions are justified.  The Court will address such matters if they arise.

## IV.   Conclusion

For the foregoing reasons, Plaintiff Stone Brewing Company's Objection (ECF No. 367) to Magistrate Judge Lopez's Order (ECF No. 351) is **overruled**.

**IT IS SO ORDERED.**

Date: October 16, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge

3:18-cv-0331-BEN-LL