FILED
OCT 1 6 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>Defendant. | Case No.: 3:18-cv-0331-BEN-LL<br><br>**ORDER ON OBJECTIONS TO REPORTS AND RECOMMENDATIONS**<br><br>**[ECF Nos. 295, 296]** |

This matter comes before the Court on objections to a Report and Recommendation issued by Magistrate Judge Linda Lopez. ECF No. 283. For the following reasons, the Report and Recommendation is **adopted in part** and the objection to Magistrate Judge Lopez's Order is **denied**.

**I.   Background**

This case has a long history of discovery disputes, and the Parties have previously been cautioned that any "failure to comply with court orders or discovery requests may result in the imposition of monetary and/or evidentiary sanctions. Order, ECF No. 122, 13.

On October 8, 2019, counsel for the Parties' contacted Magistrate Judge Lopez about Stone's Motion for Sanctions alleging MillerCoors "systematically failed to comply with its discovery obligations in this case" by withholding discoverable

1

documents related to the marketing of Keystone beer. Report & Recommendation ("R & R"), ECF No. 283, 2-3. After briefing, Magistrate Judge Lopez recommended the Court (1) approve and adopt the Report and Recommendation, (2) deny Stone's request to strike MillerCoors' defenses and counterclaims, (3) deny Stone's request to instruct the jury that MillerCoors withheld material evidence and that an adverse inference may be drawn from that fact, (4) deny Stone's request to require MillerCoors to detail how, where, and when it searched for responsive documents and provide an appropriate certification regarding its efforts, (5) grant Stone's request to supplement its expert reports to take account of the newly produced materials, (6) deny Stone's request for additional discovery on MillerCoors' insurance policy, and (7) grant in part and deny in part Stone's requests for monetary sanctions.

With respect to monetary sanctions, Magistrate Judge Lopez recommended MillerCoors be required to pay Stone's "legal expenses incurred with drafting only the instant motion for sanctions, but recommend[ed] denying [Stone's] request for legal expenses incurred for all other motions to compel and discovery disputes in this case." *Id.* at 10. She ordered Stone's counsel to file a declaration of legal fees and costs associated with the motion, which Stone's counsel timely filed. *See* Decl., ECF No. 287. The declaration asserts that Stone's counsel performed 104.2 hours of work on the motion, which amounted to $57,614.00 when applied to the attorneys' and paralegal's hourly rates. *Id.* at 2.

While documenting the lesser amount, Stone's objection seeks a total of $147,488.00, representing the 239.4 hours of work Stone's counsel have performed on MillerCoors's alleged "selective production of its historical Keystone materials and failure to produce other critical discovery materials that Stone obtained from . . . agents of MillerCoors." *Id.* at 3. Stone also renews its request to strike MillerCoors's defenses or for an adverse inference instruction to be provided to the jury. Pl.'s Obj., ECF No. 295, 2. MillerCoors argues a monetary sanction was not appropriate because there was

no violation of a prior court order, MillerCoors did not act in bad faith, and Stone's request for terminating sanctions should be denied. ECF Nos. 296, 313.

## II. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that in non-dispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court "may, accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Section 636(b)(1) . . . has been interpreted to provide for de novo review by the district court on issues of law." *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

## III. Analysis

The Court has already ruled on Stone's request to strike MillerCoors' defenses and counterclaims. *See* Order, ECF No. 360, 40. Various other issues have been mooted by the progress of this case. The Parties' only remaining objections to the Report and Recommendation concern the award of monetary sanctions and Stone's request for additional evidentiary sanctions. Pl.'s Obj., ECF No. 295.

Magistrate Judge Lopez recommended that Stone be awarded monetary sanctions limited to the legal fees and costs associated with filing its motion for sanctions. R & R, ECF No. 283, 10. Stone has requested additional legal fees and costs as well as further evidentiary sanctions in its Objection to the Report and Recommendation, and MillerCoors argues no monetary sanctions should be imposed, and that if imposed the fees and costs should be reduced. Pl.'s Obj., ECF No. 295, 2, n1.

Federal Rule of Civil Procedure 37 allows the Court to impose sanctions where a party fails to obey a previous order to provide discovery. Fed. R. Civ. P. 37(b)(2). The Court's discretion on such matters is broad. *See Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976). In addition to the plethora of just orders allowed by Rule 37(b)(2)(A), the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The imposition of a monetary sanction does not require the Court to identify "willfulness, fault, or bad faith." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Magistrate Judge Lopez found that MillerCoors failed to provide any rationale for improperly limiting its production of "non-Stone" marketing materials prior to her order compelling MillerCoors to do so issued on July 2, 2019. R & R, ECF No. 283, 7. She also found MillerCoors's records custodian had previously searched for and found responsive documents that were not disclosed following her order. *Id.*; Order, ECF No. 137. Accordingly, she found that MillerCoors's initial search for materials appeared to seriously lack diligence that MillerCoors "has not complied with its discovery obligations in this case with respect to the historical Keystone materials." *Id.* at 8. This was a failure to comply with her July 2, 2019 order. It also caused prejudice to Stone, who at the time was briefing its motion for summary judgment. *Id.* at 7.

Assessing these findings, Magistrate Judge Lopez applied the five factors articulated by the Ninth Circuit in *Valley Engineers Inc. v. Electric Engineering Co.*, which are (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. 158 F.3d 1051, 1057 (9th Cir. 1998). She concluded a dispositive sanction was unjust, and the less drastic and more appropriate remedy would be a limited monetary sanction associated with bringing the motion. *Id.* at 9.

Magistrate Judge Lopez's application of these factors to the motion was thoughtful and thorough. There was a risk of prejudice to Stone caused by the needless delay in disclosure of discoverable material and that delay also cuts against the public's interest in expeditious resolution of litigation. Nonetheless, the monetary sanctions were a less drastic sanction that was available, especially considering public policy favoring disposition of this infringement action on its merits. The public policy favoring

disposition on the merits likewise counsels against Stone's request for further evidentiary sanctions. This case should be decided on its merits, and the documents have at long last been produced.

The Court finds the conclusion reached by Magistrate Judge Lopez was correct based on MillerCoors's failure to meet its discovery obligations with respect to the historical Keystone materials. Accordingly, the monetary sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) was appropriate and the Court adopts the recommendation.

## IV. Conclusion

The Court orders Defendant MillerCoors to pay monetary sanctions in the amount of $57,614.00, the legal fees and costs associated with Plaintiff's filing of its motion for sanctions. Defendant MillerCoors shall pay the fee award within thirty days. The remaining requests for relief are **denied**.

**IT IS SO ORDERED.**

Date: October ___, 2020

HON. ROGER T. BENITEZ
United States District Judge