1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11  STONE BREWING CO., LLC,              Case No.:  3:18-cv-00331-BEN-LL
12                          Plaintiff,
                                         **ORDER ON:**
13  v.                                   **(1) MOTIONS IN LIMINE;**
                                         **(2) MOTION FOR LEAVE TO FILE**
14  MILLERCOORS LLC,                     **REPLY;**
                                         **(3) MOTIONS TO SEAL**
15                          Defendant.
16                                       **[ECF Nos. 379, 383, 424, 428, 431, 433]**
17

18        For purposes of this decision, the Court assumes familiarity with the procedural

19  history and many disputed facts of the suit.  Only a brief summary follows.

20  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

21        Plaintiff Stone Brewing Company, LLC, ("Stone") is a San Diego-based brewer

22  that has sold its Stone® beers nationwide for over two decades.  Compl., ECF No. 1.

23  Molson Coors is a beer conglomerate that was formed after a series of mergers involving

24  Coors, Miller, and Canadian brewing giant, Molson.  In the United States, Molson Coors

25  operates through its subsidiary, Defendant MillerCoors LLC ("MillerCoors").  Among

26  the dozens of brands in MillerCoors' portfolio, MillerCoors has sold domestic lager

27  brand Keystone since 1989.  *Id*. at 33.

28        The Keystone line of beers consists of Keystone, Keystone Ice, and Keystone

Light.  Opp'n, ECF No. 44, 1.  Since its inception, MillerCoors and its predecessors have sold "Keystone" sub-premium beer in cans with a primary KEYSTONE® mark and prominent imagery of the Colorado Rocky Mountains.  Compl., ECF No. 1, 8-9.  From 1989 through today, Keystone cans have been updated from time to time but have always prominently featured the KEYSTONE® mark.  Opp'n, ECF No. 44, 1.  In or around April 2017, MillerCoors undertook efforts to 'refresh' its KEYSTONE image by introducing an updated can and package design.  Compl., ECF No. 1, 10.  MillerCoors also began acquiring various independent craft beer breweries like Saint Archer Brewing Company through its craft beer holding entity, Tenth and Blake Beer Company, to expand its holdings and reduce competition.  *Id*. at 9-10.

MillerCoors' 'refreshed' can design took "KEYSTONE" and separated "KEY" and "STONE" onto separate lines.  Mot., ECF No. 30, 10.  Its 'refreshed' packaging emphasized "STONE" rather than "KEYSTONE."  *Id*.  Similar advertising campaigns began to feature the redesigned Keystone can often accompanied by slogans or taglines such as the August 2017 campaign "Hunt the STONE."  *Id*.

Since introducing the "refreshed" can and package design, Keystone Light has gone from MillerCoors' worst to its best-selling beer of the entire Keystone line.  *Id*. at 10.  At the same time, Stone noticed a discernable drop in its sales as current and potential purchasers were allegedly confused by Keystone's new can and packaging.  *Id*. at 11-14.

Stone moved for summary judgment on its trademark infringement claim, which the Court denied.  *See* Order, ECF No. 360.  The Court determined "a triable issue remains on the 'critical question' of the degree of similarity of the marks.  *Id*. (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000).  The Court also denied Stone's motion for summary judgment on MillerCoors' counterclaims for declaratory judgment that MillerCoors has (1) the right to use STONE and STONES to advertise Keystone Beer, (2) not infringed on Stone's mark based on its right to use that mark, and (3) an "exclusive common law right to use STONE in connection with the sale

1   of beer in the United States." Order, ECF No. 360, 22. The Court granted Stone's

2   motion for summary judgment with respect to MillerCoors' laches counterclaim and

3   affirmative defense. *Id*. at 26. MillerCoors moved for summary judgment on the issue of

4   willful trademark infringement, Stone's federal and state trademark dilution claims, and

5   MillerCoors' laches counterclaim. The Court denied MillerCoors motion on each issue.

6   *Id*. at 32-40.

7         In preparation for trial, the Parties filed 15 Motions in Limine. Stone's MIL, ECF

8   No. 383; MillerCoors' MIL, ECF No. 379. The Court considers each motion in turn.   To

9   the extent that an argument is not acknowledged in this Order, it is rejected.

10  **II.    LEGAL STANDARD**

11        Rulings on motions in limine fall entirely within this Court's discretion. *United*

12  *States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*,

13  469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion in limine only if the

14  evidence is clearly inadmissible for any purpose. *Mathis v. Milgard Manufacturing, Inc.*,

15  Case No. 16-cv-2914-BEN-JLB, 2019 WL 482490, at *1 (S.D. Cal. 2019). If evidence is

16  not clearly inadmissible, evidentiary rulings should be deferred until trial to allow

17  questions of foundation, relevancy, and prejudice to be resolved in context. *See*

18  *Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access

19  to all the facts from trial testimony). Denial of a motion in limine does not mean that the

20  evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means

21  that the court cannot, or should not, determine whether the evidence in question should be

22  excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022

23  (9th Cir. 2005) (rulings on motions in limine are subject to change when trial unfolds).

24  **III.   STONE'S MOTIONS IN LIMINE NOS. 1-6 [ECF No. 383]**

25        **A.    Stone Motion No. 1 – Exclusion of Evidence or Argument that**
           **MillerCoors Believed it had the Legal Right to use "Stone" or Relied on**
26         **any such Belief**

27  Stone first requests the Court "preclude MillerCoors from introducing any

28  evidence or argument regarding its purported belief in its supposed common-law rights."

3

MIL, ECF No. 383, 9.  In support, Stone contends that "MillerCoors asserts that it believed it had a common-law right to use the STONES trademark but refused to allow any discovery into the basis for that belief on [attorney-client] privilege grounds."  *Id*. MillerCoors responds that its reliance on the historic use of STONE and STONES was not the result of legal advice but rather "the *understanding* of the Keystone brand team regarding MillerCoors' historical use of STONE and STONES," and that Stone sought and received descriptions of legal advice concerning this issue during discovery.  Opp'n, ECF No. 388, 1-5 (emphasis in original).  In sum, Stone's primary argument is that MillerCoors is attempting to use attorney-client privilege as both sword and shield.  MIL, ECF No. 383, 7 (citing *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).  MillerCoors responds that it is using attorney-client privilege as a shield, but that "there is no corresponding sword [because] MillerCoors is not weaponizing any legal advice."  Opp'n, ECF No. 388, 1.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield."  *Chevron*, 974 F.2d at 1162 (citing *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991)).  Under certain circumstances, withholding discovery by citing attorney-client privilege results in preclusion of an advice of counsel defense at trial.  *See Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (citing William A. Schwarzer, et al., *Federal Civil Procedure Before Trial*, 11:37 at 11-29 (2000)).  For example, where a defendant "puts at issue privileged communications by asserting a good faith belief that it had common law rights, *which was based at least in part on advice from its attorneys*," evidence or argument about that belief may be excluded.  *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, Case No. CV 06-3459 ABC PLAX, 2012 WL 8134011, at *3 (C.D. Cal. Mar. 9, 2012).

Here, Stone's Motion in Limine is too broad.  It seeks exclusion of Keystone brand team members who may not have relied on the opinion of counsel when formulating the plan for the Keystone refresh, but instead, formulated their plan based on their

4

understanding of Keystone's historical use of STONE and STONES.  This extends the holding in *Spin Master* too far because it would exclude testimony that is not based on legal advice.  *See* 2012 WL 8134011, at *3.  Because the motion is overbroad in its exclusion of testimony that may be relevant, it is **DENIED**.  *See, e.g.*, *Fresenius Med. Care Holdings, Inc. v. Baxter, Int'l, Inc.*, Case No. C 03-1431 SBA(EDL), 2006 WL 1646113, at *3 (N.D. Cal. Jun. 12, 2006) (evidence is excluded on a motion in limine only if it is inadmissible for any purpose).  To the extent MillerCoors offers testimony at trial that is based on undisclosed opinions of counsel, Stone may, of course, object.

### B.   Stone Motion No. 2 – Reference to Certain Aspects of Private Equity Investments in Stone

Stone seeks to exclude reference to the (1) identities and nationalities of investors in its company and (2) amounts of money Stone's founders took out of the company following a recent injection of private equity.  Reply, ECF No. 396, 4, n 2.  MillerCoors argues Stone is falsely touting itself as being "David to MillerCoors' Goliath" and that MillerCoors should be able to introduce evidence of substantial foreign investment and question witnesses "about their financial interest in [Stone], their personal financial interest in this lawsuit, and their personal and business interest in accepting investment from private equity."  Opp'n, ECF No. 388, 6.  MillerCoors interprets the Motion in Limine too broadly.

Under Federal Rule of Evidence 403, evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues.  Stone does not seek exclusion of the fact that it received private equity investment or that its founders have a current financial stake in Stone, and therefore, the outcome of this litigation.  Reply, ECF No. 396, 3-4.  Stone simply seeks exclusion of the nationality of those private equity investors and amounts Stone's founders took out of their business as a result of that investment.  *Id.*  The probative value of such evidence is substantially outweighed by the danger the jury will be confused by these issues if such evidence is even relevant under Federal Rule of Evidence 401.  *See McKiver v. Murphy-*

5

*Brown LLC*, Case No. 7:14-CV-180-BR, 2018 WL 2093071, at *2 (E.D.N.C. Apr. 11, 2018) (prohibiting witness from referring to exports as "Chinese" or emphasizing Chinese origin of corporate grandparent to avoid unfair prejudice); *Reyes v. Aqua Life Corp.*, Case No. 10-23548-CIV, 2012 WL 12892213, at *2 (S.D. Fla. Jul. 9, 2012) (granting motion in limine to exclude evidence of wealth, net worth, and income of defendant's corporate owners).

Accordingly, the motion is **GRANTED**.  MillerCoors may not reference the nationality of Stone's private equity investors or question Stone's founders about the amount of money they took out of the business following the private equity investment.

## C.   Stone Motion No. 3 – Disclaimer of Actions and Statements of Advertising Agencies

Stone contends that MillerCoors "should not be permitted to disclaim responsibility for the statements and actions of the outside marketing agencies it hired to perform much of the work on the Keystone rebrand."  MIL, ECF No. 382, 13.

Stone relies on *In re ChinaCast Education Corporation Securities Litigation*, a Ninth Circuit decision, for the proposition that "the statements, knowledge, and actions of [] agents *are* imputed to the corporation."  MIL, ECF No. 396, 5 (citing 809 F.3d 471, 476 (9th Cir. 2015) (emphasis added)).  However, that case only determined that knowledge *could* be imputed to a corporation, and significantly, the court declined to hold as a matter of law that knowledge *was* imputed in that particular case.  Moreover, the Court agrees with MillerCoors that Stone's request is overbroad.  Stone asks the Court to find "MillerCoors is charged with the work that Mekanism and Soulsight [two advertising agencies] performed for the Keystone rebrand."  Reply, ECF No. 396, 5. However, Stone "ha[s] not identified specific evidence that [it] wish[es] to exclude." *Low v. Trump Univ., LLC*, Case No. 10-cv-940-GPC-WVG, 2016 WL 6732110, at *11 (S.D. Cal. Nov. 15, 2016).  Accordingly, Stone's motion is **DENIED**.  Stone may, of course, inquire into the relationship between these advertising agencies and MillerCoors during cross-examination to show knowledge should be imputed to MillerCoors.

**D.      Stone Motion No. 4 – Exclusion of Evidence for Stone's Motive for Filing Suit**

Stone argues that pursuant to Federal Rules of Evidence 402 and 403, MillerCoors should be prohibited from "arguing or introducing evidence regarding its speculative theories on Stone's motivation for filing suit."  MIL, ECF No. 382, 18.  Stone also specifically requests exclusion of MillerCoors' trial exhibits DX2270, DX2252, and DX2253.  MillerCoors argues Stone's motivation for filing suit may be relevant to MillerCoors' equitable defenses including estoppel and consent or acquiescence.  Opp'n, ECF No. 388, 16.  While the Court is loath to allow this case to be engulfed in a sideshow of whether this litigation is a marketing ploy, it denies the motion as overbroad.

Evidence regarding an alleged motive in filing suit may be relevant to MillerCoors' equitable defenses of estoppel and acquiescence.  *See Illinois Tool Works, Inc. v. MOC Products Co., Inc.*, 946 F. Supp. 2d 1042, 1048 (S.D. Cal. 2012).  "In deciding the equitable defenses, the Court must 'look at all of the particular facts and circumstances of each case and weigh the equities of the parties.'"  *Id.* (quoting *Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc)).  Here, MillerCoors may be able to show relevance of these documents to their equitable defenses, and therefore, the motion is **DENIED**.  Stone may make an appropriate objection at trial if relevancy is not established when MillerCoors seeks to admit such evidence.

**E.      Stone Motion No. 5 – Exclusion of Evidence and Argument from the "Undisclosed Coors Archive"**

Stone argues "MillerCoors should be precluded from presenting any historical Keystone materials from the Coors Archive" because MillerCoors allegedly improperly withheld this evidence during discovery.  MIL, ECF No. 382, 23.  MillerCoors responds that it "produced hundreds of documents from the Coors Archive in the course of discovery, including in its first production" and complied with an order from Magistrate Judge Lopez granting Stone additional deposition time with MillerCoors' archivist.

Opp'n, ECF No. 288, 24-25, n. 19.  The Court granted the Parties leave to provide additional briefing on this Motion in Limine and has considered their arguments set forth therein.  *See* Offer of Proof, ECF No. 423 *and* Resp. to Offer of Proof, ECF No. 426.  Perplexingly, however, only *one paragraph* of Stone's Offer of Proof addresses the Coors Archive.  ECF No. 423, 5.  The remainder of Stone's Offer of Proof is directed at five other categories of discoverable information MillerCoors allegedly "continues to withhold."  *Id*.  Here, the Court addresses only Stone's Motion in Limine regarding the Coors Archive.  Stone's Offer of Proof is further addressed in § V of this Order, below.

Federal Rule of Civil Procedure 26(a)(1)(ii) requires parties to provide "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims and defenses."  These disclosures are mandatory and must be made "without awaiting a discovery request."  *Id*.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial."  Fed. R. Civ. P. 37(c)(1).  This sanction is mandatory unless "the part[y's] failure to disclose the required information is substantially justified *or* harmless."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (emphasis added).[1]

Here, MillerCoors cannot show the failure was substantially justified.  The Court has already adopted the thoughtful and thorough recommendation of Magistrate Judge Lopez addressing monetary sanctions for this issue wherein she found MillerCoors had "not complied with its discovery obligations with respect to the historical Keystone materials."  Report & Recommendation, ECF No. 283, 9.  Magistrate Judge Lopez noted there were serious questions "as to how diligent MillerCoors' search and corresponding

---

[1]     While the Court has separately issued monetary sanctions to MillerCoors arising from this same dispute, *see* Order, ECF No. 409, those sanctions are independent of the determination of whether this evidence may be used at trial.

production really was." *Id*. at 7.

The Court thus turns to harmlessness. "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly*, 259 F.3d at 1107. Stone argues harm has occurred because (1) it was not allowed to *inspect* the Coors Archive, MIL, ECF No. 382, 26-27, and (2) MillerCoors "has still not made a full and complete production of historical Keystone images that support Stone in this case," Offer of Proof, ECF No. 423, 5. When Stone previously made this argument in support of its request for an "on-site inspection of the historical items in their locations in the Coors Archive," Magistrate Judge Lopez found Stone's "argument that it is entitled to 'access to the archive itself and the physical arrangement that [the archivist] relied on' is notably void of any supporting authority." Order, ECF No. 218, 11-12. The Court agrees that Rule 26 does not contemplate "on-site inspection," and therefore, this cannot serve as a basis for harm to Stone. Moreover, with respect to the Coors Archive, MillerCoors has represented that its contents have now been fully disclosed, and Stone does not contest this point. As the Court has not yet set a date for trial, it concludes that MillerCoors has shown the failure was harmless.

Accordingly, the motion is **DENIED**.

## F.   Stone Motion No. 6 – Exclusion of Evidence and Argument Inconsistent with Deposition Testimony of Rule 30(b)(6) Witnesses

Stone argues "MillerCoors should not be permitted to offer evidence or argument that is inconsistent with the deposition testimony of its designated Rule 30(b)(6) witnesses." MIL, ECF No. 382, 28. Stone supports this contention by stating MillerCoors failed to produce a knowledgeable Rule 30(b)(6) witness and that allowing MillerCoors to now "ambush Stone with new information at trial[] would defeat the entire purpose of the Rule." *Id*. at 32. MillerCoors argues that the motion is overbroad and that any inconsistencies with Rule 30(b)(6) depositions can be addressed through cross-examination. Opp'n, ECF No. 388, 26.

The Court has addressed similar motions before. *See Med. Sales & Consulting*

1  *Grp. v. Plus Orthopedics USA, Inc.*, Case No. 08-cv-1595-BEN, 2011 U.S. Dist. LEXIS

2  53766, at *5-6 (S.D. Cal. May 18, 2011) (denying plaintiffs' motion in limine to exclude

3  certain Rule 30(b)(6) witness testimony on grounds the witness was unprepared).  There,

4  the Court found the blanket motion to exclude such testimony was premature because

5  there is not yet "contradictory trial testimony to compare with the witnesses' deposition

6  testimony."  *Id.* at 6.  The same reasoning applies here.  Accordingly, Stone's motion is

7  **DENIED** without prejudice.  Stone may raise the issue at trial if MillerCoors attempts to

8  offer contradictory Rule 30(b)(6) witness testimony.

9  **IV.   MILLERCOORS' MOTIONS IN LIMINE NOS. 1-9 [ECF No. 379]**

10         **A.   <u>MillerCoors Motion No. 1 – Excluding Evidence and Argument of</u>**

11              **<u>Unused Advertisements Created by Third Parties</u>**

12         MillerCoors argues the Court should "exclude evidence and argument regarding

13  advertisements proposed by third parties that MillerCoors never adopted or used in

14  commerce."  MIL, ECF No. 379, 1-6.  Specifically, MillerCoors seeks exclusion of

15  certain billboard designs developed by a marketing firm for MillerCoors that were never

16  actually published.  *Id.* at 1-2.  MillerCoors argues the evidence is irrelevant, content

17  created by third parties cannot be attributed to MillerCoors, and such evidence does not

18  prove MillerCoors' intent with respect to infringement.  *Id.* at 2-4.  Stone responds that

19  such evidence supports its contentions that MillerCoors intended to confuse consumers.

20  Opp'n, ECF No. 390, 4-5.

21         The Court agrees with Stone.  Stone's first claim for relief is for trademark

22  infringement, alleging MillerCoors intentionally copied the STONE® mark.  Compl.,

23  ECF No. 1, 17-18.  This evidence could be relevant to MillerCoors' intent to infringe the

24  mark and its knowledge that it was doing so, regardless of whether these particular

25  billboards were ever published.  Accordingly, the motion is **DENIED**.  *See, e.g.*,

26  *Fresenius*, 2006 WL 1646113, at *3 (evidence is excluded on a motion in limine only if it

27  is inadmissible for any purpose).

28

**B.** **MillerCoors Motion No. 2 – Exclusion of Evidence Regarding Discovery Disputes**

MillerCoors seeks to "preclude [Stone] from making any argument or introducing any evidence concerning [] pretrial discovery disputes, the parties' discovery negotiations, and the Court's discovery orders as irrelevant, confusing, and unduly prejudicial." MIL, ECF No. 379, 7. Stone responds that it is "entitled to cross-examine MillerCoors' experts about how gaps in MillerCoors' documents impacted their opinions" and that alleged discovery misconduct may be evidence of willfulness. Opp'n, ECF No. 390, 8.

Other courts in this Circuit have found that evidence of discovery disputes and misconduct "may be probative of willfulness, and as such, a broad limitation is unwarranted" in a motion in limine. *See, e.g.*, *Corning Optical Comm. Wireless Ltd. v. Solid, Inc.*, Case No. 14-cv-03750-PSG, 2015 WL 5569095, at *2 (N.D. Cal. Sep. 22, 2015). The Court agrees that the broad limitation is likewise not warranted here because Stone may be able to establish relevance as to particular issues addressed in MillerCoors' Motion in Limine. Accordingly, the motion is **DENIED**. However, this ruling does not preclude more specific objections at trial.

**C.** **MillerCoors Motion No. 3 – Exclusion of Evidence and Witnesses not Properly Produced or Disclosed in Discovery**

MillerCoors seeks exclusion of 540 documents and five witnesses it alleges Stone "did not disclose or did not timely disclose during discovery." MIL, ECF No. 379, 9-14. In support, MillerCoors argues that allowing these evidence and exhibits would amount to "trial by ambush." *Id.* at 9. Stone responds that it "has acted in good faith to disclose relevant witnesses in this case" and did not fail to disclose any documents. Opp'n, ECF No. 390, 9-12.

"The purpose of [Federal Rule of Evidence] 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Kilroy v. L.A. Unified School Dist. Board of Education*, Case No. CV 16-9068-DMG (JDE), 2017 WL

10544624, at *1 (C.D. Cal. Oct. 5, 2017) (quoting *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 396 (4th Cir. 2014)).  Here, fact discovery closed on May 31, 2019, and ample time has passed since disclosure to prevent any "unfair surprise" to MillerCoors.  Moreover, "[o]rders in limine which exclude broad categories of evidence should rarely be employed."  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  The Court declines to do so here.  MillerCoors' motion is **DENIED**.

### D.    MillerCoors Motion No. 4 – Exclusion of Improper Actual Confusion Evidence

MillerCoors seeks to preclude Stone "from introducing improper actual confusion evidence or making any argument concerning it at trial."  MIL, ECF No. 379, 14.  MillerCoors argues this evidence, which includes social media posts from alleged consumers describing confusion as to a new "Stone Light" beer, is irrelevant, hearsay, and not timely disclosed.  *Id.*  Stone opposes, arguing social media evidence is relevant and admissible.  Opp'n, ECF No. 390, 13.

The Ninth Circuit has held that in trademark cases, witnesses may testify about "telephone calls from confused customers" to show confusion under the state of mind exception to the hearsay rule.  *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 509 (citing Fed. R. Evid. 803(3)).  Moreover, MillerCoors errs in stating that the Court has found social media evidence to be *per se* irrelevant.  MIL, ECF No. 14-15 (quoting Order, ECF No. 85, 10).  Instead, the Court stated that "it is not permitted to weigh evidence" in the context of summary judgment, and that the jury may consider such evidence if the evidence is properly authenticated and otherwise admissible.  Order, ECF No. 360, 17-18.  MillerCoors citation to *LaPorta v. BMW of North America, LLC* for the proposition that social media statements are hearsay not subject to any exception is likewise inapposite, as that case dealt with the objective standards of impairment for a vehicle under the Song-Beverly Act.  Case No. 17-cv-5145-KS, 2019 WL 988675, at *4 (C.D. Cal. Jan. 24, 2019).

Accordingly, the motion is **DENIED**.  The Court will delay ruling on authenticity

and hearsay objections regarding social media posts until trial, dependent on the context in which the evidence is offered.

### E.   MillerCoors Motion No. 5 – Exclusion of Expert Testimony Regarding Intent

MillerCoors seeks to preclude three of Stone's expert witnesses, Brandon Hernandez, David Stewart, and Phillip Hampton, from testifying about "their opinions regarding MillerCoors' alleged intent." MIL, ECF No. 379, 21. MillerCoors argues that such testimony goes to an ultimate issue of fact – willfulness – that must be decided by the jury. *Id*. Stone responds that these experts are not testifying to an ultimate issue of fact but rather to industry practices that are relevant to intent and willfulness. Opp'n, ECF No. 390, 17.

"[A]n expert witness cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002) (emphasis in original). However, experts may opine that a defendant "deviated from industry standards [*to support*] a finding that they acted in bad faith." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). The Parties appear to agree on the law but not the content of the expert testimony. Here, the motion is **DENIED** because MillerCoors seeks to exclude expert testimony that could permissibly opine on its deviation from industry standards. *See Fresenius*, 2006 WL 1646113, at *3 (evidence is excluded on a motion in limine only if it is inadmissible for any purpose).

### F.   MillerCoors Motion No. 6 – Exclusion of Evidence and Argument Regarding MillerCoors' 2007 Trademark Application

MillerCoors argues the Court should exclude "argument or evidence relating to MillerCoors' 2007 trademark application and related proceedings because such argument or evidence would be likely to confuse the jury and would be unduly prejudicial." MIL, ECF No. 379, 24 (citing Fed. R. Evid. 402 and 403). Stone argues the application is relevant because it shows evidence of intent and contains admissions by MillerCoors

regarding its first purported use of "STONES" for the Keystone brand.  Opp'n, ECF No. 390, 21.

Other courts in this circuit have denied motions in limine in similar cases because evidence of trademark application proceedings has been relevant to likelihood of confusion and statements in the application may contradict other statements in evidence. *See, e.g.*, *Moroccanoil, Inc. v. Marc Anthony Cosmetics, Inc.*, Case No. CV 13-2747-DMG (AGRx), 2014 WL 5797541, at *2 (C.D. Cal. Oct. 7, 2014).  In this case, Stone is not arguing the trademark office's findings are "final" or legally binding, but that MillerCoors' assertions in that application may contradict claims about how long MillerCoors has used "STONES" with respect to the Keystone brand.  Because the evidence may be relevant and otherwise admissible, the motion is **DENIED**.

### G.    MillerCoors Motion No. 7 – Exclusion of Evidence and Argument Regarding Gross Revenues or Profits and Sales of Other Products

MillerCoors seeks exclusion of Stone Exhibits PX356 – PX365, PX370, and any argument concerning MillerCoors total revenue or profits.  MIL, ECF No. 379, 25.  MillerCoors argues the evidence is unfairly prejudicial and represents an attempt to make this case about "craft" versus "big beer."  *Id.*  Stone responds that evidence of revenue and profits from other brands is admissible to show that the Keystone rebranding, rather than other marketing ideas such as the 15-pack of Keystone, drove Keystone's improved revenue, and thus, would be relevant to Stone's damages.  Opp'n, ECF No. 390, 26.

The Court concurs total revenue figures are irrelevant and would likely cause unfair prejudice.  *See* Fed. R. Evid. 402 and 403.  However, Stone may be able to demonstrate sales of other products are relevant to determining the effects of the allegedly infringing Keystone refresh.  Accordingly, the motion is **DENIED without prejudice**.  MillerCoors may bring specific, appropriate objections to evidence at trial.

### H.    MillerCoors Motion No. 8 – Exclusion of Evidence and Argument Regarding MillerCoors' Other Business Activities

MillerCoors seeks exclusion of evidence regarding its decisions to acquire Saint

Archer Brewing Company and cease production in Irwindale, California.  MIL, ECF No. 379, 30.  It argues such evidence is irrelevant and would otherwise be unfairly prejudicial.  *Id.* (citing Fed. R. Evid. 401 and 403).  Stone argues the evidence MillerCoors ceased production in Irwindale is relevant to the cost associated with the production of Keystone, and therefore, relates to Keystone's revenues in calculating disgorgement.  Opp'n, ECF No. 390, 29.  It argues evidence MillerCoors acquired Saint Archer Brewing Company shows MillerCoors was attempting to "appropriate the San Diego craft space."  *Id.*

Any marginal relevance of this evidence is substantially outweighed by the danger of unfair prejudice and potential for confusion of the issues placed before the jury.  Other evidence can be used to establish the costs of Keystone's production, and appropriation of the "San Diego craft space" is not at issue here.  Accordingly, the motion is **GRANTED**.

## I. <u>MillerCoors Motion No. 9 – Exclusion of Evidence and Argument Concerning Legal Advice</u>

MillerCoors seeks exclusion of "[a]ny mention [of] MillerCoors' decision to seek or not to seek legal advice, withholding of such legal advice, and the existence or non-existence of any opinion of counsel."  MIL, ECF No. 379, 32.  In support, MillerCoors argues such evidence would be "irrelevant, confusing to the jury, and unfairly prejudicial."  *Id.*   Stone alleges "MillerCoors intends to argue at trial that it never considered the STONE® mark when it developed and waged its infringing 'Own the Stone' campaign."  Opp'n, ECF No. 390, 30.  Stone asserts that MillerCoors' privilege log demonstrates MillerCoors sought legal advice about potential infringement during the Keystone refresh.  *Id.*

The Court cannot "honor the shield of the attorney-client privilege and then allow [the opposing party] to use it as a sword to prove its case."  *McKesson Info. Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006).  Here, MillerCoors has stated it "will not rely on advice of counsel to support its claims and

defenses in this case." MIL, ECF No. 379, 31. Moreover, the Court has already held that Stone may object at trial to the extent evidence is based on the undisclosed opinions of counsel. *See*, supra, § III(A). Accordingly, the motion is **GRANTED**. Stone may not make argument or introduce evidence concerning legal advice MillerCoors received about the Keystone refresh.

## V.   STONE'S OFFER OF PROOF AND MOTION FOR LEAVE TO FILE REPLY [ECF No. 431]

On October 21, 2020, the Court held a Status Conference in this case at which Stone sought leave from the Court to submit an Offer of Proof "to demonstrate that [] documents that were later discovered in the possession of third parties were requested from Molson Coors," and MillerCoors' represented that it had produced those documents. Status Conference Tr., ECF No. 415, 9:6-9. Stone argued some of these documents related to the Coors Archive addressed above, *see*, *supra*, § III(E), but others related to "massive quantities of literally databases of information that were never searched for or produced." *Id*. at 10:1-4. The Court granted Stone's request to file an Offer of Proof on Stone's Motion in Limine # 5, *id*. at 25:6-10; *see also* Minute Order, ECF No. 410, but also ordered the Parties to take certain actions that the Parties appear to have ignored.

As mentioned above, only one paragraph of Stone's Offer of Proof addresses the Coors Archive, which is the subject of its Motion in Limine # 5. *See* ECF No. 423, 5. The remainder of the Offer of Proof addresses alleged withholding of documents pertaining to (1) MillerCoors' 2019 Keystone Renter Strategy; (2) the Communications Advantage database; (3) a database of social media, radio, and other advertising; (4) economy strategy documents; and (5) "Space Planning" documents. *Id*. at 1-5. Stone does not request a specific remedy. *See id*. at 5 ("Stone MIL 5 focuses on excluding the selectively-produced [Coors] Archive, but an effective remedy must ensure a fair trial not impacted by withheld documents and objections that leverage [MillerCoors'] discovery misconduct."). MillerCoors responds that "all of the categories of documents [sought by

Stone in its Offer of Proof] have been included in prior, settled discovery disputes," and Stone's requests were outside the Parties' agreed upon electronically stored information protocol.  Opp'n, ECF No. 426, 1-2.

At the Status Conference, the Court ordered the Parties to (1) meet and confer in-person; (2) exchange lists of their intended witnesses, the substance of the witnesses' testimony, and the documents they will be using to support that testimony within 45 days; and (3) stipulate which of the documents described above MillerCoors will agree can come into evidence.  Status Conf. Tr., ECF No. 415, 23:22-25:5.  Though the Parties met and conferred in-person, there is no indication they have exchanged the lists described above or drafted an appropriate stipulation.  Instead, three days after their meet-and-confer, Stone filed its Offer of Proof only minimally addressing its Motion in Limine # 5.  Offer of Proof, ECF No. 423.  After MillerCoors responded to the Offer of Proof, Stone filed an *Ex Parte* Motion for Leave to File Reply in Support of Offer of Proof Re. Withheld Evidence / MIL # 5.  ECF No. 431.[2]  During this time, the 45-day deadline for the exchange of witness lists and a stipulation on evidence expired without any indication the Parties have complied with the Court's other directives to the Parties at the Status Conference.  Accordingly, the Court finds the Parties have failed to adhere to its order issued during the Status Conference and is considering imposing sanctions.  *See* Fed. R. Civ. P. 16(f) ("On motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").

---

[2]   To justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  The Court notes that it already granted Stone's request to file an Offer of Proof on this matter.  Minute Order, ECF No. 410.  Further briefing would only be redundant.  Moreover, Stone fails to allege *in its Ex Parte* Motion sufficient grounds to show "irreparable prejudice."  *See Mission Power*, 883 F. Supp. at 492. Accordingly, Stone's *Ex Parte* Motion for Leave is **DENIED**.

The Parties are, therefore, ordered to file an updated Pretrial Order. *See* Civ. L. R. 16.1(f)(g). Stone's counsel shall provide MillerCoors' counsel a draft Pretrial Order by January 28, 2021. After meeting and conferring, the Parties are ordered to lodge an updated Pretrial Order by Friday, February 12, 2021. The Pretrial Order shall comply with Local Rule 16.1. This will assist the Court in expeditiously moving this case to trial while narrowing and defining the nature of the ongoing discovery dispute, and the Parties' efforts should be aided by the Court's resolution of their Motions in Limine.

## VI.   MOTIONS TO SEAL [ECF Nos. 424, 428, 433]

Concurrent with the Parties' briefing on Stone's Offer of Proof and Motion for Leave to File Reply in Support of Offer of Proof, the Parties moved to file under seal portions of their briefs, declarations, and supporting exhibits.

The portions of the briefs, declarations, and exhibits sought to be sealed contain, reference, or discuss commercially sensitive and proprietary business data. These documents have been previously designated "Confidential," "Confidential – Attorneys' Eyes Only," or "Privileged" pursuant to the Protective Order issued in this case. *See* ECF No. 54. Specifically, these exhibits contain business information including detailed business strategy and detailed agreements with third parties.

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." The Court can seal proprietary information to protect a business from potential harm. *See Obesity Research Institute, LLC v. Fiber Research International, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (granting motion to file documents containing proprietary business information under seal).

Accordingly, the motions to seal are **GRANTED**.  Redacted versions of the aforementioned documents have been filed on the public docket.  The Clerk is directed to file unredacted versions of the documents and exhibits lodged at Docket Numbers 425, 429, and 434 under seal.

## VII.   CONCLUSION

In summary, the Court rules as follows:

1.     The Court **DENIES** Plaintiff's Motion in Limine # 1 – Exclusion of Evidence or Argument that MillerCoors Believed it had the Legal Right to use "Stone" or Relied on any such Belief.

2.     The Court **GRANTS** Plaintiff's Motion in Limine # 2 – Reference to Certain Aspects of Private Equity Investments in Stone.

3.     The Court **DENIES** Plaintiff's Motion in Limine # 3 – Disclaimer of Actions and Statements of Advertising Agencies.

4.     The Court **DENIES** Plaintiff's Motion in Limine # 4 – Exclusion of Evidence for Stone's Motive for Filing Suit.

5.     The Court **DENIES** Plaintiff's Motion in Limine # 5 – Exclusion of Evidence and Argument from the "Undisclosed Coors Archive."

6.     The Court **DENIES** Plaintiff's Motion in Limine # 6 – Exclusion of Evidence and Argument Inconsistent with Deposition Testimony of Rule 30(b)(6) Witnesses.

7.     The Court **DENIES** Defendant's Motion in Limine # 1 – Excluding Evidence and Argument of Unused Advertisements Created by Third Parties.

8.     The Court **DENIES** Defendant's Motion in Limine # 2 – Exclusion of Evidence Regarding Discovery Disputes.

9.     The Court **DENIES** Defendant's Motion in Limine # 3 – Exclusion of Evidence and Witnesses not Properly Produced or Disclosed in Discovery.

10.     The Court **DENIES** Defendant's Motion in Limine # 4 – Exclusion of Improper Actual Confusion Evidence.

11.     The Court **DENIES** Defendant's Motion in Limine # 5 – Exclusion of Expert Testimony Regarding Intent.

12.     The Court **DENIES** Defendant's Motion in Limine # 6 – Exclusion of Evidence and Argument Regarding MillerCoors' 2007 Trademark Application.

13.     The Court **DENIES** Defendant's Motion in Limine # 7 – Exclusion of Evidence and Argument Regarding Gross Revenues or Profits and Sales of Other Products.

14.     The Court **GRANTS** Defendant's Motion in Limine # 8 – Exclusion of Evidence and Argument Regarding MillerCoors' Other Business Activities.

15.     The Court **GRANTS** Defendant's Motion in Limine # 9 – Exclusion of Evidence and Argument Concerning Legal Advice.

16.     The Court **GRANTS** the Parties' motions to seal.  ECF Nos. 424, 428, 433.

In addition, the Parties are ordered to submit an updated Pretrial Order meeting the requirements of Local Rule 16.1(f)(6) by February 12, 2021.  Plaintiff shall provide a draft of the Pretrial Order to Defendant by January 28, 2021.

**IT IS SO ORDERED.**

DATED: January 7, 2021

**Hon. Roger T. Benitez**
United States District Court