FILED

APR 05 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>　　　　　Defendant. | Case No.: 3:18-cv-00331-BEN-LL<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE EXPERT WITNESS**<br><br>[ECF Nos. 449, 451] |

This matter comes before the Court on Plaintiff Stone Brewing Company, LLC's ("Stone") Motion for Leave to Substitute Expert Witness. Mot., ECF No. 449. For the following reasons, the motion is **GRANTED**.[1]

**I.     BACKGROUND**

Stone filed this trademark infringement suit against MillerCoors on February 12, 2018. *See* Compl., ECF No. 1. Fact discovery closed in May 2019, and the expert discovery cutoff passed on August 5, 2019. *See* Orders, ECF Nos. 120, 134. The Court

---

[1]     Concurrent with its opposition brief, Defendant MillerCoors LLC ("MillerCoors") filed a Motion to Seal portions of its brief. For the reasons set forth in the Court's previous order regarding documents filed under seal in this matter, the Motion to Seal is **GRANTED**. The Clerk shall file the papers lodged at ECF No. 452 under seal. *See* Order, ECF No. 440, 18-19.

1

held a Final Pretrial Conference on February 24, 2020, and trial was set to begin October 13, 2020. *See* Minute Order, ECF No. 340. Three weeks later, jury trials in this District were suspended due to COVID-19. Chief Judge Order ("CJO") No. 18, dated March 17, 2020.

On September 15, 2020, the Court vacated the trial date due to the ongoing pandemic. *See* Minute Order, ECF Nos. 400, 403. The Court held a Status Conference on October 14, 2020, and another on October 21, 2020, to reassess the case's readiness for trial. At those hearings, the Court expressed its intention to move the case to trial as soon as public health conditions improved enough to safely conduct the trial.

That backdrop gives rise to the instant motion. On November 13, 2020, Stone informed MillerCoors that it wanted to substitute a new expert witness, Professor Robert W. Palmatier, Ph.D., for its current marketing expert, Professor David Stewart, Ph.D. Mot., ECF No. 449, 1. In support, Stone indicated that Dr. Stewart was uncomfortable testifying in-person given the COVID-19 pandemic, and that he was also unwilling to meet with counsel in-person to prepare for trial. *Id.* Stone indicated that Dr. Palmatier endorsed and accepted all of Dr. Stewart's opinions and asked MillerCoors to stipulate to the substitution. *Id.* MillerCoors refused, and now opposes Stone's motion arguing (1) Stone did not act diligently in requesting substitution, (2) Stone cannot show good cause for the substitution, (3) MillerCoors will suffer prejudice if the Court grants the motion, and (4) Stone is surreptitiously trying to re-open discovery. Opp'n, ECF No. 452, 1-3.

## II. LEGAL STANDARD

"Courts have applied the 'good cause' standard in [Federal Rule of Civil Procedure] 16(b) to a party's request to designate a new expert after the deadline in the Scheduling Order has expired." *Cross-Fit, Inc. v. Nat'l Strength and Conditioning Assoc.*, Case No. 14-cv-1191-JLS-KSC, 2018 WL 3491854, at *12 (S.D. Cal. Jul. 18, 2018) (citing *Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 308 F.R.D. 649, 652 (S.D. Cal. 2015)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

## III. ANALYSIS

MillerCoors argues Stone's motion should be denied because it fails to show good cause for the substitution. Opp'n, ECF No. 452, 7. It further accuses Stone of attempting to use this new expert witness to offer opinions and theories that Stone failed to timely disclose. *Id.*

### A. Diligence

The Court's first inquiry is whether Stone acted diligently in seeking substitution of its expert witness. *See Johnson*, 975 F.2d at 609. MillerCoors argues Stone was not diligent because while the pandemic closed the Court to jury trials on March 17, 2020, Stone did not seek substitution until November 13, 2020, or almost eight months later. Opp'n, ECF No. 452, 9. This argument fails.

The last year has brought anything but certainty to the orderly conduct of civil justice. The Court, litigants, witnesses, and the public have adapted to new procedures and norms only to have those change again based on evolving public health conditions within the District. Despite this uncertainty, all concerned have tried to forge ahead. At the status conference on October 14, 2020, which was held as public health conditions were improving, the Court directed the parties to be prepared to try the case. *See* Tr., ECF No. 407, 3. Less than one month later, acting on the Court's directive to be ready to try the case, Stone requested MillerCoors stipulate to substitution. Mot., ECF No. 6. While a "surge in the level of community spread of COVID-19" brought a renewed suspension of jury trials and other in-person proceedings on December 9, 2020, *see* CJO No. 52A, Stone nonetheless acted diligently in requesting substitution based on what was known to the parties (and the Court) at the time. Put another way, the relevant date for diligence is not the date the pandemic started, but the date the Court informed the parties

they needed to be ready for trial (October 14, 2020). Adopting that date, Stone acted diligently.

### B. Good Cause

MillerCoors also argues Stone has failed to show good cause to substitute its expert witness because Stone's expert is not "unavailable." Opp'n, ECF No. 452, 7-8. In support, MillerCoors argues that "[t]here is no trial date set, and COVID-19 concerns are abating." *Id.* at 8.

Other courts within this District have allowed substitution of an expert witness where the retained expert's health prevented them from participating in the case. *See, e.g., Park v. CAS Enterprises, Inc.*, Case No. 08-cv-00385-DMS-NLS, 2009 WL 4057888, at *1 (S.D. Cal. Nov. 19, 2009). Moreover, the Court is mindful that the evolving understanding of COVID-19 raises substantial concerns among parts of the population. The Court is not inclined to require Dr. Stewart to appear in-person. It also recognizes Stone's argument that Stone would suffer prejudice if it was required to present its marketing expert by remote means. Accordingly, the Court finds that Dr. Stewart is unavailable.

### C. Prejudice and Reopening Discovery

MillerCoors contends that even if Stone shows good cause for substitution, the Court should still deny Stone's motion because allowing substitution would severely prejudice MillerCoors. Opp'n, ECF No. 452, 10. MillerCoors specifically argues substitution will (1) insulate Dr. Stewart's surveys from cross-examination, (2) permit Stone to improperly introduce Dr. Stewart's survey evidence without foundation, and (3) require the unnecessary reopening of discovery. *Id.* at 10-14. Stone contends no prejudice exists because Dr. Palmatier (1) has fully adopted Dr. Stewart's opinions, (2) can be cross-examined on Dr. Stewart's survey methodology, and (3) offered supplemental opinions appropriately based on new evidence. Reply, ECF No. 454, 1-2.

The Court agrees with Stone that the digital nature of Dr. Stewart's surveys means that Dr. Palmatier can be cross-examined on their methodology. Moreover, Stone will

4

continue to have the obligation to establish a proper foundation for any expert opinion it seeks to offer. Such matters need not be decided here.

However, the Court is also mindful of MillerCoors' remaining concerns. To mitigate any prejudice to MillerCoors, the Court orders that Dr. Palmatier be made available for deposition and orders that Stone provide discovery relevant to Dr. Palmatier's opinions. Stone shall also pay the attorney's fees and costs associated with the deposition and discovery. *See Park*, 2009 WL 4057888, at *4 (ordering the party seeking to substitute its expert witness to pay the fees and costs incurred with taking the new expert's deposition).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS**:

1. Dr. Robert W. Palmatier is deemed to be Plaintiff's new marketing expert. Dr. Palmatier shall adopt all the expert reports of Dr. David Stewart.

2. If Defendant seeks to depose Dr. Palmatier, the parties shall arrange for that deposition to occur by **May 14, 2021**, with Plaintiff to bear the costs for the deposition.

3. No later than **May 24, 2021**, Defendant shall submit a declaration of fees and costs incurred for taking Dr. Palmatier's deposition and for opposing and objecting to this motion. Plaintiff may file a response to that declaration no later than **June 1, 2021**. The Court will then take the matter under submission.

**IT IS SO ORDERED.**

Dated: ~~March 5~~ April 5, 2021

HON. ROGER T. BENITEZ
United States District Judge