UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:18-cv-00331-BEN-LL<br><br>**ORDER ON:**<br>**(1) PLAINTIFF'S MOTION TO APPOINT SPECIAL MASTER;**<br>**(2) ASSOCIATED MOTIONS TO FILE UNDER SEAL;**<br><br>[ECF Nos. 456, 458, 460, 465] |

## I.   BACKGROUND

After extensive discovery, Plaintiff Stone Brewing Co. ("Stone") seeks appointment of a special master, claiming Defendant MillerCoors ("Miller") is in possession of relevant and responsive evidence that should be disclosed to Stone. Stone asserts Miller has made misrepresentations to the Court regarding the status of this evidence and repeated attempts to negotiate a resolution have been rebuffed by Miller. Miller counters it has complied throughout the discovery process, that the evidence in question has been previously adjudicated throughout the pre-trial process, and that Stone's sought-after special master is nothing more than an untimely motion to reconsider previous discovery rulings.

## II.  LEGAL STANDARD

Courts may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C).  "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).  "It is within a district court's discretion to appoint a master, and to decide the extent of the duties of a special master." *In re Hanford Nuclear Rsrv. Litig.*, 292 F.3d 1124, 1138 (9th Cir. 2002).

A court "should appoint a special master only in exceptional circumstances." *Burlington N. v. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th Cir. 1991).  Courts have found such circumstances based on "the complexity of [the] litigation" or "problems associated with compliance with the district court order." *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 775 (9th Cir. 1990).  In addition to a "history of noncompliance," exceptional circumstances may exist where a court "lack[s] the resources to constantly monitor compliance with the decree." *Hook v. Ariz. Dep't of Corr.*, 120 F.3d 921, 926 (9th Cir. 1997); *see also Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 482 (1986) (noting "the difficulties inherent in monitoring compliance with the court's orders" and the parties' "established record of resistance to prior state and federal court orders").  Though a history of noncompliance weighs in favor of reference to a special master, the Ninth Circuit has rejected a requirement that a court must find "intentional disregard of court orders before a special master may be appointed." *Nat'l Org. For the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 543 (9th Cir. 1987).

## III.  STONE'S MOTION TO APPOINT SPECIAL MASTER [ECF No. 458]

Stone fails to assert any evidence that would persuade this Court that any discovery matters cannot adequately be resolved by the district judge or magistrate judge.  In its Motion, Stone asserts "[c]ourts in this Circuit regularly appoint special masters to address protracted discovery disputes and where a history of noncompliance with Court orders

makes close supervision of a party's conduct necessary." ECF No. 458, at 24. In support Stone cites to two cases from the Northern District of California in which special masters were appointed (*ASIS Internet Servs. v. Active Response Grp.*, No. C07 6211, 2008 WL 2129417, at *6 (N.D. Cal. May 20, 2008) and *Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, No. 15-CV-00797-JST, 2019 WL 1560449, at *6 (N.D. Cal. Apr. 10, 2019)).

In *ASIS*, the Court appointed a special master as discovery was still ongoing and likely to involve "further complex technical issues." *ASIS* at 5. The Court's appointment of a special master in *ASIS* was "necessary to avoid wasting judicial resources and preventing a timely resolution of the case." Moreover, the appointment of a special master was *sua sponte*, as the judge recognized the need. *Id.* at 6. This Court does not recognize such a need in the present case. While the court in *Shenzhenshi* did appoint a special master due to exceptional circumstances (the parties' repeated failures to comply with the district court's order), those circumstances are not present in this case.

First, this Court need not consider why the *Shenzhenshi* court, or any other court, appointed a special master. All that is relevant to the Rule 53 determination is that this Court finds both the district judge and magistrate judge capable of handling any discovery related issues in this case. Second, the Court finds the disputed discovery matters raised by Stone were previously litigated. *See* ECF Nos. 250, 283, 284, 360, 363, 408, 409, 440. In the absence of being able to demonstrate an actual need for a special master, Stone's motion appears to be focused on relitigating discovery matters already decided. Stone had the chance to seek reconsideration of the initial rulings on these matters. Appointing a special master now would seem to be opening up an unorthodox avenue for re-visiting discovery rulings while avoiding the usual hurdles of untimely reconsideration motions. See *Valley Forge Insurance Co. v. Hartford Iron & Metal, Inc.*, 2017 WL 365630, at *3 (N.D. Ind. Jan. 25, 2017). Here, discovery has been closed for two years and the parties are preparing for a trial that commences in just over six weeks. To the extent that either party has any trial-related disputes regarding discovery or any

other matters, this Court is prepared to address them. Accordingly, Plaintiff's Motion for Order to Show Cause Regarding Appointment of a Special Master is denied.

### IV. MOTIONS TO FILE UNDER SEAL [ECF Nos. 456, 460, 465]

Concurrent with the Parties' briefing on the special master issue, the Parties moved to file under seal portions of their briefs, declarations, and supporting exhibits.

The portions of the briefs, declarations, and exhibits sought to be sealed contain, reference, or discuss commercially sensitive and proprietary business data. These documents have been previously designated "Confidential," "Confidential – Attorneys' Eyes Only," or "Privileged" pursuant to the Protective Order issued in this case. *See* ECF No. 54. Specifically, these exhibits contain business information including detailed business strategy and detailed agreements with third parties.

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." The Court can seal proprietary information to protect a business from potential harm. *See Obesity Research Institute, LLC v. Fiber Research International, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (granting motion to file documents containing proprietary business information under seal).

Accordingly, the motions to seal are granted. Redacted versions of the aforementioned documents have been filed on the public docket. The Clerk is directed to file unredacted versions of the documents and exhibits lodged at Docket Numbers 457, 464, and 466 under seal.

### V. CONCLUSION

Stone's Motion for Order to Show Cause Regarding Appointment of a Special

Master is denied. The parties' related motions for leave to file are granted.

**IT IS SO ORDERED.**

DATED: September 27, 2021

_____
**Hon. Roger T. Benitez**
United States District Court