Kent B. Goss (SBN 131499)
KGoss@crowell.com
Valerie M. Goo (SBN 187334)
VGoo@crowell.com
Mariam Sarwar (SBN 329895)
MSarwar@crowell.com
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

Molly A. Jones (SBN 301419)
MoJones@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Defendant
MILLERCOORS LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STONE BREWING CO., LLC,

Plaintiff/Counterclaim Defendant,

v.

MILLERCOORS LLC,

Defendant/Counterclaim Plaintiff.

Case No. 3:18-cv-00331-BEN-MDD

**DEFENDANT MILLERCOORS LLC'S MOTION TO CONTINUE TRIAL DATE**

Date: February 8, 2022
Time: 10:00 a.m.
Judge: Hon. Roger T. Benitez
Courtroom: 5A

Complaint filed: February 12, 2018

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on February 8, 2022, at 10:00 a.m. in Courtroom 5A, the Honorable Roger T. Benitez presiding, in the United States District Court for the Southern District of California, located at 221 W. Broadway, San Diego, California 92101, Defendant MillerCoors LLC ("MillerCoors") will and hereby does move the Court for an order continuing the trial date. Pursuant to Civil Local Rule 7.1(b), on February 3, 2022, counsel for MillerCoors contacted the Clerk of Judge Benitez to secure a hearing date. MillerCoors notices this Motion for hearing on February 8, 2022 as directed by the Clerk.

This Motion will be and hereby is made for good cause and to promote the fair, just, and orderly conduct of trial and is based on this Notice, the following Memorandum of Law in Support of the Motion, any exhibits hereto, the files and records in this action, and any such evidence and arguments that may be adduced at the hearing on this matter.

Dated: February 3, 2022

By: */s/ Valerie M. Goo*

Valerie M. Goo (SBN 187334)
Kent B. Goss (SBN 131499)
Mariam Sarwar (SBN 329895)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071-2201
Tel: (213) 622-4750
kgoss@crowell.com
vgoo@crowell.com
msarwar@crowell.com

Molly A. Jones (SBN 301419)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
mojones@crowell.com

*Attorneys for Defendant MillerCoors LLC*

## I. INTRODUCTION

Defendant MillerCoors LLC ("MillerCoors") hereby moves the Court for a continuance of the March 7, 2022 trial date. *See* ECF No. 495. On January 31, 2022, the parties held their first, preliminary conference with Special Master Andrew Guilford. During that preliminary conference, the Special Master expressed "serious concerns" about the significant number of issues that needed to be resolved in advance of the current trial date, and the Special Master expressly authorized the parties to bring this issue to the Court's attention. In a January 31, 2022 email after the preliminary hearing, the Special Master reiterated his concerns, stating "*I have serious concerns about completing the necessary work in the time period available.*" Ex. A, 1/31/2022 Email from A. Guilford (emphasis in original). Therefore, MillerCoors respectfully requests a short continuance of the trial date, perhaps by six to ten weeks, to allow sufficient time for the Special Master to resolve the matters referred to him in the Court's Order Appointing Special Master (ECF 499).

In short, MillerCoors requests that the Court provide the Special Master with additional time to resolve the large number of complicated issues before him. MillerCoors respectfully submits that it is important to have a full and fair hearing of these issues, after which the Special Master should be given adequate time to draft his findings and recommendations. MillerCoors does not believe that the current March 7, 2022 trial date will allow enough time for: (1) the parties to fully present all disputed factual and legal issues to the Special Master; (2) the Special Master to review these materials and issue well-reasoned findings and recommendations; (3) the parties to review the Special Master's findings and draft objections, if necessary; and (4) the Court to review the Special Master's findings and recommendations and rule on the objections to the Special Master's findings, if any.

## II. GOOD CAUSE EXISTS FOR A SHORT CONTINUANCE

On January 5, 2022, the Court entered an order appointing Andrew Guilford as Special Master for the purposes of resolving "myriad outstanding matters." ECF No. 499. Specifically, the Court referred the following matters to the Special Master: (a) Deposition Designations; (b) Trial Exhibits; (c) Jury Instructions; and (d) Late-Named Witnesses. *Id.* at ¶ 1. The Special Master was directed to "attempt to resolve these disputes through mediation between the parties and issue findings and recommendations on matters that cannot be resolved." *Id.* at ¶ 2. "Any party seeking review of any ruling of the Special Master shall object to any provision of such a ruling or may move the court to adopt or modify the Special Master's order, report or recommendations within 20 days from the date of such ruling is served on the parties." *Id.* at ¶ 6.

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion." *U.S. v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985) (citation omitted). Here, good cause exists for this requested continuance. *See Novoa v. GEO Group, Inc.*, No. 17-cv-1514, 2020 WL 6694342, at *2 (C.D. Cal. Oct. 15, 2020) (finding good cause to continue trial date by two months and rejecting argument that "a modest, two-month extension" would cause the other side prejudice); *Ashford v. Global Expertise in Outsourcing Grp., Inc.*, No. 05-cv-0267, 2007 WL 2238035, at *2 (S.D. Cal. Aug. 2, 2007) (granting stay of trial date to allow appellate court to issue decision on a related case).

Each of the issues referred to the Special Master must be resolved in advance of the March 7, 2022 trial date, and with sufficient time for the Court to adopt the Report and Recommendation, after any objections, and for the parties to implement the Court's ruling. *See* ECF No. 499 (noting that the Court intended "to appoint a special master to handle the myriad outstanding matters which needed to be resolved before trial"). The Special Master would have to issue his findings and

recommendation on disputed issues by no later than February 15, 2022, for the parties to have the necessary 20 days to object, if those objections are to be resolved on or before the first day of trial on March 7, 2022.

It is unrealistic that the Special Master to meaningfully consider the numerous matters and issue well-reasoned recommendations by February 15, 2022. The Special Master scheduled a full day hearing for February 14, 2022—his "first available open date." Ex. A. The Special Master stated that "[n]umerous such meetings may be needed." *Id.* Even after instructing Judicate West not to assign him "any new cases…into the future," the Special Master emphasized to the parties that he had "*serious concerns about completing the necessary work in the time period available*." *Id.* (emphasis in original). During the January 31, 2022 preliminary hearing, the Special Master specifically instructed the parties that they were authorized to bring his concerns about timing to the Court's attention. The Special Master emphasized that he would need considerable time to evaluate the many important issues in order to make sure his decisions are correct, particularly given the possibility of appellate review. He was cognizant of the fact that the legal and factual issues that he has been charged with are numerous and complex.

Further, even if the Special Master were able to issue the ruling by February 15, 2020 and objections were filed twenty days later on the first day of trial, the Court would have very little time to assess the Special Master's recommendation in light of the parties' objections and the parties would have no time to adjust their trial plan to account for the Court's final determinations. The Court will need to review the Special Master's factual findings for clear error and review the Special Master's legal conclusions *de novo*. ECF No. 499, ¶ 6. The Court will review the Special Master's procedural rulings for abuse of discretion. *Id.* Given the number of

///

///

///

complex issues that are in dispute, it would be difficult, if not impossible, to finally resolve all issues before the start of the trial.[1]

Rushing this process would prejudice MillerCoors and increase the likelihood of reversible error.[2] *See MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, Case No. 16-cv-3975, 2017 WL 5665214, at *3 (C.D. Cal. June 8, 2017) (granting motion to modify scheduling order, including continuance of pretrial and trial dates, where movant would suffer prejudice if deadlines were not continued). MillerCoors is diligently preparing for trial and is committed to resolving as many open issues as efficiently as possible. However, there are areas of disagreement where it appears the parties will be unable to reach a compromise, despite MillerCoors' best efforts. These issues affect MillerCoors' right to a fair hearing and fair trial. And, the Special Master and the Court should be afforded time to be sure that the proposed jury instructions accurately state the law. MillerCoors (and Stone Brewing Company) should have the ability to fully present their positions to the Special Master, without hurrying to reach a final determination one day after the first hearing. Preventing the parties from doing so would result in prejudice.

## III. A SHORT CONTINUANCE WOULD NOT CAUSE PREJUDICE

In contrast, a short continuance of the trial date will not cause prejudice. Plaintiff Stone Brewing Co., LLC ("SBC") has stated that it is opposed to any continuance of the trial date. SBC will likely argue that it is willing to compromise and meet the current schedule while suggesting MillerCoors is not. That is not true. For example, SBC offered to reduce the number of items on its exhibit list to one thousand (or potentially less). However, this promised reduction in the number of items on its exhibit list (a) has not yet been served on MillerCoors; (b) most likely

---

[1] There is a possibility that, depending on the Special Master's rulings, additional depositions will be required before the start of trial.

[2] At the time the Court vacated the November trial date, the Court contemplated that the parties would have approximately four months to complete the Special Master proceedings (the Court indicated it anticipated a March trial date).

relates to removing backup support for its separately objectionable summary exhibits concerning social media posts and U.S.P.T.O. filings; and (c) is contradicted by additional new exhibits identified and produced for the first time on February 1, 2022. But even with 1000 SBC exhibits alone, the process of resolving exhibit list related disputes will be time consuming. MillerCoors is also in the process of reducing the number of exhibits on its list, and reviewing deposition designations and objections, and is hopeful that the Special Master proceedings can proceed efficiently. But MillerCoors is also realistic that the process will take time to be done correctly.

Moreover, SBC will not suffer any prejudice due to a short extension of the trial schedule. Indeed, SBC itself has previously moved to continue various deadlines in this case. *See, e.g.*, ECF No. 113, Plaintiff's Motion to Continue Discovery Deadlines; ECF No. 128, Plaintiff's Motion to Continue Expert Report Deadlines. Moreover, the Court has already found that SBC has not demonstrated that it will suffer irreparable harm while it awaits trial.[3] ECF No. 85, at 15.

## IV. OTHER CONSIDERATIONS

Finally, while not the reason for this requested continuance, MillerCoors has retained additional trial counsel for this case, Jonathan C. Bunge and Daniel R. Lombard from Quinn Emanuel Urquhart & Sullivan, LLP, who will be submitting applications to appear *pro hac vice* in this matter. A short continuance of the trial date will allow counsel to continue to familiarize themselves with the history of this case and more efficiently represent MillerCoors at trial.

## V. CONCLUSION

Good cause exists for a short continuance of the trial date, perhaps by six to ten weeks. This short continuance would allow the parties time to present these issues to the Special Master (including at additional hearings, as suggested by the

[3] And, SBC seeks damages and disgorgement in this case "in perpetuity."

Special Master); allow the parties additional time to meet and confer about potential compromises after receiving guidance from the Special Master; allow the Special Master time to draft a well-reasoned report; allow the parties sufficient time to review and object, if necessary; allow the Court sufficient time to review the Special Master's findings and recommendations and rule on the objections to the Special Master's findings; and allow the parties time to adjust their trial presentations accordingly.

Dated: February 3, 2022

By: */s/ Valerie M. Goo*

Valerie M. Goo (SBN 187334)
Kent B. Goss (SBN 131499)
Mariam Sarwar (SBN 329895)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071-2201
Tel: (213) 622-4750
kgoss@crowell.com
vgoo@crowell.com
msarwar@crowell.com

Molly A. Jones (SBN 301419)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
mojones@crowell.com

*Attorneys for Defendant MillerCoors LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of February 2022, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

*<u>/s/ Valerie M. Goo</u>*
Valerie M. Goo