UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>            Plaintiff,<br><br>v.<br><br>MILLERCOORS LLC,<br><br>            Defendant. | Case No.: 3:18-cv-00331-BEN-MDD<br><br>**ORDER ON MOTION TO EXCLUDE TESTIMONY OF SCOTT WHITLEY AND MATTERS TO BE DETERMINED BY THE COURT OR THE JURY**<br><br>**[ECF No. 504]** |

Plaintiff Stone Brewing Co., LLC ("Stone") moves this Court to exclude testimony from Mr. Scott Whitley, a former employee of Defendant MillerCoors LLC ("MillerCoors"). ECF No. 504. In addition to the motion to exclude, the parties filed trial briefs on issues to be determined by the Court vice issues to be determined by the jury. ECF Nos. 493, 494. The Court addresses each matter below.

I.    **Motion to Exclude Testimony of Scott Whitley**

In October of 2021, three weeks before trial was originally scheduled to begin, MillerCoors amended its witness list to include Mr. Whitley, a member of the MillerCoors' sales team in the early 1990's with knowledge of the marketing and sales of Keystone beer. Pl.'s Mot., ECF No. 504, 6. MillerCoors states Mr. Whitley was not identified as a witness until October of 2021, thus the late addition to the witness list. *Id.* MillerCoors states that as soon as Mr. Whitley was identified, Stone was notified of the

1

change to MillerCoors' witness list. Def.'s Opp'n., ECF No. 509, 6. In response to Stone's objections regarding Mr. Whitley's late addition to the witness list, the Court allowed Stone to depose Mr. Whitley. *Id.* Stone completed its deposition of Mr. Whitley on November 19, 2021. ECF No. 505, 16.

The Federal Rules of Civil Procedure require parties to provide to other parties "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A)(i). And "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure" in a "timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* R. 26(e). A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." *Id.* R. 37(c)(1); *see also Yeti by Molly,* 259 F.3d at 1105. Indeed, Rule 37(c)(1) is "intended to put teeth into the mandatory . . . disclosure requirements" of Rule 26(a) and (e). 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2289.1 (3d ed.2014). Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

This Court does not find that MillerCoors acted in bad faith in its late notice of Mr. Whitley, and any prejudice Stone may have suffered was cured by being able to depose Mr. Whitley. To the extent that Stone argues Mr. Whitley's deposition opened the door to several other potential witnesses they now seek to depose, this Court offered Stone the option of continuing the trial date to reopen discovery. Stone declined. ECF No. 529,

32. Stone has had adequate time to prepare for Mr. Whitley's testimony and to the extent Stone seeks to question his credibility, cross-examination is appropriate, not exclusion. Stone's motion to exclude the testimony of Scott Whitley is DENIED.

## II.   Disgorgement of Profits

The parties agree that a calculation of disgorgement of MillerCoors' profits, if necessary, must be done by the Court.  *See* 15 U.S.C. § 1117.  Stone, however, asks this Court to put the issue to the jury in an advisory capacity.  ECF No. 493, 17.  Stone points to the Ninth Circuit's model jury instruction for this issue and argues that calculation by the jury is appropriate because it "is intertwined with facts, data, and evidence also relevant to the calculation of damages." *Id.*  Here, though, the Court finds there to be little benefit, but significant burdens, in sending this matter to the jury when the Court would still be required to perform its own de novo calculations.   Should a calculation of disgorgement of MillerCoors' profits be required, the matter will not go to the jury in an advisory capacity.

## III.   MillerCoors' Prior Registration Defense

The Court finds MillerCoors' prior registration defense not relevant to the facts of this case.  MillerCoors asserts the defense based on registering KEYSTONE before Stone registered STONE.  But these are two separate trademarks.  There is no dispute that MillerCoors does not have a prior registration, or any registration, of the STONE or STONES marks.  Nor does it appear that Stone is attempting to prevent MillerCoors from using the KEYSTONE trademark.  The Court will not consider MillerCoors' proposed prior registration defense.

## IV.   Waiver Defense

MillerCoors avers waiver is a legal issue to be decided by the jury. ECF No. 494, 4.  Stone argues waiver is an equitable defense appropriate for the Court's consideration. ECF No. 493, 10.  Stone also argues that waiver is not appropriate in this case as this Court rejected MillerCoors' laches argument on summary judgment. *Id.* at 9; Order on Mot. Summ. J., ECF No. 360.  This Court's rejection of MillerCoors' laches defense does

not foreclose consideration of waiver. On the issue of waiver being a court or jury matter, though, this Court finds waiver to be an equitable issue appropriate for the Court's determination. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2016 WL 10933024, at *3 (S.D. Cal. Mar. 25, 2016).

## V. Stone's Unfair Competition Claim

Stone contends its fifth claim for relief for unfair competition is both a common law claim and statutory claim. ECF No. 493, 16. MillerCoors asserts Stone's unfair competition claim is only statutory and thus should be decided by the Court. ECF 494, 8. The Court agrees with MillerCoors.

Stone's argument relies on *Duncan v. Stuetzle* (76 F.3d 1480 (9th Cir. 1996)). In *Duncan*, the Ninth Circuit addressed a jurisdictional issue that partially turned on whether the plaintiff's unfair competition claim was a federal Lanham Act claim or state unfair competition claim. The court rejected defendant's argument that plaintiff's claim must be federal by pointing out that the California statute, like the Lanham Act, allowed for injunctive relief. *Id.* at 1489-90. The court also noted plaintiff's pleading included a prayer for compensatory damages that would only be available as a remedy under state common law. *Id.* Based on these factors, the court found plaintiff's claim was based on state law on both statutory and common law grounds. *Id.* Because Stone's complaint also references "damages in an amount to be proven at trial" (Complaint, ECF No. 1, ¶ 95), Stone argues its claim covers both statutory and common law claims.

This case is clearly distinguishable from *Duncan*, however, in that Stone's complaint references the specific provision of the California statute under which relief is sought. In *Duncan*, the court was left to guess under what basis relief the plaintiff sought relief. "There are no federal statutes, rules, regulations, or cases cited at any point in the complaint." *Duncan*, 76 F.3d at 1486. There are no such ambiguities here. Stone is the master of its complaint. Given the option to cite the basis of its sought-after relief, Stone chose only Section 17200 of the California Business and Professions Code. In paragraph 94 of its complaint, Stone asserts MillerCoors' use of the STONE mark was done in a

4

manner that "constitutes unfair competition within the meaning of Cal. Bus. & Prof. Code §17200." ECF No. 1, ¶ 94. Much like in the caption to the claim for relief, Stone could have added a reference to California common law; it did not. Stone's claim that it "suffered damages in an amount to be proven at trial" (*id.* at ¶ 95) does not negate the plain language of the complaint indicating a statutory, and only statutory, claim.

As there is only a statutory claim, the Court will make the determination on this purely equitable matter. *See Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty.*, 9 Cal. 5th, 279, 299-301 (2020).

**IT IS SO ORDERED.**

Dated: March 1, 2022

_____
HON. ROGER T. BENITEZ
United States District Judge