J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
    theodore@braunhagey.com
Forrest Arthur Hainline III, Esq. (SBN: 64166)
    hainline@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

Douglas Curran, Esq. (*pro hac vice*)
    curran@braunhagey.com
BRAUNHAGEY & BORDEN LLP
7 Times Square, 27th Floor
New York, NY 10036
Telephone:  (646) 829-9403
Facsimile:  (646) 829-9403

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>MILLERCOORS LLC,<br><br>    Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-MDD<br><br>**PLAINTIFF STONE BREWING CO., LLC'S TRIAL MOTION 01**<br><br>**RE: COMPELLING ATTENDANCE OF DEFENDANT'S CEO GAVIN HATTERSLEY AT TRIAL**<br><br>District Judge: Hon. Roger T. Benitez<br><br>**Date:** TBD<br>**Time:** TBD<br>**Judge:** Hon. Roger T. Benitez<br>**Ctrm:** 5A<br><br>Complaint filed: February 12, 2018 |

Case No. 18-cv-0331-BEN-MDD

PLAINTIFF STONE BREWING CO., LLC'S TRIAL MOTION 01 RE: COMPELLING ATTENDANCE OF DEFENDANT'S CEO GAVIN HATTERSLEY AT TRIAL

Earlier today, at nearly the last minute before trial—and after MillerCoors knew full well that Stone has planned for weeks to call MillerCoors CEO Gavin Hattersley as its first witness and had informed Stone that he would be available—MillerCoors told Stone that, actually, Mr. Hattersley has an "investor meeting" "on the East Coast" that would prevent him from appearing in Court until the fourth day of trial. MillerCoors's counsel would not reveal (or did not know) when that "investor meeting" purportedly had been scheduled, what it pertained to, or even what city it was in. Prejudicial pretrial maneuvering could not be more obvious on its face.

But that is not all. MillerCoors's representation that Mr. Hattersley was unavailable because of an "investor meeting" is not true. Simple internet searching reveals that Mr. Hattersley is actually scheduled to attend a "Fireside Chat" as part of a "Global Consumer and Retail Conference" hosted by UBS in Boston, with many of the participants appearing via videoconference. Mr. Hattersley is scheduled to participate for a single hour, from 2:00 PM to 3:00 PM ET on March 9:

**UBS**

**Agenda**
Global Consumer and Retail Conference
Four Seasons Hotel Boston

Wednesday, March 9, 2022

All times listed are in Eastern Time (ET)
(F) = Fireside Chat; (V) = Virtual

| 2:00 p.m. | **Molson Coors Beverage Co (F)** |
| | Gavin K Hattersley, President & CEO, MillerCoors |
| | Tracey Joubert, Chief Financial Officer |

(Declaration of Douglas S. Curran ("Curran Decl."), filed herewith, Ex. 3). These types of conferences are a dime-a-dozen in the industry; indeed, UBS alone is

hosting 14 more such conferences just this year.[1]  Moreover, Mr. Hattersley is not the only MillerCoors representative attending the conference; the above agenda shows that the MillerCoors CFO, Tracey Joubert, is likewise scheduled for the 2:00 PM "Fireside Chat."  And a brief scan of the other participants listed on the agenda shows that many of the companies attending are not sending their CEOs at all.

The bottom line is that an industry conference in Boston hosted by an investment bank is not grounds for a last-minute refusal to appear at trial on the date that MillerCoors had already agreed to make Mr. Hattersley available.  MillerCoors should not be permitted to sandbag Stone by claiming at the eleventh hour that Mr. Hattersley is unavailable because he would prefer to be at a "Fireside Chat" in a Four Seasons rather than on the witness stand answering questions about his role in the substantial and ongoing damage MillerCoors has caused to Stone.  Stone therefore brings this motion to compel Mr. Hattersley to appear in Court on Tuesday, March 8, 2022, at 8:30 AM PT, as the parties have long contemplated.

## ARGUMENT

MillerCoors has known for weeks that it had to make Mr. Hattersley available to testify beginning the morning of March 8.  In particular, on February 10, Stone wrote to MillerCoors to inform it that Mr. Hattersley must be available from March 8 to March 10.  (Curran Decl. Ex. 1).  MillerCoors did not object or claim that Hattersley was not available, and the parties prepared for trial accordingly.  On February 28, Stone again confirmed to MillerCoors that it "plan[s] to call Hattersley and Wexelbaum on witness days 1 and 2."  (*Id.* Ex. 2).  In response, MillerCoors did not object, but instead sought clarification, stating, "Does this mean that Hattersly will be your first witness on Monday afternoon [March 7] if we get to a witness?"  (*Id.*).  Stone responded and for a third time confirmed that Mr. Hattersley would be called first, such that he should be available even on March 7 if necessary: "[T]o the

---

[1] https://www.ubs.com/global/en/investment-bank/conferences/americas.html

extent any witnesses are called on Monday, Hattersley should be there on Monday." (*Id.*). Again, MillerCoors did not object or otherwise even respond.

On the evening of Tuesday, March 1, MillerCoors's counsel spoke to Stone's counsel by phone, and raised the issue of Mr. Hattersley's unavailability for the first time. (Curran Decl. ¶ 4). MillerCoors indicated that Mr. Hattersley had a vague "commitment" "on the East Coast" on March 8 and 9, and asked whether Stone would "accommodate" that schedule. (*Id.*). MillerCoors made clear that it was not demanding or insisting that Stone do so. (*Id.*). This unusual phrasing was no doubt a result of the fact that MillerCoors recognized that it had long ago been finalized that Mr. Hattersley's testimony would begin on the first day of witness testimony.

Stone responded by explaining that it was preparing its case based on calling Mr. Hattersley on the first day of witness testimony, as previously agreed. (*Id.*). On the next evening (that is, today, March 2), Stone's counsel and MillerCoors's counsel again spoke by phone. MillerCoors's counsel stated definitively for the first time that MillerCoors was refusing to produce Mr. Hattersley on March 8 or 9 due to an "investor meeting" on the "East Coast." (*Id.* ¶ 5). Stone's counsel asked for additional information—including what the event was, when it was taking place, where it was taking place, and when it had been scheduled. (*Id.*). MillerCoors's counsel did not provide any additional information. (*Id.*). Stone strongly objected, stating that it was categorically improper to refuse to produce Mr. Hattersley as scheduled, and demanded that MillerCoors confirm it would do so. (*Id.* ¶ 9). MillerCoors refused. (*Id.*).

Following that call, Stone's counsel located information online regarding the UBS conference in Boston described above. The agenda is attached as Exhibit 3 to the Declaration of Douglas Curran, filed herewith. The conference is not a Molson Coors investor event at all. Instead, it is a "Global Consumer and Retail Conference" hosted by UBS at the Four Seasons hotel in Boston. (Curran Decl. Ex. 3). The event

does not take place on Tuesday, March 8 (the date that Stone will call Mr. Hattersley to the stand), but instead begins on Wednesday, March 9. (*Id.*). And Mr. Hattersley is scheduled only to participate in a single, one-hour "Fireside Chat" at 2:00 PM ET, along with the Molson Coors CFO. (*Id.*). Many of the companies participating are not sending CEOs at all, but rather CFOs, SVPs, Principals, and Directors. (*Id.*). And, critically, many of the other individuals attending the various "Fireside Chats" are participating virtually by videoconference, as reflected by the "V" notation next to their names on the agenda. (*Id.*). For example, the CFO of McDonald's is attending his own "Fireside Chat" virtually by way of a video-screen set up in the same ballroom where Mr. Hattersley is scheduled to speak. (*Id.*). MillerCoors has not identified (and cannot identify) any reason why Mr. Hattersley would be unable to do the same.

Stone has been preparing for trial for weeks based on the schedule that it conveyed to MillerCoors on February 10. As recently as two days ago, on February 28, the parties again reaffirmed that schedule, when Stone stated in response to a request for clarification from MillerCoors: "[T]o the extent any witnesses are called on Monday, Hattersley should be there on Monday." (*Id.* Ex. 2). MillerCoors cannot be permitted to blindside Stone just days before trial, after the parties have contemplated for weeks that Mr. Hattersley would be the first witness on the stand.

Stone therefore requests that the Court order Mr. Hattersley to appear at trial at 8:30 AM PT on Tuesday, March 8. If appropriate, Stone is amenable to taking a one-hour break from Mr. Hattersley's testimony on March 9, so he can participate in the "Fireside Chat" virtually if his participation is for some reason truly critical. But this Court cannot permit MillerCoors to so unfairly prejudice Stone by pulling its witness on the eve of trial.

| | |
|---|---|
| Dated:  March 2, 2022 | Respectfully Submitted, |
| | BRAUNHAGEY & BORDEN LLP |
| | By:  s/ Douglas S. Curran |
| | Douglas S. Curran |
| | *Attorneys for Stone Brewing Co., LLC* |