1  J. Noah Hagey, Esq. (SBN: 262331)
      hagey@braunhagey.com
2  Jeffrey M. Theodore, Esq. (SBN: 324823)
      theodore@braunhagey.com
3  Forrest Arthur Hainline III, Esq. (SBN: 64166)
      hainline@braunhagey.com
4  J. Tobias Rowe, Esq. (SBN: 305596)
      rowe@braunhagey.com
5  BRAUNHAGEY & BORDEN LLP
   351 California Street, 10th Floor
6  San Francisco, CA 94104
   Telephone: (415) 599-0210
7  Facsimile: (415) 276-1808

8  Douglas Curran, Esq. (*pro hac vice*)
      curran@braunhagey.com
9  BRAUNHAGEY & BORDEN LLP
   7 Times Square, 27th Floor
10 New York, NY 10036
   Telephone:  (646) 829-9403
11 Facsimile:  (646) 829-9403

12
   ATTORNEYS FOR PLAINTIFF
13 STONE BREWING CO., LLC

14

15 **UNITED STATES DISTRICT COURT**

16 **SOUTHERN DISTRICT OF CALIFORNIA**

17 | STONE BREWING CO., LLC, | Case No: 18-cv-0331-BEN-LL |

18 Plaintiff / Counterclaim Defendant,

**PLAINTIFF STONE BREWING CO., LLC'S TRIAL BRIEF 02**

19

20 v.

**RE: SELECTION OF EIGHT TOTAL JURORS, IN ACCORDANCE WITH PRIOR COURT ORDER AND AGREEMENT OF THE PARTIES**

21 MILLERCOORS LLC,

22 Defendant / Counterclaim Plaintiff.

District Judge: Hon. Roger T. Benitez
Magistrate Judge: Hon. Linda Lopez

23

24 **Judge:**  Hon. Roger T. Benitez
   **Ctrm:**   5A
25

26

27 Complaint filed: February 12, 2018

28

1       Plaintiff Stone Brewing Co., LLC ("Stone") respectfully submits this brief to
2  address the issue of the number of jurors to be selected, which was raised at today's
3  pretrial conference before the Court. The Court indicated that it was inclined to seat
4  nine jurors, and permit all nine to deliberate.
5       Stone respectfully notes that at the February 24, 2020 Pretrial Conference, the
6  Court had previously ruled on this issue, and counsel for both parties had stipulated
7  to eight jurors in all, in order to ensure that six jurors would be available to
8  deliberate. The Court stated:

> Since it will be a -- give or take, 12 days of trial, I think that probably two alternates -- or two additional jurors would be preferable, unless you're -- both sides are willing to agree that if we were to get below six, that they could continue with the deliberations. In other words, **if you agree that we could have five jurors continue with the deliberations in the event that it becomes necessary to do that, then I'll only select 7 jurors. That gives us two jurors to go one way or the other. Otherwise, I'll select eight jurors because I don't want to get down below six.**

(Feb. 24, 2020 Pretrial Conference Tr. at 7:24–8:8 (emphasis added)). The Court then asked the parties if they would agree that five jurors could issue a verdict if necessary. Stone said that it would agree to such an arrangement (as it again did today), while MillerCoors said it would not. (*Id.* at 8:9–23).

MillerCoors's own counsel then indicated in plain terms that it accepted six jurors with two in reserve: "**Your Honor, we would like six jurors, as is mandated by the law**." (*Id.* at 8:22–23 (emphasis added)). The Court then ruled accordingly that it would select eight total jurors:

> All right. **So we'll stick to six jurors. We'll select eight jurors altogether.** All right? At the beginning.

(*Id.* at 9:8–10). With this response, MillerCoors affirmatively consented to the Court's statement that it would select eight total jurors to ensure that six (rather than five) would render a verdict.

Stone respectfully submits that the Court should not revisit its prior order that it would select eight jurors, as there is no reason to deviate from that decision and doing so would substantially prejudice Stone.

***First,*** seating nine jurors when Stone is legally required to secure a unanimous verdict of just six jurors, unfairly requires Stone to convince **50%** more jurors of the validity of its claims than it is legally required to do.  To be sure, seating eight jurors rather than six increases that additional burden by **33.3%**—which is still quite substantial—but Stone understands and accepts the practical need to have additional jurors to protect against the risk that two jurors drop off for one reason or another. But it is not fair or equitable to increase that burden to nine jurors rather than eight, especially when both parties have already agreed to—and the Court has ordered—that arrangement.

***Second,*** as the Court has also ordered, this case must be submitted to the jury by Wednesday, March 23, so that the jury is positioned to reach a verdict by Friday, March 25, at which point the Court has informed the parties it is no longer available. Increasing the number of jurors selected from eight to nine accordingly increases the likelihood that the deliberations will be protracted and will extend beyond March 25, which would be to the detriment of both parties.  Seating nine jurors would also increase the complexity of the voir dire process, and would increase the chance that one of the jurors has an undisclosed conflict that later gives rise to objection from the parties.

***Third,*** the parties have long been preparing for trial—for more than two years, since the Court's order quoted above on February 24, 2020—with the expectation that the jury would consist of eight jurors, not nine.  Stone has spent substantial resources on a variety of jury consultants and other advisors, all with the understanding that the case would tried to eight jurors.  Respectfully, changing that arrangement now, just days before trial, is unfair and causes substantial prejudice to Stone.

PLAINTIFF'S TRIAL MOTION 02 RE: SELECTION OF EIGHT JURORS

*Finally*, any concerns regarding COVID have substantially dissipated in and around Southern California. In San Diego County, new daily cases are lower than they have been in months, and the trend continues downward. Indeed, rates of new cases have dropped by 56% in the last two weeks alone:

[Chart: New York Times San Diego County Covid Tracker showing declining case rates from Feb. to Mar.]

(New York Times San Diego County Covid Tracker[1]). There is nothing to indicate those trends will reverse during the 12-day duration of this trial. Moreover, seating nine jurors in the jury box will only <u>increase</u> the likelihood of infection, as the jurors will be unable to socially distance themselves to the extent they would with one fewer juror. As a result, that there is no Covid-related need to select nine jurors rather than eight, especially at the cost of substantial prejudice to Stone.

## **CONCLUSION**

For the foregoing reasons, Stone respectfully requests that the Court select a jury of six primary jurors and two additional jurors for a total of <u>eight</u> jurors, as the Court previously ordered it would.

Dated:  March 4, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: <u>s/ Douglas S. Curran</u>
      Douglas S. Curran

*Attorneys for Stone Brewing Co., LLC*

---

[1] Available at: https://www.nytimes.com/interactive/2021/us/san-diego-california-covid-cases.html.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2021, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system, which will send a notice of filing to all counsel of record.

Dated: March 4, 2022						By:	s/ Douglas S. Curran
								Douglas S. Curran