J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Forrest Arthur Hainline III, Esq. (SBN: 64166)
  hainline@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 599-0210

Douglas Curran, Esq. (*pro hac vice*)
  curran@braunhagey.com
BRAUNHAGEY & BORDEN LLP
7 Times Square, Twenty-Seventh Floor
New York, NY 10036
Telephone:  (646) 829-9403
Facsimile:  (646) 829-9403

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>MILLERCOORS LLC,<br><br>    Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-MDD<br><br>**PLAINTIFF STONE BREWING CO., LLC'S OPPOSITION TO DEFENDANT MILLERCOORS LLC'S BENCH BRIEF ON LOSS OF VALUATION DAMAGES [ECF NO. 571]**<br><br>**Judge:**  Hon. Roger T. Benitez<br>**Ctrm:**   5A<br><br>Complaint filed: February 12, 2018 |

Case No. 18-cv-0331-BEN-MDD
PLAINTIFF STONE BREWING CO., LLC'S OPPOSITION TO DEFENDANT MILLERCOORS LLC'S BENCH BRIEF ON LOSS OF VALUATION DAMAGES [ECF NO. 571]

Once again, new counsel for MillerCoors unfamiliar with the history of this case seeks to disrupt and delay proceedings and waste Stone's time at trial by ignoring the parties' prior pleadings and disclosures.

During the testimony of Stone's co-founder Greg Koch, MillerCoors called a lengthy sidebar to argue to the Court that Mr. Koch should not be permitted to testify regarding valuations of Stone within his personal knowledge. MillerCoors asserted that loss of valuation is a "novel theory of damages" never "disclosed at any stage of discovery." (Def. Trial Br. at 1.) But these assertions were false. Stone disclosed damages theories based on loss of business value years ago in its interrogatory responses, and MillerCoors examined multiple Stone witnesses on this exact issue at depositions. The parties have already litigated this issue before Special Master Guilford, who recommended that the jury be instructed regarding loss of business value as a component of Stone's damages. Like MillerCoors's attempt on the eve of trial to withdraw its years-old stipulation that the STONE® registration is incontestable, MillerCoors's untimely attempt to exclude Stone's claim for damages based on loss of business value should be rejected.

***First***, new counsel for MillerCoors incorrectly asserts that loss of business value is a "novel theory of damages" never "disclosed at any stage of discovery." (Def. Trial Br. at 1.) That is false. Stone served interrogatory responses during discovery specifically identifying "loss of . . . enterprise value" and "lost brand value and equity" as components of its damages:

> Stone also seeks to recover its lost past and future profits, lost goodwill and/or lost brand value and equity, as well as treble damages as may be awarded under law. Stone's representative Dominic Engels testified regarding the loss of Stone's sales and enterprise value following MillerCoors's infringement.

(Stone Supplemental Response to Interrogatory No. 9 at 7.)

Stone's loss of business value was addressed at the deposition of Stone's then-CEO Dominic Engels and Rule 30(b)(6) witness, whom MillerCoors examined

regarding valuations of Stone performed by third parties and by Stone itself. (Engels Tr. at 110:7-117:25.) Loss of business value was discussed again at the September 9, 2021, deposition of Stone's current CEO, Maria Stipp, who was examined on and testified regarding internal and external valuations of Stone. (Stipp. Tr. at 156:6-160:24.)

Stone asserted damages claims based on valuations during discovery, and MillerCoors repeatedly examined Stone's witnesses on third party valuations during discovery. MillerCoors's claim that Stone did not disclose any damages theory based on loss of business value is false.

**Second**, there is no merit to MillerCoors's argument that loss of business value as a result of trademark infringement is not compensable under the Lanham Act. The parties have already litigated this issue before the Special Master, who ruled that the jury should be instructed that Stone's actual damages may include "diminution in the value of [Stone's] business" and that the jury should "measure these damages by making a fair and reasonable assessment based upon the evidence presented":

> Instruction No. 43
>
> Damages – Diminution in Value and Loss of Goodwill and Reputation
>
> As actual damages in this case, Plaintiff has claimed diminution in the value of its business, including the loss of sales and profits, loss of goodwill, and damage to reputation caused by Defendant's infringement of the STONE® mark. In measuring this injury, you may consider Plaintiff's costs and expenditures in building its reputation and goodwill, evidence of widespread harm to Plaintiff's goodwill, and evidence of the reduction in value of Stone's business attributable to Defendant's infringement. You should measure these damages by making a fair and reasonable assessment based upon the evidence presented.

(ECF No. 531-1 at 86.) During Mr. Koch's examination, Stone presented precisely the sort of valuation evidence that will be useful to the jury in reasonably determining any diminution in value of Stone's business. *See Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) ("Section 1117 demands neither

empirical quantification nor expert testimony to support a monetary award of actual damages; many sources can provide the requisite information upon which a reasonable jury may calculate damages"). MillerCoors presents no reason why it should be permitted to re-litigate issues decided by Judge Guilford without notice and in the middle of Stone's direct examination of its founder at trial.

MillerCoors's argument that the Lanham Act does not allow for damages based on diminution in business value also fails on the merits. The Lanham Act allows recovery of "any damages sustained by the plaintiff" in a trademark infringement action. 15 U.S.C. § 1117(a). This includes loss in a business's value. *See Skydive Arizona*, 673 F.3d at 1112 (affirming $2.5 million damages award where plaintiff "presented to the jury ample evidence proving the original value of [plaintiff's] goodwill and the scope and depth of [infringer's] harm to [plaintiff's] reputation"; "we accept 'crude' measures of damages based on reasonable inferences"); *Chow v. Chak Yam Chau*, 555 F. App'x 842, 848 (11th Cir. 2014) ( "a reasonable jury [could] conclude that these acts were at least partially responsible for Mr. Chow's drop in sales and the reduction in the value of the restaurant"); 5 McCarthy on Trademarks and Unfair Competition § 30:77 (5th ed.) ("damage to good will and reputation can form a significant part of the recovery for damage").

In its brief, MillerCoors fails to identify a *single case* in which a court has refused to award damages for loss of business value. Instead, MillerCoors relies entirely on *Leadership Stud., Inc. v. Blanchard Training & Dev., Inc.*, No. 15CV1831-WQH(KSC), 2017 WL 2819847, at *7 (S.D. Cal. June 28, 2017), an order regarding a motion to compel discovery in a trademark licensing dispute. MillerCoors's selective quotation is grossly misleading – the quoted portion was not Judge Crawford's ruling, but instead was her paraphrasing of one party's arguments. The passage quoted by MillerCoors actually begins "According to Defendant…". 2017 WL 2819847, at *7. MillerCoors also omits that *Leadership Studies* did not

involve claims for loss of business value or goodwill suffered by a trademark infringement plaintiff, but instead involved only claims for "lost sales and disgorgement of profits" based on breach of a license agreement. *Id*.

MillerCoors fails even under *its own reading* of the position proffered by the Defendant in *Leadership Studies*: that a plaintiff cannot "'recover the "value or valuation" of a trademark.'" (Def. Trial Br. at 2 (quoting *Leadership Studies*).) Defendant objects not to that[1] but to Stone's request for damages based on the injury that Defendant's infringement has done to its business and goodwill. As the appellate cases cited above demonstrate, that is a well-established theory of damages pursuant to which courts routinely award relief under the Lanham Act.

***Finally***, it is improper for MillerCoors to raise this issue now in the middle of Stone's witness testimony. MillerCoors has known that the diminution in Stone's business value would be an issue in this case for years, as reflected by the fact that MillerCoors's counsel has questioned Stone's witnesses regarding valuation issues at depositions beginning in 2019 and continuing through 2021. The parties also addressed this issue with Judge Guilford, who ruled in favor of Stone. Defendant even had a trial brief prepared (which was not previously provided to Stone) during the testimony of Greg Koch. But instead of raising this issue with Stone and the Court in an orderly manner, Defendant waited until the middle of Mr. Koch's testimony to disrupt proceedings with a lengthy sidebar. Given its decision to lie in wait until the middle of Stone's witness testimony at trial – years after Stone first disclosed its damages claims based on loss of business value – MillerCoors should be deemed to have waived this issue.

For the foregoing reasons, Defendant's objections to testimony regarding Stone's valuation should be overruled. Stone also should be re-allocated the time

---

[1] In fact, Defendant itself has proposed the value of the STONE® mark as a measure of damages in this case. *See* 2.1.22 Def. Proposed Jury Instruction No. 20 (p. 60:12-14) (attached to Joint Proposed Pretrial Order).

spent on MillerCoors's improper sidebar objection so that it is not further prejudiced by MillerCoors's disruption of Stone's case-in-chief with unmeritorious objections. Stone intends to submit a brief regarding reallocation of time more generally as well.

Dated: March 15, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: s/ J. Noah Hagey
     J. Noah Hagey

*Attorneys for Plaintiff
Stone Brewing Co., LLC*