J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
    theodore@braunhagey.com
Forrest Arthur Hainline III, Esq. (SBN: 64166)
    hainline@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 599-0210

Douglas Curran, Esq. (*pro hac vice*)
    curran@braunhagey.com
BRAUNHAGEY & BORDEN LLP
7 Times Square, Twenty-Seventh Floor
New York, NY 10036
Telephone:  (646) 829-9403
Facsimile:  (646) 829-9403

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>MILLERCOORS LLC,<br><br>    Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-MDD<br><br>**PLAINTIFF STONE BREWING CO., LLC'S TRIAL BRIEF 06 RE: LIMITING INSTRUCTIONS ON SOCIAL MEDIA EVIDENCE**<br><br>**Trial Date:** March 7, 2022<br>**Judge:**  Hon. Roger T. Benitez<br>**Ctrm:**   5A<br><br>Complaint filed: February 12, 2018 |

Stone respectfully requests that the Court modify the limiting instruction it gave to the jury regarding social media evidence presented by Stone at trial. In response to objections by Defendant, on March 14, 2022, the Court instructed the jury that social media evidence of users' comments regarding Keystone and Stone were only to be considered for notice or for their effect on the state of mind of Stone and Greg Koch, Stone's co-founder who introduced the exhibits. (3/14/2022 Afternoon Tr. at 86:2-7.) However, social media comments are also relevant for the fact that they were made and what they express about the state of mind of the commenter, including as evidence of confusion. These are non-hearsay uses and fall within exceptions to the rule against hearsay, as the Court previously ruled in denying MillerCoors's motion in limine. (ECF No. 440 at 12-13.) Accordingly, the jury should be instructed that it may consider the social media posts for the fact that they were made and for what they express about the commenters' state of mind, in addition to considering the effect of this evidence on Stone and Mr. Koch.

### 1. Social Media Evidence is Relevant

Social media evidence is relevant because "evidence of actual confusion constitutes persuasive proof that future confusion is likely." *Thane Int'l v. Trek Bicycle Corp.*, 305 F.3d 894, 902 (9th Cir. 2002). Consumer statements also show how consumers perceive and interact with Stone and Keystone in the marketplace. Thus, courts in trademark litigation routinely admit consumer statements as evidence of confusion. *Lahoti v. Vericheck*, 636 F.3d 501, 509 (9th Cir. 2011); *Conversive v. Conversagent*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (collecting cases).

During Mr. Koch's testimony, Stone introduced evidence of social media users' posts regarding Stone and Keystone products, including comments associating Rebranded Keystone with Stone and users' posts regarding Keystone marketing materials. (*See* PX2473, PX2468, PX3001, PX3015, PX0711, PX3492.) These comments are relevant because they show the manner in which consumers interact

with Stone and Keystone products in the marketplace and for what they express about consumers' state of mind, including confusion.

### 2. The Social Media Evidence is Admissible for Non-Hearsay Purposes and as Evidence of Users' State of Mind

In trademark infringement cases like this one, consumers' social media comments are not offered for the truth of the matters asserted and fall within the "state of mind" exception in Rule 803(3). First, the comments are not hearsay when offered for the fact that they were made rather than the truth of the matters asserted. FRE 801(c)(2); *Conversive*, 433 F. Supp. 2d at 1091 (admitting consumer statements showing confusion based on plaintiff's argument that "the out-of-court statements are not offered for the truth of the matter asserted and that they are therefore not hearsay"); *Lahoti*, 636 F.3d at 509 (affirming admission of "customer statements" as confusion evidence, noting the McCarthy treatise's view that "such testimony is not hearsay"); *see also Americana Trading v. Russ Berrie & Co.*, 966 F.2d 1284, 1289 (9th Cir. 1992) (letter from a customer indicating that the customer believed Russ's products to have been manufactured by Amtra" is "evidence of actual confusion" that can be "believed by the trier of fact"). Second, even where offered for the truth of the matter, statements of confusion "are permissible under the 'state of mind' exception to the hearsay rule." *Lahoti*, 636 F.3d at 509; *Conversive*, 433 F. Supp. 2d at 1091 (collecting cases).

Because social media comments by consumers are non-hearsay and are admissible under Rule 803(3) when used to show the state of mind of the commenters, it is not necessary to limit the jury's consideration of the comments to the effect that they had on Stone or Mr. Koch's state of mind. Instead, such exhibits also are probative evidence of the state of mind of the members of the public who made the posts in question and the manner in which consumers have interacted with Stone and Keystone products on social media. The jury should be instructed that it may consider the posts for these purposes.

### 3. MillerCoors Agreed to Pre-Admit Many Social Media Exhibits

Admission is particularly appropriate because many of these social media exhibits were subject to a preadmission agreement under which MillerCoors waived hearsay objections and agreed that the social media posts are admissible for any purpose. Exhibits that MillerCoors agreed would be pre-admitted include PX2473, PX2468, PX3001 (with objections limited to one comment referencing the lawsuit and the dates of comments), PX3015 (with objections limited to playing the video portion and the dates of comments), and PX0711 (with objections limited to the dates of comments). Thus, there is no basis for MillerCoors to object to these exhibits on hearsay grounds.

The agreement is significant because MillerCoors intends to use similar social media evidence to argue that consumers have used STONE or STONES in the past to refer to Keystone. Stone agreed to the admission of many of these exhibits based on MillerCoors's reciprocal agreement regarding Stone's social media evidence. And during MillerCoors's examination of Joshua Wexelbaum, Stone did not object to admission of similar social media comments on hearsay grounds in keeping with the spirit of the preadmission agreement, even with respect to exhibits that were not specifically covered by the agreement. (3/11/2022 Morning Tr. at 105:23-115:22 (admitting third-party social media posts DX8940, DX6814, DX8943, DX6826, DX6835).) In the interest of fairness, whether or not the Court chooses to adopt the instruction proposed below, Stone respectfully requests that the jury be given identical limiting instructions with respect to any social media evidence by MillerCoors and by Stone.

### 4. A Modified Limiting Instruction is Necessary

To conform to the parties' agreement and permit the jury to draw appropriate inferences regarding relevant aspects of the social media posts, Stone respectfully requests that the limiting instruction regarding Stone's social media evidence should be modified as follows:

> Both parties have presented evidence of social media comments regarding Stone and Keystone products. You may not consider these comments for the truth of the matters asserted in them, except for comments that express the commenter's state of mind, which you may consider for their truth. You may also consider the comments to show the fact that the comments were made, to show notice to Plaintiff or Defendant, or to show any effect that the comments may have had on Plaintiff or Defendant.

This instruction will properly instruct the jury that it may not consider the social media comments for impermissible purposes, while permitting the jury to draw appropriate and relevant inferences from the social media evidence. Regardless of the specific instruction that the Court chooses to adopt, Stone respectfully requests that the jury be given the same limiting instructions for social media evidence presented by MillerCoors and by Stone.

Dated: March 16, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: s/ J. Noah Hagey
       J. Noah Hagey

*Attorneys for Plaintiff
Stone Brewing Co., LLC*