```
J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
    theodore@braunhagey.com
Forrest Arthur Hainline III, Esq. (SBN: 64166)
    hainline@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
    rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 599-0210

Douglas S. Curran, Esq. (*pro hac vice*)
    curran@braunhagey.com
BRAUNHAGEY & BORDEN LLP
7 Times Square, 27th Floor
New York, NY 10036
Telephone:  (646) 829-9403
Facsimile:  (646) 829-9403

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>MILLERCOORS LLC,<br><br>    Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-MDD<br><br>**PLAINTIFF STONE BREWING CO., LLC'S TRIAL BRIEF 10 RE: EXCLUSION OF DEFENDANT'S UNPRODUCED EXHIBITS DISCLOSED ON MARCH 21, 2022**<br><br>**Trial Date:** March 7, 2022<br>**Judge:**  Hon. Roger T. Benitez<br>**Ctrm:**  5A<br><br>Complaint filed: February 12, 2018 |

Case No. 18-cv-0331-BEN-MDD
PLAINTIFF STONE BREWING CO., LLC'S TRIAL BRIEF 10 RE: EXCLUSION OF
DEFENDANT'S UNPRODUCED EXHIBITS DISCLOSED ON MARCH 21, 2022

At 4 A.M. this morning, Defendant disclosed twenty new exhibits from its archive (or other historical sources) that it apparently plans to use in direct examination of its archivist, Heidi Harris. (*See* DX13018-13037.) For many of these exhibits, Defendant did not even provide images of the item, only a slip sheet stating "physical exhibits – no image available." Defendant also did not give Stone an opportunity to inspect these exhibits during the day.

Defendant has had four years to produce material from its archive for use in this case. It thwarted Stone's efforts to see the archive or the materials therein in person. (*See* ECF No. 250 at 11-12; ECF No. 409; ECF No. 440 at 7-9; 2/8/2022 Pre-Trial Conference Tr. at 39:8-40:2.) If Defendant intended to use these materials in its possession on examination of its witnesses, it should have disclosed them during discovery, not at 4 A.M. this morning – for a witness it had told Stone would go on today.

Stone raised this issue with Defendant's counsel at least five times today in an effort to resolve this matter without Court intervention. Despite promises that the matter would be dealt with, Defendant informed Stone at 7:45 P.M. this evening that it intends to use the materials. (Defendant now informs Stone that a handful of the exhibits were previously disclosed and linked them to prior exhibit numbers; Stone does not object to use of those.)

Defendant should not be permitted to inject new archival/historical materials in the midst of its intended testimony. DX13018-13037 should be excluded.

Dated: March 21, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ J. Noah Hagey*
      J. Noah Hagey

*Attorneys for Stone Brewing Co., LLC*