QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jonathan C. Bunge (IL Bar No. 6202603)
jonathanbunge@quinnemanuel.com
Daniel R. Lombard (IL Bar No. 6290071)
daniellombard@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

CROWELL & MORING LLP
Kent B. Goss (SBN 131499)
KGoss@crowell.com
Valerie M. Goo (SBN 187334)
VGoo@crowell.com
515 South Flower St., 40th Floor
Los Angeles, CA 90071 Telephone: 213.622.4750
Facsimile: 213.622.2690

Attorneys for Defendant
MILLERCOORS, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>    Plaintiff / Counterclaim Defendant,<br><br>    v.<br><br>MILLERCOORS LLC,<br><br>    Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-MDD<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S FEBRUARY 25, 2022 REPORT AND RECOMMENDATION** |

Defendant MillerCoors LLC respectfully submits this response to Plaintiff Stone Brewing Company's objections to the February 25, 2022 Report and Recommendation of Special Master Andrew J. Guilford. As explained below, the objections should be overruled in their entirety.

### A.   Instruction No. 39 (Willfulness)

Plaintiff wrongly argues (at 2-8) that the Special Master's recommended willfulness instruction "misstates governing Ninth Circuit law," citing a series of Ninth Circuit decisions that it contends support its proposed instruction that knowing use or willful blindness is sufficient to show a willful infringement of a trademark. But those cases are all readily distinguishable from the circumstances at issue here, and in fact support Defendant's position that willfulness requires a showing of intent to deceive.

The recommended instruction accurately reflects the governing precedent in the Ninth Circuit, *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993), which held that a showing of "intent to deceive" is required to establish willful infringement and equated willfulness with "'deliberate,' 'false,' 'misleading' or 'fraudulent' [] conduct." *See id.* at 1406. *Lindy Pen* remains binding law in the Ninth Circuit. *See, e.g.*, *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 441 (9th Cir. 2017) (stating recent amendments to Lanham Act did "not change the foundation of Ninth Circuit precedent—willfulness" and citing *Lindy Pen* in holding "plaintiff must show that the defendant's infringing acts were accompanied by some form of intent"); *San Miguel Pure Foods Co. v. Ramar Int'l Corp.*, 625 F. App'x 322, 324-25 (9th Cir. 2015) (stating that "[i]infringement is not willful if the party reasonably believes its usage of a trademark is not barred by law" and citing *Lindy Pen* for proposition that "[w]illful infringement carries a connotation of deliberate intent to deceive"); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2013) (citing *Lindy Pen* for same proposition).

Plaintiff attempts (at 7) to cast doubt on *Lindy Pen* by noting that it "predates the more recent Ninth Circuit authority." Yet Plaintiffs cannot identify any decisions that reject *Lindy Pen*'s key holding that willfulness requires intent—indeed, there are no such cases. And Plaintiff's suggestion (*id.*) that *Lindy Pin* does not establish "a heightened specific intent standard" cannot be squared with the decision itself, which first explained that "[w]illful infringement carries as connotation of deliberate intent to deceive," 982 F.2d at 1406, and then surveyed the case law across several circuits to confirm that such intent is required to prove willful trademark infringement, *see id.* (citing, *inter alia*, *Reader's Digest Ass'n, Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 807 (D.C. Cir. 1987), to show the D.C. Circuit "equates willful infringement with bad faith," and *Nalpac, Ltd. v. Corning Glass Works*, 784 F.2d 752, 755 (6th Cir. 1986), which upheld the denial of defendant's profits "where there was no deliberate intent to cause confusion"). Plaintiff further seizes on language in *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 944 F. Supp. 2d 830, 847 (C.D. Cal. 2012), discussing a supposed "lack of clarity in *Lindy Pen*." But Plaintiff omits to note that the court in that case ultimately rejected arguments that *Lindy Pen* did not place strict limits on proof of willfulness, ruling that "[p]laintiffs' broad interpretation cannot be squared with the language of *Lindy Pen*, which required some showing of intent." *Id.*

None of the cases on which Plaintiff relies (at 4-7) as support for its own proposed instruction hold otherwise. *Hokto Kinoko Co. v. Concord*, 738 F.3d 1085 (9th Cir. 2013), dealt not with willful infringement of a trademark, but rather with the intent factor for likelihood of confusion. *See id.* at 1095-96. In that context, the court noted that where an alleged infringer deliberately adopted a similar trademark, "courts will presume an intent to deceive." *Id.* Similarly, *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 434 (9th Cir. 2017), applied *Hokto Kinoko*, and, as in that case, addressed the standard for likelihood of consumer confusion, not the willfulness

standard for purposes of disgorgement.[1] And though *Fifty-Six Hope Music*, 778 F.3d 1059, did involve willfulness, it reaffirmed that "[w]illful infringement carries a connotation of deliberate intent to deceive," and that a finding of willfulness "require[s] a connection between a defendant's awareness of its competitors and its actions at those competitors' expense." *Id.* at 1073-74.

Plaintiff fares no better in resorting (at 4) to unpublished, nonprecedential Ninth Circuit decisions. *Nat'l Products Inc. v. Arkon Resources, Inc.*, 773 F. App'x 377, 378 (9th Cir. 2019), cited the willful blindness standard for knowing inducement of patent infringement under 35 U.S.C. § 271(b), without any discussion or explanation of precedential Ninth Circuit decisions on willful trademark infringement. *See id.* at 378. And though *ACT 898 Products, Inc. v. WS Industries, Inc.*, 774 F. App'x 1012, 1014 (9th Cir. 2019), noted that the plaintiffs there had argued a willful blindness theory, it affirmed a jury verdict against plaintiffs based on statute of limitations without addressing, let alone endorsing, a willful blindness theory for disgorgement of defendant's profits. *See id.* at 1014.

Plaintiff's reliance on district court decisions addressing the willfulness exception to the laches defense (at 5) is also misplaced and in all events provides no basis to disregard the Ninth Circuit's governing willfulness decisions. In *Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180 (N.D. Cal. 2015), the plaintiff maintained that wrongful intent should be inferred where the defendant had "knowledge of plaintiff's mark and just happened to choose a mark confusingly similar to plaintiff's mark." *Id.* at 1196. The court rejected this argument, finding that it shows "at most only infringement, not willful infringement," which required "wrongful intent." *Id.* at

---

[1] Plaintiff misleadingly states (at 4 n.1) that "[t]he Ninth Circuit has noted the overlap between the 'intent' prong of the Sleekcraft confusion standard and willfulness." As the language from *Stone Creek* that Plaintiff quotes makes clear, the Ninth Circuit simply noted (in dicta) that certain "*factual findings*" as to the intent factor "*may* be relevant to willfulness," 875 F.3d at 442; it did not suggest that the legal standards for the intent factor and willfulness overlap.

1195-96. Similarly, in *Bikila v. Vibram USA Inc.*, 218 F. Supp. 3d 1206 (W.D. Wash. 2016), the court rejected the plaintiff's argument that willfulness could be demonstrated from mere indifference or willful blindness, instead accepting defendants' argument that "fraudulent intent" must be shown to establish willful infringement. *See id.* at 1212. And in *FLIR Systems, Inc. v. Sierra Media, Inc.*, 965 F. Supp. 2d 1184 (D. Or. 2013), the court made clear that intent was required to establish willfulness, noting that "the evidence is insufficient to demonstrate that [defendant] engaged in conduct with knowledge that it constituted trademark infringement," and that plaintiffs could "show at most only infringement, not willful infringement." *Id.* at 1210.[2]

For all these reasons, the recommended willfulness instruction properly reflects governing Ninth Circuit law, and Plaintiff's objections should be overruled.

**B.    Instruction No. 46 (Lost Profit Damages)**

The Court should also overrule Plaintiff's objections to the lost profits instruction and, if the jury is instructed on lost profits, give the Special Master's recommended instruction, not the one now proposed by Plaintiff.

*First*, contrary to Plaintiff's argument (at 10-11), the inclusion of the word "alternatively" in the lost profits instruction appropriately reflects that Plaintiff may not recover twice for the same sale of any infringing product. For example, if the jury were to award Plaintiff reasonable royalties for particular sales, it could not also award any profits that Plaintiff lost from those sales. Similarly, if the jury were to award corrective advertising damages, it could not also award Plaintiff future lost profits or reasonable royalties for future sales. The word "alternatively" thus helps avoid an impermissible award of duplicative damages.

---

[2] Nor, contrary to Plaintiff's suggestion (at 4-5), is there any reason for the Court to look to the Copyright Act or "background principles of common law" when the Ninth Circuit has directly addressed the standard for willful infringement under the Lanham Act itself.

-5-

*Second*, Plaintiff wrongly seeks (at 11) to remove language about whether Plaintiff has proved that it is "entitled" to recover damages.  Read in context, the instruction simply conveys that the jury should consider Plaintiff's alleged lost profits in determining whether an award of actual damages is warranted.  Contrary to Plaintiff's suggestion, a finding of liability does not "entitle" it to actual damages in the form of lost profits or otherwise; Plaintiff must still prove by a preponderance of the evidence "any lost profits that [it] would have earned but for Defendant's alleged infringement."  The recommended instruction rightly states that.

*Third*, Plaintiff wrongly asserts (at 11) that the final sentence "endorse[s]" the theory that any lost profits were caused by market factors; that sentence simply indicates what the jury should do *if* it finds that any "loss in sales was caused by other market factors and not as a result of Defendant's alleged infringement."

*Finally*, in addition to the foregoing, Defendant objects to Plaintiff's modified instruction to the extent it refers (at 11) to "Defendant's infringement" instead of "Defendant's alleged infringement," and includes the registered trademark symbol—both of which are unduly prejudicial to Defendant.

## CONCLUSION

For all the reasons set forth herein, Defendant respectfully requests that the Court overrule Plaintiff's objections to the Special Master's report and recommendation.

Dated: March 23, 2022     Quinn Emanuel Urquhart & Sullivan LLP

*/s/ Daniel R. Lombard*
Quinn Emanuel Urquhart & Sullivan LLP
Daniel R. Lombard (IL Bar No. 6290071
daniellombard@quinnemanuel.com
Jonathan C. Bunge (IL Bar No. 6202603)
jonathanbunge@quinnemanuel.com
191 N Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Tel:(312) 705-7402

CROWELL & MORING LLP
Kent B. Goss (SBN 131499)
kgoss@crowell.com
Valerie M. Goo (SBN 187334)
vgoo@crowell.com
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Tel: 213-622-4750

*Attorneys for Defendant*
*MILLERCOORS, LLC*