J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Forrest Arthur Hainline III, Esq. (SBN: 64166)
  hainline@braunhagey.com
J. Tobias Rowe, Esq. (SBN: 305596)
  rowe@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone:  (415) 599-0210
Facsimile:  (415) 599-0210

Douglas S. Curran, Esq. (*pro hac vice*)
  curran@braunhagey.com
BRAUNHAGEY & BORDEN LLP
7 Times Square, 27th Floor
New York, NY 10036
Telephone:  (646) 829-9403
Facsimile:  (646) 829-9403

ATTORNEYS FOR PLAINTIFF
STONE BREWING CO., LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC,<br><br>  Plaintiff / Counterclaim Defendant,<br><br>  v.<br><br>MILLERCOORS LLC,<br><br>  Defendant / Counterclaim Plaintiff. | Case No: 18-cv-0331-BEN-MDD<br><br>**PLAINTIFF STONE BREWING CO., LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**Trial Date:** March 7, 2022<br>**Judge:**   Hon. Roger T. Benitez<br>**Ctrm:**     5A<br><br>Complaint filed: February 12, 2018 |

As stated in Court, Stone moves for judgment as a matter of law under Rule 50(a) and will file its full briefing according to a schedule to be agreed between the Parties and the Court.  In the interim, Stone files this initial brief in support of its Motion and will supplement it more fully according to the agreed upon schedule.

The Court should grant judgment as a matter of law on several issues as to which there is no reasonable dispute following the conclusion of MillerCoors's case. "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Santos v. Gates*, 287 F.3d 846, 851 (9th Cir. 2002).  For the reasons set forth below, no reasonable juror could find for MillerCoors regarding notice of Stone's trademark registration, prior use, or the role of MillerCoors's design agencies as legal agents of MillerCoors.

### A.   MillerCoors Had Notice of Stone's Trademark Registration

It is beyond dispute that MillerCoors had notice of Stone's trademark registration.  Under the Lanham Act, damages are available against an infringer who had notice of Plaintiff's trademark.  There are two ways to provide notice.  First, "a registrant of a mark registered in the Patent and Trademark Office, may give notice that his mark is registered by displaying with the mark the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed within a circle, thus ®." 15 U.S.C. § 1111.  Alternatively, a registrant who does not display the ® symbol may recover damages against an infringer if the infringer had actual notice. *Id*.

The evidence at trial establishes that Stone used the ® symbol on its STONE® beers prior to the infringement at issue. (*See, e.g.,* 3/8 AM Tr. at 47:10-13.) MillerCoors also had actual notice of Stone's registration, as demonstrated by the fact that MillerCoors's application to register STONES was rejected based on likelihood of confusion with the STONE® registration. (PX2589; 3/11 AM Tr. 69:12-85:16 (testimony by Hattersley acknowledging MillerCoors was aware of the

2007 Office Action). MillerCoors also knew of Stone's registration as a result of the 2010 dispute over MillerCoors's abandoned application to register HOLD MY STONES. (3/11 PM Tr. at 105:20-105:25; PX2588.) Thus, statutory notice to MillerCoors is conclusively established as a matter of law pursuant to 15 U.S.C. § 1111.

### B. MillerCoors Failed to Present Evidence of Prior Use or Tacking

MillerCoors also fails to carry its burden of presenting sufficient evidence of prior use. Because Stone owns an incontestable trademark registration, MillerCoors faces a high bar to prove priority. As set forth in the Jury Instructions:

> To overcome the presumption of validity and ownership established by Plaintiff's incontestable registration of the STONE® trademark with the U.S. Patent and Trademark Office, Defendant must prove the following:
>
> 1. That Defendant adopted and used "STONE" as a trademark to identify the source of origin of its Keystone beer prior to April 4, 1996, and has done so continuously to the present;
>
> 2. That Defendant's current use of "STONE" is indistinguishable from any claimed historical uses of "STONE" on which Defendant relies, creates the same continuing commercial impression, and does not materially differ from or alter the character of the claimed prior uses of "STONE"

No reasonable jury could find that MillerCoors has met these requirements. MillerCoors failed to establish that its alleged historical packaging using STONE or STONES actually was released into market prior to April 4, 1996, the date of Stone's trademark application. As a result, Stone has nationwide priority over MillerCoors as a matter of law beginning on its application date. *See* 15 U.S.C. § 1057(c). Maria Stipp, who worked for Miller and competed with Coors in the beer industry during the time period, testified that the Keystone 30 pack first was released in 1997. (3/16

PM Tr. 96:11-99:11.)  MillerCoors witnesses admitted that the alleged historical artwork for Keystone Light 30 packs using STONE and STONES from the 1990s were missing signatures for approvals to be released into market.  (3/8 AM Tr. 106:8-113:21 (testimony by Hattersley that the alleged 1995 Keystone artwork using STONES was missing approval signatures, while other artwork without STONES that had approval signatures).  And email correspondence from MillerCoors's counsel in 2010 stated that MillerCoors could not confirm that any Keystone Light 30 packs were released into market in 1996.  (3/22 AM Tr. 125:13-126:4; PX3592.)  This lack of evidence of prior use as a trademark is fatal to MillerCoors's priority claim.

Any alleged past use by MillerCoors was inconsistent and insufficient to establish prior trademark rights in STONE or STONES.  MillerCoors's own archival "expert" and corporate representative witness testified that the impression created by prior Keystone packaging from the Coors archive is "distinguishable" from the impression created by the rebranded Keystone product.  (3/22 AM Tr. at 114:23-118:10.)  Other evidence confirmed that MillerCoors's Keystone branding was "consistently inconsistent," in MillerCoors's own words.  (3/8 PM Tr. at 64:4-65:8; PX0160.)  This lack of consistency defeats MillerCoors's priority claim because it prevents MillerCoors from "tacking" priority rights from its alleged past uses. *Brookfield Communications v. West Coast Entertainment*, 174 F. 3d 1036, 1048 (9th Cir. 1999) ("The standard for tacking ... is exceedingly strict: The marks must create the same, continuing commercial impression, and the later mark should not materially differ from or alter the character of the mark attempted to be tacked." (emphasis in original)); *One Industries, LLC v. Jim O'Neal Distributing, Inc.*, 578 F.3d 1154, 1160 (9th Cir.2009) (same).

MillerCoors cannot establish prior use, and the Court should grant judgment as a matter of law in favor of Stone as to priority.

### C. MillerCoors's Agencies for the Rebrand Were Legal Agents of MillerCoors

It is also beyond dispute that MillerCoors's "agencies of record" for the Keystone Rebrand were legal agents of MillerCoors. "For an agency relationship to exist, an agent must have authority to act on behalf of the principal and '[t]he person represented [must have] a right to control the actions of the agent.'" *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (quoting Restatement (Third) Of Agency § 1.01 (Am. Law Inst. 2006)). MillerCoors's agencies easily meet this standard. Grace Needleman, a Keystone Brand Team member, explained at length and in substantial detail under oath in this case that Mekanism personnel were effectively employees of MillerCoors who "functioned as the design arm of [MillerCoors's] Keystone brand team." (See Decl. of Grace Needleman, PX5007.) According to MillerCoors itself, agency personnel at Mekanism were "directed and supervised by the [in-house] Keystone brand team" and "worked hand-in-hand with the brand team on the communications strategy for Keystone, communicating on an almost daily basis by phone, e-mail, or in person." (Id.). This is sufficient to establish agency as a matter of law with respect to Mekanism, and with respect to other design agencies who shared the same relationship.

### CONCLUSION

For the foregoing reasons, the Court should grant judgment as a matter of law pursuant to FRCP 50 as to MillerCoors's notice of Stone's trademark registration, MillerCoors's lack of prior use, and the status of Mekanism and other MillerCoors design agencies as legal agents of MillerCoors.

Dated: March 23, 2022

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: s/ J. Noah Hagey
    J. Noah Hagey

*Attorneys for Plaintiff*

*Stone Brewing Co., LLC*