**FILED**

JUL 2 9 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STONE BREWING CO., LLC, | Case No.: 3:18-cv-00331-BEN-MDD |
| Plaintiff, | **ORDER ON MOTIONS FOR:**<br>**(1) TREBLE DAMAGES**<br>**(2) ATTORNEYS' FEES**<br>**(3) DISGORGEMENT OF PROFITS** |
| vs. | |
| MILLERCOORS LLC, | |
| Defendant. | **[ECF Nos. 642, 654]** |

I.      **Background**

Following trial, the jury awarded Stone $56 million after finding MillerCoors infringed on Stone's STONE trademark.  Verdict, ECF No. 625.  Before the Court are Plaintiff Stone Brewing Co. LLC's ("Stone") Motion for Treble Damages, Motion for Attorney's Fees and Costs, and Motion for Disgorgement of Defendant MillerCoors's Profits.  ECF Nos. 642, 654 Defendant MillerCoors opposes the motions.  For the reasons set forth below, the Court DENIES the motions.

1

## II.    Legal Standards

### A.    Treble Damages and Disgorgement of Profits

Under 15 U.S.C. § 1117(a), a prevailing party, subject to the principles of equity, may recover (1) the infringing party's profits, (2) damages sustained by the injured party, and (3) the costs of the action. "Principles of equity" as used in §1117 refers to "fundamental rules that apply more systematically across claims and practice areas," and include consideration of the defendant's mental state. *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 2497 (2020). "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." 15 U.S.C. § 1117(a). The increased monetary award must have a remedial or compensatory purpose and must not be punitive in nature. *Id.*; *see also SkyDive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1114 (9th Cir. 2012).

### B.    Attorney's Fees

In "exceptional cases," the Court "may award reasonable attorney's fees to the prevailing party." 15 U.S.C. § 1117(a). Courts examine whether a case is "exceptional" under a "totality of the circumstances test." *SunEarth, Inc.*, 839 F.3d at 1180 (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). The Court must evaluate a "nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" in exercising its discretion to award fees. *Id.* (quoting *Octane Fitness*) (internal quotations omitted).

## III.   Analysis

### A.    Treble Damages and Disgorgement of Profits

As a threshold matter, the Court notes that the jury found MillerCoors did not willfully infringe on Stone's trademark. Verdict, ECF No. 625. While willfulness is no

2

1  longer a prerequisite to a court ordering disgorgement of profits (*Romag*, 140 S. Ct. at
2  1497; *Harbor Breeze v. Newport Landing Sportfishing*, 28 F.4th 35, 38 (9th Cir. 2022)),
3  an infringer's mental state is a "highly important consideration in determining whether an
4  award of profits is appropriate." *Harbor Breeze*, at 38. While not dispositive, the Court
5  affords substantial weight to the jury's finding that MillerCoors did not willfully infringe
6  on Stone's trademark.

7        Coupled with the jury's finding, the Court finds the totality of circumstances do
8  not support disgorgement of profits in this case, either from before or after the verdict.
9  Stone argues the jury's verdict is somehow consistent with MillerCoors acting with a
10  knowing disregard of Stone's trademark rights. Pl.'s Reply, ECF No. 698 at 9. Even if
11  this Court were to split hairs in the way Stone argues, comparing willfulness and
12  knowing indifference, the evidence presented does not support this conclusion. The
13  jury's finding of infringement, but not willfulness, logically follows the evidence
14  presented that while the "Own the Stone" campaign and 2017 Keystone Light refresh
15  may have led to a likelihood of consumer confusion, MillerCoors was not attempting to
16  use Stone's name to sell its own beer and had a good faith belief that its product was not
17  infringing on Stone's "STONE" trademark. This is not deliberate indifference, but rather
18  a mistaken belief that it was advertising and selling a non-infringing product.

19        Other factors to consider in a disgorgement of profits analysis are deterrence,
20  fairness, availability of adequate remedies at law, and irreparable harm. *Monster Energy*
21  *Co. v. Integrated Supply Network, LLC*, 533 F. Supp. 3d 928, 933-34 (C.D. Cal. 2021).
22  All factors favor MillerCoors. The Court agrees with MillerCoors that this is not a
23  typical infringement case where the infringer is selling a counterfeit product or
24  attempting to pass off its own product as that of another. Any deterrent effect is minimal
25  as MillerCoors has already committed to updating the infringing packaging. ECF No.
26  652-1. Stone's request for disgorgement of profits is based on speculation from its
27  experts that any uptick in Keystone Light sales must have been at the expense of Stone.
28  Pl.'s Mot, ECF No. 654-1, 23-27. However, the empirical evidence in the form of

1  Nielsen data specifically cuts against this.  DX6534; 6537; 6575; 8491.  While Stone
2  argues allowing MillerCoors to keep these profits would amount to unjust enrichment,
3  the opposite is also true.  Stone would be reaping a windfall of sales of Keystone Light
4  beer that, based on the evidence, never would have gone to Stone.  The Court also finds
5  that Stone had an adequate remedy at law in that it presented its lost profits case to the
6  jury and the jury was able to take that into consideration in its damages calculation.  Any
7  one of the above-mentioned factors are not dispositive, but when considered as a whole,
8  disgorgement of profits is not supported by the evidence.
9       The Court also finds the awarded damages should not be trebled.  As discussed,
10  this is not a case where the infringing party acted willfully.  Stone argues it suffered
11  "genuine, intangible harms that could not be calculated or addressed in damages
12  calculations at trial."  ECF No. 698 at 14.  The Court rejects this rationale in its decision
13  to not award treble damages.  Stone had ample opportunity at trial to present its theory of
14  damages to the jury.  Having considered the entirety of Stone's case, the jury awarded
15  $56 million.  Stone's proffered evidence regarding loss of market share and loss of points
16  of distribution are correlated with Keystone Light's refresh, but there is scant evidence of
17  causation, especially in light of the other factors (many more players in the craft beer
18  market, craft beer's stagnation as a whole) that are much more likely the cause of the
19  losses Stone claims, as well as the Nielsen surveys indicating no Stone-to-Keystone or
20  Keystone-to-Stone customers.  This is not a case where the damages are hard to quantify,
21  as Stone argues, but rather one where the evidence simply fails to prove a higher damages
22  award is appropriate.  To the extent, if any, that there is intangible harm, the jury award is
23  adequate compensation for the damages Stone suffered from MillerCoors' actions in this
24  case.  Coupled with the lack of willfulness by MillerCoors, this case does not warrant
25  trebling of damages.  Stone's motion for disgorgement of profits and treble damages is
26  denied.
27
28

4

## B. Attorneys' Fees

Section 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Here, Stone is the prevailing party. The jury found MillerCoors liable for trademark infringement and awarded Stone $56 million in damages. This Court also denied MillerCoors's motion for judgment as a matter of law and motion for entry of judgment on affirmative defenses. ECF No. 710. Even though Stone is the prevailing party in this case, the Court finds awarding attorney fees is not warranted, as this is not an "exceptional case."

Even in a case where a non-prevailing party failed to produce any evidence, the Ninth Circuit has upheld a finding the case was not exceptional and denied attorney's fees because it found the case was not frivolous and raised debatable issues. *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007). Regarding the frivolousness, motivation, and objective unreasonableness factors the Court must consider, the Court finds MillerCoors's defenses were not frivolous, and the evidence presented to the jury very likely could have convinced them that trademark infringement did not occur in this case. The Court previously highlighted the Nielsen reports, but MillerCoors also presented a variety of evidence including their own confusion survey, a host of Keystone Light packaging and advertising throughout the existence of Keystone Beer tending to show prior use, as well as evidence that Stone Brewing Company products were not the target of their refreshed ad campaign for Keystone Light. While the jury ultimately found Stone's evidence more compelling on these fronts, it does not take away from the reasonableness and good faith with which it was presented.

Regarding the need to advance "considerations of compensation and deterrence," the Court finds this factor also weighs against awarding attorneys' fees. There is no conduct to deter here. MillerCoors believed it was not infringing on Stone's trademark, presented its case to the jury, and ultimately lost. Following the verdict, MillerCoors undertook an extensive rebranding and repackaging of the Keystone Light product that the jury found to be infringing. ECF No. 653-1. Stone argues that MillerCoors's hiring

1 | three premier law firms is somehow evidence of this being an exceptional case. Pl.'s
2 | Reply, ECF No. 699 at 14. This Court is not prepared to find a litigant's selection of law
3 | firm(s) a factor that makes a case exceptional for purposes of attorneys' fees. Stone also
4 | points to the "scorched earth" nature of MillerCoors' litigation strategy, while ignoring
5 | the role Stone themselves played in fostering a contentious litigation environment. While
6 | this case was well litigated by both parties, it certainly was one of the most fiercely
7 | contested cases the Court has seen in many years.

8 | But, the Court finds Stone as responsible for this as MillerCoors. For example,
9 | Stone again highlights in its reply that MillerCoors's late notice of witness Scott Whitley
10 | was in bad faith. *Id.* at 13. But this Court already found that the late disclosure of Mr.
11 | Whitley was not in bad faith and the factual circumstances that led to his discovery and
12 | notice to Stone were justified. ECF No. 533 at 2. The Court then allowed Stone to
13 | depose Mr. Whitley. Even after this deposition, Stone moved to exclude his testimony on
14 | the basis of late disclosure, despite having ample time to depose and prepare for trial.

15 | Before the Special Master was appointed in this case to handle jury instructions,
16 | certain exhibits, and deposition excerpts, Stone previously moved for and was denied a
17 | Special Master to address certain discovery matters. ECF No. 482. In addressing Stone's
18 | attempt to relitigate already decided matters, the Court stated:

> [T]he Court finds the disputed discovery matters raised by Stone were
> previously litigated. *See* ECF Nos. 250, 283, 284, 360, 363, 408, 409, 440. In
> the absence of being able to demonstrate an actual need for a special master,
> Stone's motion appears to be focused on relitigating discovery matters already
> decided. Stone had the chance to seek reconsideration of the initial rulings on
> these matters. Appointing a special master now would seem to be opening up
> an unorthodox avenue for re-visiting discovery rulings while avoiding the
> usual hurdles of untimely reconsideration motions. See *Valley Forge*
> *Insurance Co. v. Hartford Iron & Metal, Inc.*, 2017 WL 365630, at *3 (N.D.
> Ind. Jan. 25, 2017). Here, discovery has been closed for two years and the
> parties are preparing for a trial that commences in just over six weeks.

27 | *Id.* at 3. If Stone wants to spend time relitigating matters this Court has already decided,
28 | that falls on Stone. It does not make this case "exceptional," and the costs should not fall

on MillerCoors.  Based on the totality of the circumstances, this Court does not find this to be an exceptional case that warrants awarding attorneys' fees to the prevailing party. Accordingly, Stone's motion for attorneys' fees is denied.

## IV.   Conclusion

For the reasons set forth above, Plaintiff's Motions for Disgorgement of Profits, Trebling of Damages, and Attorneys' Fees are denied.

**IT IS SO ORDERED.**

DATED: July 29, 2022

**HON. ROGER T. BENITEZ**
United States District Judge

7